**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO. 1:19-cv-24539-FAM**

HAPPY TAX FRANCHISING, LLC, a
Florida limited liability company,

    Plaintiff,

v.

THE J L HILL GROUP, LLC, a Nevada
limited liability company and JAMEY
HILL, individually,

    Defendants.

## ANSWER AND DEFENSES

Defendants JL Hill Group LLC and Jamey Hill, through counsel, respond to the plaintiff's complaint [DE 1-2] as follows:

1. The defendants admit that plaintiff purports to assert a breach of contract claim, but deny the remaining allegations in paragraph 1.

2. The defendants admit the allegations in paragraph 2.

3. The defendants admit that The JL Hill Group LLC is a Nevada limited liability company, whose sole member is defendant Jamey Hill.

4. The defendants admit that Jamey Hill is the sole member of the defendant The JL Hill Group LLC, but deny the remaining allegation in paragraph 4.

5. The defendants admit that this Court has subject-matter jurisdiction over this action and that plaintiff purports to sue for $224,000, but defendants deny that they owe the plaintiff any money.

6. The defendants admit that venue is proper in this Court.

7. The defendants admit that the plaintiff and defendant The JL Hill Group LLC entered into a franchise agreement on or about September 28, 2015, which was superseded by a franchise agreement executed by the respective parties on or about June 13, 2018, and modified by addendum executed on or about August 13, 2018. The defendants deny the remainder of the allegations in paragraph 7 as the express terms of the superseded franchise agreement control its meaning and content.

8. The defendants deny the allegations in paragraph 8 as the express terms of superseded franchise agreement control its meaning and content.

9. The defendants deny the allegations in paragraph 9 as the express terms of the superseded franchise agreement control its meaning and content.

10. The defendants admit that the plaintiff and defendant The J L Hill Group LLC entered into an area representative franchise agreement on or about July 13, 2017, and that the plaintiff attached a copy of that agreement to its complaint as Exhibit 1. The defendants deny the remaining allegations in paragraph 10 as the express terms of the area representative franchise agreement control its meaning and content.

11. The defendants deny the allegations in paragraph 11 as the express terms of area representative franchise agreement control its meaning and content.

12. The defendants deny the allegations in paragraph 12 as the express terms of area representative franchise agreement control its meaning and content.

13. The defendants admit that defendant The J L Hill Group LLC executed a promissory note on or about July 13, 2017, but deny the remaining allegations in paragraph 13 as the express terms of the promissory note control its meaning and content.

14. The defendants deny the allegations in paragraph 14 as the express terms of the

promissory note control its meaning and content.

15. The defendants admit that the plaintiff and The JL Hill Group LLC executed a franchise agreement on or about August 13, 2018 and that the plaintiff attached a copy of that franchise agreement to its complaint as Exhibit 2. The defendants deny the remaining allegations in paragraph 15 as the express terms of the franchise agreement controls its meaning and content.

16. The defendants deny the allegations in paragraph 16 as the express terms of the franchise agreement control its meaning and content.

17. The defendants deny the allegations in paragraph 17 as the express terms of the franchise agreement control its meaning and content.

18. The defendants deny the allegations in paragraph 18 as the express terms of the franchise agreement control its meaning and content.

19. The defendants admit that the plaintiff and The JL Hill Group LLC executed an amendment agreement on or about September 5, 2018, and that the plaintiff attached a copy of that amendment agreement to its complaint as Exhibit 3.

20. The defendants deny the allegations in paragraph 20.

21. The defendants deny the allegations in paragraph 21 as the express terms of the amendment agreement controls its meaning and content.

22. The defendants deny the allegations in paragraph 22.

23. The defendants deny the allegations in paragraph 23.

24. The defendants admit that the plaintiff's counsel sent the The JL Hill Group LLC a letter dated September 17, 2019, but deny the remaining allegations contained in paragraph 24 as the letter's express terms control its meaning and content.

25. The defendants admit that the JL Hill Group LLC did not pay the plaintiff $224,000, but deny that the JL Hill Group LLC owed the plaintiff any money. The defendants deny the remaining allegations in paragraph 25.

