**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 1:19-cv-24539-FAM**

HAPPY TAX FRANCHISING, LLC and
MARIO COSTANZ,

    Plaintiffs,

v.

JAMEY HILL, THE J.L. HILL GROUP, LLC,
TRICIA DRAGO, BANYAN ACCOUNTING,
LLC, JOHNNIE JEMEL MAINER-SMITH,
BOTTOM LINE TAX SERVICE LLC, SEAN
MCDONALD, CHAD GREENE, MELISSA
SALYER and RANDALL PEVIN,

    Defendants.

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED**
**COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

    Defendants Jamey Hill, The JL Hill Group, LLC, Tricia Drago, Banyan Accounting, LLC and Sean McDonald, by counsel and pursuant to Rules 8(a), 10(b) and 12(b)(1) and (6), Federal Rules of Civil Procedure, move the Court to dismiss the plaintiffs' first amended complaint [DE 17] as follows:

    1.    The plaintiffs have failed to allege any facts that establish this Court's subject matter jurisdiction over the plaintiffs' purported claims.

    2.    The plaintiffs' "shotgun" first amended complaint, in which the plaintiffs generally lump all named defendants and non-parties together – but do not distinguish any one defendant's purported conduct from any other defendant's or non-party's conduct, fails to satisfy the minimum standards of Rules 8 and 10(b), Federal Rules of Civil Procedure.

    3.    The plaintiffs fail to state any plausible-on-its-face legal claim as against the defendants.

1

4.  The defendants rely on the arguments made in and authorities identified in the incorporated memorandum of law below.

Accordingly, for the foregoing reasons, the Court should enter an Order dismissing the plaintiffs' first amended complaint and granting other such relief as the Court deems appropriate.

## MEMORANDUM OF LAW

In support of their motion to dismiss the plaintiffs' first amended complaint, the defendants submit the following memorandum of law.

**I.  PRELIMINARY STATEMENT**

The plaintiffs' 32-page, 160-paragraph first amended complaint contains nine labeled "counts". Only five (Counts I – III and VIII – IX) expressly mention at least one defendant. In the first three of the five defendants-directed counts (and in one count directed only against "Franchisee Defendants"), the plaintiffs summarily accuse variously-named groups of making or "publishing false and defamatory statements regarding [them]" (Counts I – IIII and IV). Although the plaintiffs randomly assort the defendants across these ill-defined groups, the first amended complaint does not identify any specific statement that any particular defendant purportedly made or "published" at any time.

The plaintiffs mention only defendants The JL Hill Group, LLC and Jamey Hill in their remaining two counts (Counts VIII and IX). In those counts, the plaintiffs obliquely accuse The JL Hill Group, LLC and Jamey Hill of having breached a promissory note and guaranty. Yet, no promissory note or guaranty is attached to or otherwise fairly incorporated into the plaintiffs' first amended complaint.

Further, the plaintiffs confusingly incorporate every count in their first amended complaint (including the four counts that do not mention any one of the defendants) into each

successive count. In Counts V through VII, for example, the plaintiffs generally accuse two former "Happy Tax" officers (but none of the defendants) of "misappropriating" vaguely-labeled "confidential and proprietary information and trade secrets". The plaintiffs incorporate those two counts (and all prior counts together with all allegations that precede each of the prior counts) into Counts VIII and IX, which purportedly related only to a promissory note and a guaranty.

The plaintiffs' first amended complaint lacks factual matter sufficient to show this Court's jurisdiction or to state a facially-plausible legal claim against the defendants. Further, the plaintiffs' first amended complaint fails to provide even one defendant fair notice of any legal claim or the grounds upon which any such claim supposedly rests. For these reasons, the Court should dismiss the plaintiffs' first amended complaint in its entirety.

