UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-24539-CIV-MORENO

HAPPY TAX FRANCHISING, LLC *et al.*,

    Plaintiffs,
vs.

JAMEY HILL *et al.*,

    Defendants.                  /

**PLAINTIFFS' RESPONSE TO ORDER TO FILE PROOF OF SERVICE [D.E. 86]
AND MOTION FOR ALTERNATIVE SERVICE OF PROCESS UPON CHAD GREENE**

Plaintiffs, HAPPY TAX FRANCHISING, LLC ("**Happy Tax**") and MARIO COSTANZ ("**Costanz**") (collectively, "**Plaintiffs**"), respond to the Order to File Proof of Service [D.E. 86] and respectfully request they be permitted to effectuate service of process by alternative means through email upon Defendant, CHAD GREENE ("**Defendant**"), as follows:

**MEMORANDUM OF LAW**

The Federal Rules of Civil Procedure require "[a] summons must be served with a copy of the complaint" upon the defendant "within the time allowed by Rule 4(m)…" Fed. R. Civ. P. 4(c). "Constitutional due process requires only that service of process provide notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Chanel, Inc. v. Zhixian*, 2010 WL 1740695, at *3 (S.D. Fla. Apr. 29, 2010) (permitting alternative service by e-mail). "A court has discretion to determine what alternative means of service is appropriate in a particular case." *U.S. Commodity Futures Trading Comm'n v. Aliaga*, 272 F.R.D. 617, 619–20 (S.D. Fla. 2011). "Courts have permitted alternative service of process through various means, including by e-mail and/or service on local counsel." *Chanel, Inc.,* 2010 WL 1740695 at *3 (string-cite authorities therein). The circumstances here demonstrate the need for alternative service on Defendant.

On November 4, 2019, Plaintiffs and others commenced an action against Defendant and others in the United States District Court for the Southern District of Florida, Case No. 1:19-cv-24552-JEM ("**First Case**"). Plaintiffs filed a Verified Complaint and an Expedited Motion for Temporary Restraining Order seeking to enjoin Defendant and others from publishing false and defamatory statements about Plaintiffs ("**TRO Motion**"). First Case [D.E. 5]. After reviewing the TRO Motion and verified allegations in Plaintiffs' Verified Complaint, on November 5, 2019 The Honorable Jose E. Martinez entered an Order granting Plaintiffs' TRO Motion ("**TRO**"). First Case [D.E. 7 at 1-2].

The TRO stated that "within three business days from the issuance of this order, [Defendants are] required to advise the Court as to the identity and or identities of" the owners of the offending email accounts. First Case [*Id.* at 2]. The TRO further stated it "shall remain in full force and effect until fourteen (14) days after issuance of this Order and may be extended by this Court for good cause[,]" and set the preliminary injunction hearing for November 14, 2019. First Case [*Id.*].

Upon receiving the TRO, Plaintiffs immediately engaged their process server to personally serve Defendant with the TRO, TRO Motion, Verified Complaint and summons issued in the First Case. Despite attempting service at two different locations, Plaintiffs were unable to effectuate service of process upon Defendant at that time ("**Notices of Non-Service**"), attached as **Composite Exhibit "1."** Nevertheless, aware of this suit and the Court's ruling on November 8, 2019 Defendant timely filed his response to the TRO ("**TRO Response**"). First Case [D.E. 9].

Through no fault of Plaintiffs, the preliminary injunction hearing set for November 14, 2019 in the First Case was unilaterally cancelled and reset multiple times, and never occurred before the TRO expired. Following motion practice by the parties, on December 9, 2019 the Court in the First Case emailed counsel to schedule an immediate status conference.

*See* **Composite Exhibit "2."** Plaintiffs forwarded the email to Defendant and conferred with him regarding his availability for the hearing. [*Id.*].

After confirming and notifying the Court of counsel and Defendant's availability, on December 10, 2019 the Court advised the parties it would be setting the status conference for December 11, 2019. *See* **Composite Exhibit "3."** Plaintiffs immediately notified Defendant via email and communicated with him regarding attending the status conference telephonically. [*Id.*]. A short time later, the Court in the First Case issued an Order setting the status conference for December 11, 2019 which provided that "Pro Se Defendant, Chad Greene is permitted to appear telephonically at that hearing by using the following dial-in information…." First Case [D.E. 41]. Defendant subsequently appeared at the status conference *pro se*. *See* First Case [D.E. 58].

