UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-24539-CIV-MORENO/LOUIS

HAPPY TAX FRANCHISING, LLC *et al*.,

    Plaintiffs,

v.

JAMEY HILL *et al*.,

    Defendants.

_____/

**REPORT AND RECOMMENDATIONS**

**THIS CAUSE** comes before the Court upon Plaintiffs' Motion for Alternative Service Upon Chad Greene (ECF No. 91). This case is referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Federico A. Moreno, United States District Judge to take all necessary and proper action with respect to any and all pretrial matters (ECF No. 15). Having reviewed the Motion, the docket, and being otherwise duly advised in the matters, the undersigned hereby **RECOMMENDS** that the Motion be **DENIED**, and that the claims against Defendant Chad Greene be **DISMISSED** with prejudice.

Plaintiffs initiated this case more than a year ago and have failed to serve named Defendant Chad Greene. Plaintiffs initially filed this action on October 4, 2019, in state court (ECF No. 1-1). The action was removed to the Southern District of Florida on November 1, 2019 (ECF No. 1). Summonses have been issued as to all Defendants (*see* ECF No. 26), but service has not been perfected on Defendant Chad Greene.

Based on a *sua sponte* review of the docket, the undersigned entered an Order to File Proof of Service on January 22, 2021, which required Plaintiffs to file proof of service upon Defendant Chad Greene with the Court within seven days (ECF No. 86). The Order to File Proof of Service further cautioned that "[f]ailure to file proof of service of the complaint on Defendant Chad Greene by the stated deadline may result in dismissal of all claims against Defendant Chad Greene without prejudice and without further notice" (*id.*). Seven days came and went and no proof of service of the complaint on Defendant Chad Greene was filed by Plaintiffs with the Court.

Finally, on March 10, 2021, nearly seven *weeks* after the Order to File Proof of Service was entered, the Plaintiffs filed the instant Motion, ostensibly in response. Plaintiffs presently seek leave for alternative means of service upon Defendant Chad Greene; this is the first time since filing the initial complaint that Plaintiffs have contended alternative means of service are necessary or warranted to serve Defendant Greene. In support of the Motion, Plaintiffs aver that "[i]n March and July 2020, Plaintiffs' process server attempted service upon Defendant at approximately nine (9) different addresses," and that on March 9, 2021, the day before filing the instant Motion, "the undersigned emailed Defendant asking for his current address" to which Plaintiffs had not yet received a response (ECF No. 91 at 3-4). Plaintiffs aver that these good faith efforts to effectuate personal service upon Chad Greene, and Defendant's failure to provide Plaintiffs with a current address, weigh in favor of allowing service by email upon Defendant (*id.* at 5).

Federal Rule of Civil Procedure 4(m) requires service of the summons and complaint to be perfected upon defendants within 90 days after the filing of the complaint. Rule 4(e) mandates service by: (1) delivering a copy of the summons and of the complaint to the individual personally; (2) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; (3) delivering a copy of each to an agent authorized

by appointment or by law to receive service of process; or (4) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1)-(2).

Plaintiffs provide no explanation or details as to what attempts to serve Chad Greene were made within the 90 days after the initial complaint was first filed, or even after the amended complaint was filed. The more recent efforts described in the Motion, moreover, reveal a number of wrong addresses attempted, and a business address that was furnished but—unsurprisingly in March of 2020—devoid of persons inside. None of the facts advanced would enable the Court to find that Defendant Greene was evading service.

In support of the Motion, Plaintiffs cite to a number of cases to support an order authorizing alternative service of process on defendants who are located abroad, pursuant to Federal Rule of Civil Procedure 4(f), which allows for service "by other means not prohibited by international agreement, as the court orders." *See, e.g.*, *Chanel, Inc. v. Zhixian*, 2010 WL 1740695, at *3 (S.D. Fla. Apr. 29, 2010) (authorizing alternate service of process on foreign defendant located in China); *U.S. Commodity Futures Trading Comm'n v. Aliaga*, 272 F.R.D. 617, 619–20 (S.D. Fla. 2011) (authorizing alternate service of process on foreign defendants located in the Dominican Republic). By contrast, Plaintiffs seek to serve process upon an individual within a judicial district of the United States, which is governed by Federal Rule of Civil Procedure 4(e), and which permits service in a manner authorized by the state law where this District Court is located (Florida) or where service would be effectuated (North Carolina). Neither the rules of civil procedure in Florida nor North Carolina allow for service by email. *See* Fla. R. Civ. P. 1.070; N.C. R. Civ. P. 4.

Plaintiffs failed to timely service process upon Defendant Chad Greene; failed to comply with this Court's January 22, 2021 Order to File Proof of Service; and failed to demonstrate in

their untimely Motion for alternative service that alternative means are here warranted. Accordingly, the undersigned respectfully **RECOMMENDS** that Plaintiffs' Motion for Alternative Service (ECF No. 91) be **DENIED**, and that the claims against Defendant Chad Greene be **DISMISSED**, with prejudice.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Federico A. Moreno, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers this on this 30th day of March, 2021.

_____
**LAUREN F. LOUIS**
**UNITED STATES MAGISTRATE JUDGE**