**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 1:19-cv-24539-FAM**

HAPPY TAX FRANCHISING, LLC and
MARIO COSTANZ,

     Plaintiffs,

v.

JAMEY HILL, THE J.L. HILL GROUP, LLC, *et al*.,

     Defendants.

**DEFENDANTS' MOTION TO COMPEL INITIAL DISCLOSURES AND DISCOVERY**
**AND INCORPORATED MEMORANDUM OF LAW**

Defendants Jamey Hill, The JL Hill Group, LLC, Tricia Drago and Banyan Accounting, LLC, by counsel and pursuant to Rules 26 and 37, Federal Rules of Civil Procedure, move the Court to compel the plaintiffs to make Initial Disclosures to the defendants, to answer interrogatories, to respond to requests for production, and to produce responsive documents.  In support, the defendants state as follows:

1.     Defendant Jamey Hill delivered requests for production of documents and information and interrogatories to the plaintiffs on June 25, 2020.  Copies of Mr. Hill's respective discovery requests to the plaintiffs are attached as Exhibits A through D.

2.     The parties conducted a Rule 26(f), Federal Rules of Civil Procedure, conference on July 13, 2020.

3.     The plaintiffs failed entirely to make Rule 26(a)(1) required Initial Disclosures to the defendants, and failed entirely to respond to defendant Jamey Hill's discovery requests.

4.     The Court's January 8, 2021 Order of Continuance and Order Revising Pretrial Deadlines [DE 83] set trial in the two-week period beginning June 21, 2021, and a June 15, 2021

Calendar Call.

6.      In its Order [DE 83], the Court directed the plaintiffs to upload their witness list and exhibit list no later than Wednesday, June 2, 2021.  The Court similarly directed the defendants to upload their witness list and exhibit list no later than Friday, June 4, 2021, but instructed the defendants to "include only those additional…witnesses not included on the Plaintiff's[sic] Witness List" and to "include only those additional exhibits that Defendants wish to introduce at trial which are not on Plaintiff's[sic] Exhibit List".

7.      The defendants require the plaintiffs' mandatory Rule 26(a)(1) Initial Disclosures, their sworn and complete answers to defendant Jamey Hill's interrogatories, their complete written responses to defendant Jamey Hill's requests for production and their immediate production of responsive documents to prepare for trial.  Further, the defendants cannot comply with the Court's January 8, 2021 Order without the plaintiffs' complete disclosures, sworn answers and full production of documents and information.

8.      The defendants certify pursuant to Rule 37, Federal Rules of Civil Procedure, that they, through counsel, have in good faith conferred with counsel for the plaintiffs in an effort to secure disclosure, discovery responses and production of responsive documents and information without court action.

Accordingly, the defendants respectfully request that the Court enter an Order as follows:

A.      Compelling the plaintiffs to immediately make full and complete Rule 26(a)(1) required Initial Disclosures to the defendants, including producing all documents and information described in Rule 26(a)(1)(A)(ii) and (iii);

B.      Compelling the plaintiffs to immediately serve complete, sworn responses to the defendant's interrogatories; written responses to the defendant's requests for production of documents; immediately produce all responsive documents and information to the defendants;

C.      Preclude the plaintiffs from using any witness, document or information not fully and completely disclosed, not included in complete, sworn interrogatory answers, not identified in the plaintiffs' written responses to inspection requests or not actually produced to the defendants, for any purpose at trial;

D.      Enlarging the time by which the defendants must comply with the Court's January 8, 2021 Order to June 15, 2021 at 5:00 p.m.;

E.      Awarding the plaintiffs, their attorney or both of them to pay to the defendants the reasonable expenses incurred in making this motion, including attorney's fees; and

F.      Entering such other and further relief as the Court deems appropriate under the circumstances.

## **MEMORANDUM OF LAW**

Rule 26(a)(1), Federal Rules of Civil Procedure, provides in pertinent part as follows:

[A] party must, without awaiting a discovery request, provide to the other parties:

(i)      the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

(ii)     a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment; [and]

(iii)    a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]

The parties conducted a Rule 26(f) conference on July 13, 2020.  The plaintiffs' required Initial Disclosures to the defendants were due no later than July 27, 2020.  *See* Fed. R. Civ. P. 26(a)(1)(C) ("A party must make the initial disclosures at or within 14 days after the

3

parties' Rule 26(f) conference…).  The plaintiffs, however, made no Initial Disclosures to the defendants (before, on or after July 27, 2020).