26. The defendants have no knowledge of the plaintiff's arrangements with its counsel and deny the allegations in paragraph 26 accordingly.

27. The defendants deny the allegations in paragraph 27. Specifically, no default has occurred under the express terms of the amended promissory note or the "parties' agreement", and no cause of action for breach of contract has accrued. The defendant The JL Hill Group LLC did not "admit in writing its inability to pay its debts as they mature" as paragraph 6(i) of the promissory note requires. The JL Hill Group LLC did not "fail to make any payment due" as paragraph 6(ii) of the promissory note requires, as no payment is due under the promissory note, as amended, until April 15, 2020. Further, the defendant The JL Hill Group LLC did not "state that effective July 5, 2019 [The JL Hill Group LLC] was unilaterally terminating" the August 13, 2019 franchise agreement or the July 13, 2017 area representative franchise agreement or that the JL Hill Group LLC "would not be paying the sums due under the" July 13, 2017 promissory note, as amended on September 5, 2018.

28. The defendants incorporate their responses in paragraphs 1 through 27, above, as if restated fully here. The defendants admit that the plaintiff purports to assert a breach of promissory note claim against the JL Hill Group LLC, but deny that any such claim has accrued or is otherwise appropriate.

29. The defendants admit that the plaintiff and The JL Hill Group LLC executed an area representative franchise agreement on or about July 13, 2017, but deny the remaining allegations in paragraph 29 as the express terms of the area franchise agreement control its

meaning and content.

30. The defendants deny the allegations in paragraph 30 as the area representative franchise agreement control its meaning and content.

31. The defendants admit that defendant The J L Hill Group LLC executed a promissory note on or about July 13, 2017, but deny the remaining allegations in paragraph 31 as the express terms of the promissory note control its meaning and content.

32. The defendants admit that the plaintiff and The JL Hill Group LLC executed an amendment agreement on or about September 5, 2018, but deny the remaining allegations in paragraph 32 as the express terms of the amendment agreement control its meaning and content.

33. The defendants deny the allegations in paragraph 33.

34. The defendants admit that the JL Hill Group LLC did not pay the plaintiff $224,000, but deny that the JL Hill Group LLC owed the plaintiff any money, and deny the remaining allegations in paragraph 34.

35. The defendants deny the allegations in paragraph 35.

36. The defendants admit that on or about July 28, 2015, the plaintiff and The JL Hill Group LLC executed a franchise agreement, which was superseded by a franchise agreement executed by the respective parties on or about June 13, 2018, and modified by addendum executed on or about August 13, 2018but deny the remaining allegations in paragraph 36.

37. The defendants deny the allegations in paragraph 37 as the express terms of the superseded franchise agreement control its meaning and content.

38. The defendants deny the allegations in paragraph 38 as the express terms of a superseded franchise agreement control its meaning and content.

39. The defendants admit that the plaintiff and The JL Hill Group LLC executed an

area representative franchise agreement on or about July 13, 2017, but deny the remaining allegations in paragraph 39 as the express terms of the area franchise agreement control its meaning and content.

40. The defendants deny the allegations in paragraph 40 as the express terms of the area representative franchise agreement control its meaning and content.

41. The defendants admit that defendant The J L Hill Group LLC executed a promissory note on or about July 13, 2017, but deny the remaining allegations in paragraph 41 as the express terms of the promissory note and the area representative franchise agreement control their respective meanings and contents.

42. The defendants admit that the plaintiff and The JL Hill Group LLC executed an amendment agreement on or about September 5, 2018, but deny the remaining allegations in paragraph 42 as the express terms of the amendment agreement control its meaning and content.

43. The defendants deny the allegations in paragraph 43.

44. The defendants admit that the JL Hill Group LLC and Jamey Hill did not pay the plaintiff $224,000, but deny that the JL Hill Group LLC or Jamey Hill owed the plaintiff any money, and deny the remaining allegations in paragraph 44.