## I.  NO FACTUAL ALLEGATIONS ESTABLISH THE COURT'S SUBJECT-MATTER JURISDICTION

A federal district court presumptively lacks subject matter jurisdiction in a particular case until a party "demonstrate[s] that jurisdiction over the subject matter exists." *Dunkin' Donuts Franchising LLC v. Komal Int'l, Inc.*, No. 08-61483-CIV, 2008 WL 4809860 at *1 (S.D. Fla. Oct. 28, 2008) (citing *United States v. Rojas,* 429 F.3d 1317, 1320 (11th Cir.2005)). To overcome this presumption, a plaintiff must affirmatively allege sufficient facts in a complaint that "show[] the existence of jurisdiction". *Id*. at *1 (citing *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir.1994)). If a plaintiff fails to do so, a district court "is obligated to dismiss the action". *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal citations omitted).

For diversity of citizenship subject matter jurisdiction, a plaintiff must allege in a complaint the citizenship of every natural-person plaintiff and every natural-person defendant. 28 U.S.C. § 1332(a); *Taylor*, 30 F.3d at 1367 ("Citizenship…is the key fact that must be

established in the complaint to establish diversity for a natural person"). To sufficiently allege the citizenship of a limited liability company, a plaintiff must identify each of its members and provide facts that show each such member's citizenship. *Thermoset Corp. v. Building Materials Corp. of America*, 752 Fed. App'x 902, 905 (11th Cir. 2018) (citing *Mallory & Evans Contr. & Eng'rs, LLC v. Tuskeegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) (*per curiam*).

The only "allegation" that the plaintiffs make in their first amended complaint as to the Court's subject matter jurisdiction reads:

> This Court has jurisdiction over this action pursuant to 28 U.S.C. 1332(a)(a)[*sic*] as the matter in controversy exceeds the value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

[DE 17 at ¶ 15]. The plaintiffs' statement says nothing of any plaintiff's citizenship or any defendant's citizenship. As the plaintiffs' fail to allege any facts to establish this Court's subject matter jurisdiction, the Court should dismiss the plaintiffs' first amended complaint.

## II. LEGALLY-DEFICIENT "SHOTGUN" PLEADING

A "shotgun" complaint "contains several counts, each one incorporating by reference the allegations of its predecessor [counts], leading multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015) (describing successive re-allegation of all prior counts as "the most common type" of "shotgun" pleadings). A district court should "dismiss or strike [a] shotgun pleading" and require an errant plaintiff to clearly and precisely replead its purported claims. *Id.* at n. 10.

The plaintiffs' first amended complaint incorporates Count I (and the 100 paragraphs that precede it) into Count II [DE 17 at 22]. Into Count III, the plaintiffs' first amended complaint

incorporates all of Count I, the 100 paragraphs before it, and all of Count II [DE 17 at 24]. The plaintiffs continue this geometric expansion through Count IX, into which they incorporate all of Counts I through VIII (and the allegations that precede them).

The plaintiffs also indiscriminately lump together some or all of the defendants (among others) and refer to them interchangeably as "Defendants" "Franchisee Defendants", "various Defendants", "other Happy Tax franchisees", "a group of investors" "other Franchisee Defendants", "various other Happy Tax franchisees", "these Defendants", "Defendants" or "former franchisees of Happy Tax" [DE 17 at ¶¶ 1, 16-17, 22, 41, 58, 61-62, 65, 71, 81, 83, 101-102, 105, 107-108, 111, 113, 118 and 122-125]. The plaintiffs obliquely accuse these groups (or some assortment of them) of "publish[ing] or disseminat[ing] false and defamatory statements regarding Happy Tax and Costanz" [DE ¶¶ 65, 81, 83, 101, 107, 113, 118 and 123-124].

Put simply, the plaintiffs' first amended complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions..." *Weiland,* 792 F.3d at 1323. The first amended complaint is an indecipherable mass of contorted legal conclusions and irrelevant "factual" allegations, that does not give the defendants adequate notice of purported claims against them or the grounds upon which any claims supposedly rest. As the plaintiffs' first amended complaint fails to comply with the minimum requirements of Rules 8 and 10(b), Federal Rules of Civil Procedure, the Court should dismiss the plaintiffs' first amended complaint in its entirety.

### III.   NO FACIALLY-PLAUSIBLE CLAIM

To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim

5

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true..." *Twombly,* 550 U.S. at 556-7.  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft,* 556 U.S. at 662.