Because the instant action predates the First Case and involves many of the same parties and issues, the First Case was transferred to this Court, and on January 31, 2020 was dismissed without prejudice with leave to amend so Plaintiffs could assert herein their claims previously asserted in the First Case. Instant Case [D.E. 16]. On February 14, 2020, Plaintiffs filed their First Amended Complaint in this case, thereby inserting Defendant into this action. Instant Case [D.E. 17].

During 2020, Plaintiffs' process server made numerous attempts to personally serve Defendant with the summons and First Amended Complaint. In March and July 2020, Plaintiffs' process server attempted service upon Defendant at approximately nine (9) different addresses—including the return address contained with Defendant's Response to the TRO in the First Case. *See* **Exhibit "4"**; *see also* First Case [D.E. 9] (Defendant's TRO Response, return address). Each of these service attempts, however, was unsuccessful for various reasons. *See* Exhibit "4."

On December 15, 2020, Plaintiffs filed their Third Amended Complaint alleging a claim against Defendant for Breach of Promissory Note, along with asserting various claims against the other defendants. Instant Case [D.E. 81 at ¶¶ 190-200] (Count VI). That same day, Plaintiffs emailed a copy of the Third Amended Complaint to Defendant using the same email address Defendant used in his prior communications with the undersigned. *See* **Exhibit "5."** Plaintiffs have not received any notice that email was not properly delivered or received by Defendant, and have not received any response from Defendant to that email.

Due to Plaintiffs' difficulties in personally serving Defendant, on March 9, 2021 the undersigned emailed Defendant asking for his current address:

> Mr. Greene,
>
> I hope you are well. For some time we have been attempting to personally serve you with formal process of the pleadings in this matter. Attached are materials showing the various addresses we have tried. Although you have received pleadings from me via email, and despite the fact you attended telephonically the December 2019 hearing and we spoke with your apparent lawyer prior to that hearing, it appears you were never personally served with process in this case. Thus, please let me know your current address so we may formally effectuate service of process….

*See* **Exhibit "6."** Again, Plaintiffs have not received any notice that communication was not properly delivered or received by Defendant, and have not received any response to their reasonable request for Defendant's current address.

Based on the foregoing, Plaintiffs respectfully request permission to serve Defendant with process and filings in this case by using the email address Defendant has thus far used to communicate with counsel and the parties: **chad@greenecocpas.com**. Serving Defendant by email in this case comports with due process. *See Chanel, Inc.*, 2010 WL 1740695 at *3. Defendant is clearly aware of this action, having communicated with the undersigned using the email address listed above, having participated in the First Case and having received a copy of the pending Third Amended Complaint.

Plaintiffs have used reasonable and good faith efforts to effectuate personal service upon Defendant—having unsuccessfully attempted service at multiple addresses over many months at great cost, while dealing with the unique challenges to effectuating personal service during the COVID 19 Virus pandemic.  Despite receiving Plaintiffs' request, Defendant has not provided Plaintiffs with his current address for service.  And Defendant cannot claim any prejudice by being served via email since Plaintiffs' claim against him in this case is that he breached the parties' Franchise Agreement which expressly contains a venue selection clause requiring such claim be prosecuted in this court.

Plaintiffs believe these circumstances weigh in favor of allowing service by email upon Defendant.  No other defendant in this action will suffer any prejudice should this Motion be granted because no answer has yet been filed in response to Plaintiffs' pending Third Amended Complaint nor discovery taken.  Plaintiffs respectfully submit permitting service by email upon Defendant is appropriate and warranted in this case.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court enter an Order allowing them to serve Defendant with process and filings in this case by email at **chad@greenecocpas.com**, and entering such other relief as the Court deems just and proper.

## S.D. FLA. LOCAL RULE 7.1(a)(3) CERTIFICATION

As demonstrated above, prior to filing the instant Motion on March 9, 2021 the undersigned conferred by email with Defendant, who has not responded to counsel's email as of the filing of this Motion.

        Respectfully Submitted,

**JEFFREY M. BERMAN, P.A.**
*Counsel for Plaintiffs*
1722 Sheridan Street No. 225
Hollywood, Florida 33020
Tel   305.834.4150
Fax  305.832.0145

By: _/s/ JMBerman_____
JEFFREY M. BERMAN
Fla. Bar No.: 14979
*jeff@jmbermanlaw.com*

**CERTIFICATE OF SERVICE**

**I CERTIFY** that on March 10, 2021 the foregoing was served through CM/ECF to all those authorized to receive such electronic notices and to Chad Greene, *pro se* (chad@greenecocpas.com).

By: _/s/ JMBerman_____
Jeffrey M. Berman