Rule 37(a)(3)(A) provides: "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."  Appropriate sanctions include that "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  Closely related, Rule 37(c)(1) reads: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

The plaintiffs failed entirely to make required Rule 26(a) Initial Disclosures to the defendants.  The Court, then, should compel the plaintiffs to do so immediately, preclude the plaintiffs from using any witness or information not disclosed at trial and order the plaintiffs to pay the defendants' reasonable expenses incurred in moving to compel, including their attorneys' fees.

Mr. Hill's interrogatories and inspection requests, delivered to the plaintiffs on June 25, 2020, were effectively served on July 13, 2020.  *See* Fed. R. Civ. P. 26(d)(2)(B).  The plaintiffs' complete, sworn answers to Mr. Hill's interrogatories and their written responses to Mr. Hill's inspection requests were due on August 12, 2020.  The plaintiffs, however, served no answers to interrogatories nor written responses to Mr. Hill's inspection requests – on or after August 12, 2020.  Further, the plaintiffs have never produced any document or other item of information to Mr. Hill in response to his requests for inspection.

Rule 37(a)(2)(B) reads: "If…a party fails to answer an interrogatory submitted

4

under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails

to respond that inspection will be permitted as requested or fails to permit inspection as

requested, the discovering party may move for an order compelling an answer…or… inspection

in accordance with the request." (Alterations supplied).  Further, Rule 37(d) provides:

> If a party…fails…(2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule…In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

(Alterations provided).

The plaintiffs failed to answer Mr. Hill's interrogatories.  As such, the Court should

compel the plaintiffs to immediately serve complete answers to Mr. Hill's interrogatories and

preclude the plaintiffs from using any information not provided in those answers at trial for any

purpose.  Further, as the plaintiffs similarly failed to serve written responses to Mr. Hill's

requests for inspection and failed to produce any documents or information responsive to Mr.

Hill's requests, the Court should compel the plaintiffs to immediately serve written responses to

Mr. Hill's requests and preclude the plaintiffs from using any document or information not

immediately produced to the defendants for any purpose at trial.  And, as the plaintiffs' failures

to comply with their discovery obligations has caused Mr. Hill to needlessly expend resources to

force them to comply, the Court should award Mr. Hill's expenses, including attorneys' fees, as

against the plaintiffs.

### S.D. Fla. Local Rule 7.1(a)(3) Certification

Before filing this motion, I, as counsel for the defendants, conferred with counsel for the

plaintiffs, Jeffrey A. Berman, Esq., in a good faith effort to resolve the issues raised in the motion but has been unable to do so.

/s/ Lonnie L. Simpson
Lonnie L. Simpson, Esq., FBN 821871
lsimpson@shutts.com
**SHUTTS & BOWEN LLP**
4301 W. Boy Scout Blvd., Suite 300
Tampa, Florida 33607
Telephone: (813) 229-8900
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on May 7, 2021, I electronically filed Defendants' Motion to Compel Initial Disclosures and Discovery and Incorporated Memorandum of Law with the Clerk of the Court via CM/ECF which will send an electronic notice to counsel for the plaintiffs, Jeffrey M. Berman, Esq., 1722 Sheridan Street No. 225, Hollywood, Florida 33020, jeff@jmbermanlaw.com.

/s/ Lonnie L. Simpson
ATTORNEY

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 1:19-cv-24539-FAM**

HAPPY TAX FRANCHISING, LLC *et al.*,

     Plaintiffs,

v.

JAMEY HILL *et al.*,

     Defendants.

## NOTICE OF SERVICE OF DEFENDANT JAMEY HILL'S FIRST INTERROGATORIES TO PLAINTIFF HAPPY TAX FRANCHISING, LLC

Defendant Jamey Hill, by counsel and pursuant to Rules 26 and 33, Federal Rules of Civil Procedure, served his first interrogatories to the plaintiff Happy Tax Franchising, LLC on June 25, 2020, to be answered fully, completely and under oath on or before July 25, 2020.