45. The defendants deny the allegations in paragraph 45.

## **DEFENSES**

### First Defense

The plaintiff has failed to state a claim upon which relief can be granted, as no breach of any promissory note occurred and no cause of action for breach of promissory note accrued.

### Second Defense

The plaintiff has failed to state a claim upon which relief can be granted, as no breach of

any guaranty occurred and no cause of action for breach of guaranty accrued.

### Third Defense

Defendant JL Hill Group LLC executed the July 13, 2017 promissory note in exchange for a valid, legally-compliant area representative franchise.  Plaintiff offered and sold to the JL Hill Group an area representative franchise in violation of the FTC Franchise Rule, 16 C.F.R. Part 436, such that the defendant JL Hill Group LLC was prohibited from selling franchises within the area that it had purchased from the plaintiff.  As such, the consideration for the promissory note failed as the area representative franchise is worthless.

### Fourth Defense

The plaintiff made false statements of material fact in the franchise disclosure documents that plaintiff delivered to the defendants before The JL Hill Group LLC purchased a franchise and an area representative franchise.  The plaintiff knew or should have known those statements were false.  The plaintiff intended to induce the defendants to act in reliance on the false statements.  In reliance on the plaintiff's false statements, the defendants paid the plaintiff large sums of money in cash and executed a promissory note in the plaintiff's favor.  The defendants suffered actual injury and damages as result of their reliance on the plaintiff's false statements that far exceed any amount of money that the defendants may owe to the plaintiff.

### Fifth Defense

The plaintiff misrepresented the prospects or chances for success of a franchise and an area representative franchise.  The defendants relied on the plaintiff's misrepresentations to their detriment.  The defendants suffered actual damages as a result of their reliance on the plaintiff's misrepresentations.  As such, the defendants' franchise agreement, the area representative franchise agreement, the promissory note and amendment agreement are rescinded pursuant to

Section 817.416, Florida Statutes.

<u>Sixth Defense</u>

Plaintiff offered and sold to the JL Hill Group a franchise and an area representative franchise in violation of the FTC Franchise Rule, 16 C.F.R. Part 436, by making false statements in or omitting material information required to be disclosed in franchise disclosure documents. Making false statements in a franchise disclosure document or omitting material information required to be disclosed is likely to deceive a consumer acting reasonably. The defendants suffered damages as a direct and proximate result of the plaintiff's making false statements in franchise disclosure documents and omitting material information required to be disclosed, for which the plaintiff is responsible pursuant to Section 501.201 *et seq.*, Florida Statutes.

The defendants retained Shutts & Bowen LLP as their legal counsel and have agreed to pay counsel a reasonable fee for their services, for which the plaintiff is responsible to pay.

The defendants demand a jury trial on all issues so triable.

WHEREFORE, the defendants demand judgment against the plaintiff as follows:

   A.   Ruling that plaintiff shall take nothing on its complaint against the defendants, and will go forth without day;

   B.   Awarding the defendants compensatory and punitive damages in amounts to be proven at trial;

   C.   Awarding the defendants their costs and attorneys' fees as against the plaintiff; and,

   D.   Providing such other and further relief that the Court deems appropriate.

>/s/ *Lonnie L. Simpson*
>Lonnie L. Simpson, Esq., FBN 821871
>lsimpson@shutts.com
>Kasey Feltner, Esq., FBN 1003643
>kfeltner@shutts.com
>**SHUTTS & BOWEN LLP**
>4301 W. Boy Scout Blvd., Suite 300
>Tampa, Florida 33607
>Telephone:  (813) 229-8900
>Facsimile:   (813) 229-8901
>*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on November 13, 2019, I electronically filed Defendants' Answer, Defenses and Counterclaim with the Clerk of the Court via CM/ECF which will send an electronic notice to counsel for the plaintiff, Jeffrey M. Berman, Esq., 1722 Sheridan Street No. 225, Hollywood, Florida 33020, jeff@jmbermanlaw.com, telephone: (305) 834-4150.

>/s/  Lonnie L. Simpson
>ATTORNEY