### A. No "Defamation", "Disparagement" or Tortious Interference Claims

In each of the plaintiffs' Counts I through IV, they obliquely accuse some groups of making a defamatory or disparaging statement against the plaintiffs [DE 17 ¶¶ 78-98, 101, 107, 113, 118 and 123-124].  But, the only "statement" that the plaintiffs connect to the defendants is a September 27, 2019 letter that "certain other current and former franchisees and area representatives sent [to] various organizations and agencies raising issues with the financial statements prepared by Happy Tax's outside auditor"  [DE 17 ¶ 78].  Notably, however, the plaintiffs do not allege that the September 27, 2019 letter (or any statement made in it) was false, defamatory or disparaging.

Conversely, the only "statements" that the plaintiffs allege are false, defamatory or disparaging are a September 28, 2019 "email [that] was published and sent anonymously from the 'Team Happy Tax happytax@protonmail.com' email address" [DE 17 ¶ 80]; "another anonymous email…coming from 'Team Happy Tax happytax@protonmail.com'" sent on October 14, 2019 [DE 17 ¶ 83]; "another email later that same day from "Team Happy Tax happytax@protonmail.com'" [DE 17 ¶ 84]; an October 23, 2019 "additional anonymous defamatory email being sent from a new email address of alltrue@tuta.io" [DE 17 ¶ 88]; an October 29, 2019 "another anonymous defamatory email" [DE 17 ¶¶ 90-91];  and, a "second

anonymous defamatory email [] sent from alltrue@tuta.io to the major investor" [DE 17 ¶ 93]. But, the plaintiffs do not identify any action that any particular defendant took, on any particular date or at any specific time to "make" or "publish" any one of the "false and defamatory" e-mail messages.

A plaintiff must allege that a particular defendant actually "published a false statement" to state a defamation claim. *See Aflalo v. Weiner*, No. 17-61923-CIV, 2018 WL 3235529, at *1–2 (S.D. Fla. July 2, 2018) (quoting *Alan v. Wells Fargo Bank, N.A.*, 604 Fed. App'x 863, 865 (11th Cir. 2015)(applying Florida law)). Similarly, a plaintiff must allege that a specific party to the contract materially breached it (like any other contract claim) by making a specific disparaging statement to state a breach of non-disparagement contract claim. *See, e.g.*, *Beck v. Lazard Freres & Co., LLC*, 175 F. 3d 913, 914 (11th Cir. 1999) (applying Florida law). Further, a plaintiff must allege that a specific defendant made a particular false or disparaging statement to interfere with an identified prospective business relationship. *See, Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.,* 162 F.3d 1290, 1321 (11th Cir. 1998). The plaintiffs' first amended complaint fails to identify any specific defendant who purportedly made any particular false or disparaging statement. As such, the plaintiffs' first amended complaint fails to state a legal claim, so Counts I through IV should be dismissed.

IV.  CONCLUSION

Based on the foregoing, the defendants respectfully request that the Court dismiss the plaintiffs' first amended complaint in its entirety.

[SIGNATURE AND CERTIFICATE OF SERVICE FOLLOW ON NEXT PAGE]

>   */s/ Lonnie L. Simpson*
>   Lonnie L. Simpson, Esq., FBN 821871
>   lsimpson@shutts.com
>   Kasey Feltner, Esq., FBN 1003643
>   kfeltner@shutts.com
>   **SHUTTS & BOWEN LLP**
>   4301 W. Boy Scout Blvd., Suite 300
>   Tampa, Florida 33607
>   Telephone:  (813) 229-8900
>   Facsimile:   (813) 229-8901
>   *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on March 13, 2020, I electronically filed Defendants' Motion to Dismiss First Amended Complaint and Incorporated Memorandum of Law with the Clerk of the Court via CM/ECF which will send an electronic notice to counsel for the plaintiff, Jeffrey M. Berman, Esq., 1722 Sheridan Street No. 225, Hollywood, Florida 33020, jeff@jmbermanlaw.com, telephone: (305) 834-4150.

>   */s/  Lonnie L. Simpson*
>   ATTORNEY