## CERTIFICATE OF SERVICE

I certify that on June 25, 2020, a copy of the foregoing Notice of Service of Defendant Jamey Hill's First Interrogatories to Plaintiff Happy Tax Franchising, LLC was served via e-mail to:

Jeffrey M. Berman, Esq.
jeff@jmbermanlaw.com
1722 Sheridan Street, No. 225
Hollywood, FL 33020
*Counsel for Plaintiffs*

Adam G. Wasch, Esq.
awasch@waschraines.com
WASCH RAINES LLP
2500 N. Military Trail, Suite 303
Boca Raton, FL 33431
*Counsel for Defendants Johnnie Jemel Mainer-Smith and Bottom Line Tax Services, LLC*

Ellen M. McDowell, Esq.
emcdowell@mcdowelllegal.com
McDOWELL LAW, PC
46 West Main Street
Maple Shade, NJ 08052
*Lead Counsel for Defendant Melissa Salyer*

*/s/ Lonnie L. Simpson*
ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 1:19-cv-24539-FAM**

HAPPY TAX FRANCHISING, LLC *et al.*,

     Plaintiffs,

v.

JAMEY HILL *et al.*,

     Defendants.

**DEFENDANT JAMEY HILL'S FIRST INTERROGATORIES TO**
**PLAINTIFF HAPPY TAX FRANCHISING, LLC**

     Defendant Jamey Hill, by counsel and pursuant to Rules 26 and 33, Federal Rules of

Civil Procedure, propounds the following interrogatories on the plaintiff Happy Tax Franchising,

LLC to be answered fully and under oath on or before July 25, 2020.

**INTERROGATORIES**

**Interrogatory No. 1**:     State the name, address and telephone number of each individual likely to have discoverable information, together with the subjects of such information, that the plaintiff Happy Tax Franchising, LLC may use to support its claims.

ANSWER:

1

**<u>Interrogatory No. 2</u>**:          Provide a computation of each category of damages claimed by the plaintiff Happy Tax Franchising, LLC, and identify all documents and other evidentiary material on which each computation is based, including all materials bearing on the nature and extent of injuries Happy Tax Franchising, LLC allegedly suffered.

ANSWER:

**<u>Interrogatory No. 3</u>**: State the name, address, telephone number and ownership interest of every member of Happy Tax Franchising, LLC from its inception through July 25, 2020.

ANSWER:

**<u>Interrogatory No. 4</u>**:        State the name, address, telephone number and date(s) of service for every member of Happy Tax Franchising, LLC's board of directors from Happy Tax Franchising, LLC's inception through July 25, 2020.

ANSWER:

## <u>VERIFICATION</u>

I, _____, certify under penalty of perjury that to the best of his or her knowledge, information and belief formed after a reasonable inquiry, that the foregoing answers to interrogatories are true, complete and accurate in all respects.

**HAPPY TAX FRANCHISING, LLC**

By: _____

Its: _____

STATE OF _____

COUNTY OF _____

The foregoing answers to interrogatories were acknowledged before me on July _____, 2020, by _____, as _____ of Happy Tax Franchising, LLC, who is personally known to me or who has produced _____ as identification, and who took an oath.

_____
NOTARY PUBLIC

Printed Name: _____

My commission expires:

5

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 1:19-cv-24539-FAM**

HAPPY TAX FRANCHISING, LLC *et al.*,

     Plaintiffs,

v.

JAMEY HILL *et al.*,

     Defendants.

**DEFENDANT JAMEY HILL'S FIRST REQUEST FOR**
**PRODUCTION OF DOCUMENTS AND INFORMATION TO**
**PLAINTIFF HAPPY TAX FRANCHISING, LLC**

Defendant Jamey Hill, by counsel and pursuant to Rules 26 and 34, Federal Rules of Civil Procedure, requests that the plaintiff Happy Tax Franchising, LLC produce documents and information responsive to the requests stated below on July 25, 2020 at the offices of Shutts & Bowen, LLP, 4301 West Boy Scout Boulevard, Suite 300, Tampa, FL 33607.

Electronically stored information ("ESI") is to be produced in native file format with metadata and imbedded data intact through a medium on which filenames comply with the Microsoft file-naming protocol, including the length of the file name and exclusion of the following characters: \ / : * ? " < > | [ ] & $ , .

**REQUESTS**

1.    A copy of all documents, ESI and tangible things that Happy Tax Franchising, LLC has in its possession, custody or control that it may use to support its claims.

2.    A copy of all documents, ESI or other evidentiary material on which Happy Tax Franchising, LLC bases any computation of damages, including materials bearing on the nature and the extent of injuries that Happy Tax Franchising, LLC allegedly suffered.

1

3.      A complete copy of the operating agreement for Happy Tax Franchising, LLC, as amended, from its inception through July 25, 2020.

4.      All communications made by any person for or on behalf of Happy Tax Franchising, LLC and Jamey Hill from January 1, 2015 through December 31, 2019.

5.      All communications made by any person for or on behalf of Happy Tax Franchising, LLC and any person or entity that mentions or otherwise refers to Jamey Hill from January 1, 2015 through December 31, 2019.

/s/ Lonnie L. Simpson
Lonnie L. Simpson, Esq., FBN 821871
lsimpson@shutts.com
**SHUTTS & BOWEN LLP**
4301 W. Boy Scout Blvd., Suite 300
Tampa, Florida 33607
Telephone:  (813) 229-8900
*Counsel for Defendant Jamey Hill*

## CERTIFICATE OF SERVICE

I certify that on June 25, 2020, a copy of the foregoing Defendant Jamey Hill's First Request for Production of Documents and Information to Plaintiff Happy Tax Franchising, LLC was served via e-mail on:

Jeffrey M. Berman, Esq.
jeff@jmbermanlaw.com
1722 Sheridan Street, No. 225
Hollywood, FL 33020
*Counsel for Plaintiffs*

Adam G. Wasch, Esq.
awasch@waschraines.com
WASCH RAINES LLP
2500 N. Military Trail, Suite 303
Boca Raton, FL 33431
*Counsel for Defendants Johnnie Jemel Mainer-Smith and Bottom Line Tax Services, LLC*

Ellen M. McDowell, Esq.
emcdowell@mcdowelllegal.com
McDOWELL LAW, PC
46 West Main Street
Maple Shade, NJ 08052
*Lead Counsel for Defendant Melissa Salyer*

/s/ Lonnie L. Simpson
ATTORNEY

2

# EXHIBIT C

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# CASE NO. 1:19-cv-24539-FAM

HAPPY TAX FRANCHISING, LLC *et al.*,

      Plaintiffs,

v.

JAMEY HILL *et al.*,

      Defendants.

## NOTICE OF SERVICE OF DEFENDANT JAMEY HILL'S FIRST INTERROGATORIES TO PLAINTIFF MARIO COSTANZ

      Defendant Jamey Hill, by counsel and pursuant to Rules 26 and 33, Federal Rules of Civil Procedure, served his first interrogatories to the plaintiff Mario Costanz on June 25, 2020, to be answered, fully and completely, under oath on or before July 25, 2020.

## CERTIFICATE OF SERVICE

      I certify that on June 25, 2020, a copy of the foregoing Notice of Service of Defendant Jamey Hill's First Interrogatories to Plaintiff Mario Costanz was served via e-mail to:

Jeffrey M. Berman, Esq.
jeff@jmbermanlaw.com
1722 Sheridan Street, No. 225
Hollywood, FL 33020
*Counsel for Plaintiffs*

Adam G. Wasch, Esq.
awasch@waschraines.com
WASCH RAINES LLP
2500 N. Military Trail, Suite 303
Boca Raton, FL 33431
*Counsel for Defendants Johnnie Jemel Mainer-Smith and Bottom Line Tax Services, LLC*

Ellen M. McDowell, Esq.
emcdowell@mcdowelllegal.com
McDOWELL LAW, PC
46 West Main Street
Maple Shade, NJ 08052
*Lead Counsel for Defendant Melissa Salyer*

        */s/ Lonnie L. Simpson*
         ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 1:19-cv-24539-FAM**

HAPPY TAX FRANCHISING, LLC *et al.*,

      Plaintiffs,

v.

JAMEY HILL *et al*.,

      Defendants.

## DEFENDANT JAMEY HILL'S FIRST INTERROGATORIES TO PLAINTIFF MARIO COSTANZ

      Defendant Jamey Hill, by counsel and pursuant to Rules 26 and 33, Federal Rules of Civil Procedure, propounds the following interrogatories on the plaintiff Mario Costanz to be answered fully and under oath on or before July 25, 2020.

## INTERROGATORIES

**Interrogatory No. 1**:      State the name, address and telephone number of each individual likely to have discoverable information, together with the subjects of such information, that the plaintiff Mario Costanz may use to support his claims.

ANSWER:

**<u>Interrogatory No. 2</u>**:          Provide a computation of each category of damages claimed by the plaintiff Mario Costanz, and identify all documents and other evidentiary material on which each computation is based, including all materials bearing on the nature and extent of injuries Mario Costanz allegedly suffered.

ANSWER:

## __VERIFICATION__

I, Mario Costanz, certify under penalty of perjury that to the best of his knowledge, information and belief formed after a reasonable inquiry, that the foregoing answers to interrogatories are true, complete and accurate in all respects.

_____
**MARIO COSTANZ**
Address: _____
E-mail address: _____
Telephone Number: _____

STATE OF _____

COUNTY OF _____

The foregoing answers to interrogatories were acknowledged before me on July _____, 2020, by Mario Costanz, who is personally known to me or who has produced _____ as identification, and who took an oath.

_____
NOTARY PUBLIC

Printed Name: _____

My commission expires:

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 1:19-cv-24539-FAM**

HAPPY TAX FRANCHISING, LLC *et al.*,

      Plaintiffs,

v.

JAMEY HILL *et al.*,

      Defendants.

**DEFENDANT JAMEY HILL'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INFORMATION TO PLAINTIFF MARIO COSTANZ**

Defendant Jamey Hill, by counsel and pursuant to Rules 26 and 34, Federal Rules of Civil Procedure, requests that the plaintiff Mario Costanz produce documents and information responsive to the following requests on July 25, 2020 at the offices of Shutts & Bowen, LLP, 4301 West Boy Scout Boulevard, Suite 300, Tampa, FL 33607.

Electronically stored information ("ESI") is to be produced in native file format with metadata and imbedded data intact through a medium on which filenames comply with the Microsoft file-naming protocol, including the length of the file name and exclusion of the following characters: \ / : * ? " < > | [ ] & $ , .

**REQUESTS**

1.      A copy of all documents, ESI and tangible things that Mario Costanz has in his possession, custody, or control that he may use to support his claims.

2.      A copy of all documents, ESI or other evidentiary material on which Mario Costanz bases any computation of damages, including materials bearing on the nature and the extent of injuries that Mario Costanz allegedly suffered.

3.      All communications between Mario Costanz and any other person or entity that

mentions or otherwise refers to Jamey Hill from January 1, 2015 through December 31, 2019.

/s/ Lonnie L. Simpson
Lonnie L. Simpson, Esq., FBN 821871
lsimpson@shutts.com
**SHUTTS & BOWEN LLP**
4301 W. Boy Scout Blvd., Suite 300
Tampa, Florida 33607
Telephone: (813) 229-8900
*Counsel for Defendant Jamey Hill*

## CERTIFICATE OF SERVICE

I certify that on June 25, 2020, a copy of the foregoing Defendant Jamey Hill's First Request for Production of Documents and Information to Plaintiff Mario Costanz was served via e-mail to:

Jeffrey M. Berman, Esq.
jeff@jmbermanlaw.com
1722 Sheridan Street, No. 225
Hollywood, FL 33020
*Counsel for Plaintiffs*

Ellen M. McDowell, Esq.
emcdowell@mcdowelllegal.com
McDOWELL LAW, PC
46 West Main Street
Maple Shade, NJ 08052
*Lead Counsel for Defendant Melissa Salyer*

Adam G. Wasch, Esq.
awasch@waschraines.com
WASCH RAINES LLP
2500 N. Military Trail, Suite 303
Boca Raton, FL 33431
*Counsel for Defendants Johnnie Jemel Mainer-Smith and Bottom Line Tax Services, LLC*

/s/ Lonnie L. Simpson
ATTORNEY

2