UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:19-cv-24539-FAM

HAPPY TAX FRANCHISING, LLC and
MARIO COSTANZ,

    Plaintiffs,

v.

JAMEY HILL, THE J.L. HILL GROUP, LLC, *et al.*,

    Defendants.

## DEFENDANTS' MOTION TO COMPEL COMPETENT INITIAL DISCLOSURES AND MEMORANDUM IN SUPPORT

    Defendants Jamey Hill, The JL Hill Group, LLC, Tricia Drago and Banyan Accounting, LLC, by counsel and pursuant to Rules 26 and 37, Federal Rules of Civil Procedure, move the Court to compel the plaintiffs to make competent and complete Rule 26 Initial Disclosures to the defendants. In support, the defendants state as follows:

    1.    The plaintiffs served "Updated Plaintiffs' Initial Disclosures" ("Updated Disclosures") on May 24, 2021, a copy of which is attached as Exhibit 1. The Updated Disclosures are evasive, incomplete and otherwise fail to comply with Rule 26(a)(1).

    2.    Rule 26(a)(1)(A)(i) requires the plaintiffs to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]" For their witness disclosure, the plaintiffs listed 50 names. For each person named, the plaintiffs repeat the same or similar general concepts or issues, making it extremely difficult for the defendants to determine what

1

discoverable information, if any, each named person may have. Those general concepts or issues include:

    a.    "knowledge regarding the business operation of Happy Tax" (witnesses 1-11);

    b.    "the franchise relationship between Happy Tax and [several different franchisees]" (witnesses 1-19);

    c.    "terms and provisions of the various agreements between Happy Tax and [several different franchisees]" (witnesses 1-3, 5-12);

    d.    "breaches by Defendants of the various agreements between Happy Tax and these Defendants" (witnesses 1-3, 5-19);

    e.    "defamatory statements published about Plaintiffs that are the subject of this action" or "the defamatory and disparaging communications disseminated by these Defendants" (witnesses 1-19);

    f.    "certain defamatory statements made by [Tricia Drago or Jamey Hill] about Plaintiffs in and around [May – June 2019, September 2019, December 2019, January 2020, or no date provided]" (witnesses 20-50); and

    g.    "the extensive damages Plaintiffs suffered…" (witnesses 1, 7-19).

3.    Rule 26(a)(1)(A)(ii) requires the plaintiffs to disclose "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment[.]" For their document disclosure, the plaintiffs listed some documents by title and some by broad, generalized category, including:

    a.    "Franchise Agreements between Happy Tax and its other current or former franchisees"

    b.    "Promissory Notes and/or Personal Guaranty between Happy Tax and any Defendants"; and

    c. "Franchisee accounting reconciliations prepared from April 2019 through the present".

The plaintiffs, however, did not provide a copy of any document to the defendants nor disclose to the defendants where any documents may be inspected and copied.

  4. The defendants' counsel conferred with the plaintiffs' counsel to obtain copies of the documents described in the plaintiffs' Updated Disclosures and to clarify the plaintiffs' broad, generalized document category descriptions. On June 4, 2021, the plaintiffs disclosed 1697 pages of documents to the defendants. "Franchise Agreements between Happy Tax and its other current or former franchisees"; "Promissory Notes and/or Personal Guaranty between Happy Tax and any Defendants"; and "Franchisee accounting reconciliations prepared from April 2019 through the present" were not among the 1697 pages provided.

  5. The defendants' counsel asked the plaintiffs' counsel identify by Bates number the "Franchisee accounting reconciliations" on June 8, 2021. On June 11, 2021, the plaintiffs' counsel reported that the plaintiffs "do not have access to" any Franchisee accounting reconciliations.

  6. Rule 26(a)(1)(A)(iii) requires the plaintiff to disclose "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]" The plaintiffs provided no computation for any category of their purported damages to the defendants. The plaintiffs did not produce any documents or other evidentiary material on which any damages computation could be based.

  7. On June 8, 2021, the defendants' counsel asked the plaintiffs' counsel to identify by Bates number the computations of each category of damages that the plaintiffs claim and all

documents and other evidentiary material on which each such computation was based. The plaintiffs' counsel did not respond to defense counsel's request.

8. The defendants certify that, pursuant to Rule 37, Federal Rules of Civil Procedure, they, through counsel, have in good faith conferred with counsel for the plaintiffs in an effort to secure disclosure, discovery responses and production of responsive documents and information without court action.

Accordingly, defendants Jamey Hill, The JL Hill Group, LLC, Tricia Drago and Banyan Accounting, LLC respectfully request that the Court enter an Order as follows:

A. Compelling the plaintiffs to make competent disclosure of the specific subject(s) of discoverable information for each person identified in the Updated Disclosures;

B. Compelling the plaintiffs to make competent disclosure of all documents, electronically stored information and tangible things that the plaintiffs actually have in their possession, custody or control and may use to support their claims or defenses to the defendants;

C. Compelling the plaintiffs to provide a competent computation of each category of damages the plaintiffs claim and to produce all documents or other evidentiary material on which each such computation is based to the defendants;

D. Precluding the plaintiffs from using any information or witness not timely, competently and completely disclosed to supply evidence on a motion, at a hearing or at a trial;

E. Awarding the defendants their reasonable expenses incurred in making this motion, including attorney's fees; and,

F. Granting such other and further relief as the Court deems appropriate under the circumstances.

**MEMORANDUM IN SUPPORT**

The plaintiffs have failed to comply with their Rule 26(a) Initial Disclosure obligations. Specifically, the plaintiffs did not sufficiently describe the subjects of discoverable information that each witness identified in their Updated Disclosures may have. The plaintiffs did not sufficiently disclose all documents, electronically stored information and tangible things they may use to support their claims or defenses. The plaintiffs provided no computation for any category of damages and no financial or other data from which any damages may be computed. The Court should compel the plaintiffs to provide complete, fully-compliant Rule 26(a) Initial Disclosures to the defendants accordingly. And, as the plaintiffs have had to *twice* move to compel the plaintiffs to comply with their mandatory disclosure obligations, the Court should sanction the plaintiffs and award the defendants their reasonable expenses incurred in doing so.

A.   **THE PLAINTIFFS' DEFICIENT UPDATED WITNESS DISCLOSURE**

Rule 26(a) requires the plaintiffs to identify people likely to have discoverable information "along with the subjects of that information". Fed.R.Civ.P. 26(a)(1)(A)(i). For a competent and complete initial witness disclosure, "it is not sufficient for a party to merely state that a person may have discoverable information with regard to issue 'X' (*e.g.*, age discrimination). [A party] must provide a *general description of the information each individual could provide.*" *Hawthorne v. Baptist Hosp., Inc*., 3:08CV154/MCR/MD, 2008 WL 4826112, at *2 (N.D. Fla. Nov. 4, 2008) (emphasis in original).

In *Hawthorne*, a plaintiff listed several witnesses saying each "may have discoverable information on the age discrimination and retaliation issues." *Id*. at *1. As the plaintiffs' generic description of subjects of discoverable information – repeated for every potential witness identified – did not specifically describe the discoverable information each witness may have

had, the *Hawthorne* Court found the plaintiffs failed to "make complete disclosure under Rule 26(a)(1)(A)". *Id*. at *2. As such, the court ordered the plaintiffs to "make full initial disclosures under Rule 26(a)(1)(A)…or risk having this action dismissed." *Id*.

The court in *Regions Bank v. Kaplan*, 8:12-CV-1837-T-17MAP, 2013 WL 12341085 at *1 (M.D. Fla. May 7, 2013), applied the *Hawthorne* Court's reasoning and made a similar ruling as to a defendants' initial witness disclosure. In *Kaplan*, a defendant disclosed several witnesses saying each had "[i]nformation related to the issues raised in this case". Citing *Hawthorne*, the *Kaplan* Court reasoned and held:

> When making these types of disclosures, it is not enough to say that a witness has information regarding an issue raised in the case…Defendants' witness disclosure fails to meet this obligation because it fails to describe, in any discernable manner, the information possessed by each individual.

*Id*.

More recently, a court applied the *Hawthorne* and *Kaplan* rationales to assess defendants' initial witness disclosure compliance with Rule 26(a)(1)(A)(i) in *Hearndon v. Hearndon*, 6:19-cv-141-Orl-37TBS, 2019 WL 2436450, at *2, (M.D. Fla. June 11, 2019). In *Hearndon*, the defendants listed eighteen witnesses and described the discoverable information for each as follows:

> The following witnesses will testify regarding liability, sustained damages, economic losses, medical (physical and mental) condition of decedent…, and facts contained in Defendants, [] Answer to Complaint and Crossclaim, and other pleadings and will offer evidence in support of Defendants' claims for the entire insurance proceeds and death benefits, attorneys' fees, costs and prejudgment interest and facts in opposition to Plaintiff['s] claims for any monetary or other relief.

*Id*. Applying *Hawthorne* and *Kaplan*, the *Hearndon* Court found the defendants' witness disclosure deficient, ruling: "Plaintiff is entitled to know the subjects of the information these individuals have that Defendants might utilize". *Id*. As such, the court ordered the defendants to

supplement their initial disclosures "to include more specific descriptions of the information each listed individual possessed" and awarded the plaintiff her "reasonable legal expenses for bringing the motion to compel". *Id.*

Like the deficient witness disclosures in *Hawthorne*, *Kaplan* and *Hearndon*, the plaintiffs' repetitive references to generic concepts and issues "fail[] to describe, in any discernable manner, the information possessed by each individual", *Kaplan*, 2013 WL 12341085, at *1, hindering the defendants' ability to direct their discovery efforts. The defendants are "entitled to know the subjects of the information [each] individual[] ha[s] that the [plaintiffs] might utilize". *Hearndon*, 2019 WL 2436450, at *2 (alterations supplied). Accordingly, the Court should compel the plaintiffs to provide complete, Rule 26(a)-compliant witness disclosure to the defendants.

### B. THE PLAINTIFFS' DEFICIENT UPDATED DOCUMENT DISCLOSURE

Rule 26(a) requires the plaintiffs to disclose – by producing a copy or by specifically listing by particular category – the records that they may use to support their claims. Fed. R. Civ. P. 26(a)(11)(A)(ii); *Hawthorne v. Baptist Hosp., Inc.*, 3:08CV154/MCR/MD, 2008 WL 4826112, at *2 (N.D. Fla. Nov. 4, 2008) ("[B]y this time, plaintiff should have an idea of the documents he might use to support his claims. All of these documents must be disclosed."). "Should a party elect to describe, rather than copy, its tangible information, the items' description must be specific enough to allow opposing parties the ability to direct their discovery efforts." *Regions Bank v. Kaplan*, 8:12-CV-1837-T-17MAP, 2013 WL 12341085 at *1 (M.D. Fla. May 7, 2013) (finding defendants' disclosure list of "checks, statements, promissory notes[,] and correspondence" to be "inadequate under Rule 26(a)(1)(A)(ii)").

7

The plaintiffs' category descriptions (*i.e.*, "Franchise Agreements between Happy Tax and its other current or former franchisees" and "Promissory Notes and/or Personal Guaranty between Happy Tax and any Defendants") are "so broad and vague as to be meaningless". *Hearndon*, 2019 WL 2436450, at *2. This is particularly true for "Franchisee accounting reconciliations prepared from April 2019 through the present", which the plaintiffs now claim not to have. As such, the Court should order the plaintiffs to provide to the defendants with copies of all documents or other records that fall into these broad categories or specifically describe them (and report how and where the defendants may inspect and copy them) so that the defendants may direct their discovery efforts more efficiently.

### C.  THE PLAINTIFFS' DEFICIENT UPDATED DAMAGES DISCLOSURE

Rule 26(a)(1)(A)(iii) requires the plaintiffs to provide a computation (and supporting evidentiary material) for each category of damages that they claim. *De Varona v. Discount Auto Parts, LLC*, No. 12-20714-CIV, 2012 WL 2334703, at *1 (S.D. Fla. June 19, 2012) ("Plaintiff must compute in dollars how much she claims for each category of damages."). A competent damages disclosure should provide "sufficient detail so as to enable each defendant to understand the contours of its potential exposure and make informed decisions as to settlement and discovery." *Professional LED Lighting, Ltd. v. Aadyn Tech. LLC*, No. 14-CIV-61376, 2015 WL 11578511, at *2 (S.D. Fla. July 24, 2015); *Okereke v. Cmty. Hospice of Northeast FL, Inc.*, No. 3:15-cv-235-J-32MCR, 2015 WL 5601960 (M.D. Fla. Sept. 22, 2015) ("However, it is unclear what is included in the category of actual damages, what the total amount is, and how it is calculated. Plaintiff needs to be more specific and include a computation…"); *Pressman v. Publix Super Markets, Inc.*, No. 06-61350, 2007 WL 9700541, at *1 (S.D. Fla. May 3, 2007) (damages computation requires "some analysis of how Plaintiff derived the dollar amount she

claims for each category of damages."); and *Regions Bank v. Kaplan*, 8:12-CV-1837-T-17MAP, 2013 WL 12341085 at *1 (M.D. Fla. May 7, 2013) ("It is not enough to simply provide a total damages figure; if possible, parties must supply calculations in order to illustrate how a final figure was reached.").

The plaintiffs did not disclose any damages computation in or with their Updated Disclosures. The plaintiffs similarly did not disclose any document or other evidentiary material from which damages could be computed. The defendants are "entitled to such information in order to prepare for any settlement discussions, mediation and trial of this cause." *Dunstan v. Wal-Mart Stores East, L.P.*, No. 3:07-cv-713-J-32TEM, 2008 WL 2025313, at *1 (M.D. Fla. May 9, 2008).

"[T]o comply with Rule 26, [the plaintiffs] must point to the specific evidence of his damages that he intends to rely on at trial, not merely point to all of the discovery in the entire case and say 'it's in there.'" *Kuczynski v. Lyra Mgmt., Inc.*, No. 08-62067, 2010 WL 11504718 (S.D. Fla. Feb. 8, 2010) (alteration added). The plaintiffs neither disclosed specific damages evidence nor identified any document among the pages they produced to support any damages computation. As such, the Court should order the plaintiffs to provide a competent, Rule 26(a)(1)(A)(iii)-compliant computation of each category of damages the plaintiffs claim, and direct the plaintiffs to provide to the defendants all documents or data on which each such computation is based.

### D. THE DEFENDANTS' EFFORTS TO OBTAIN PLAINTIFFS' MANDATORY DISCLOSURES

Although Rule 26(a) is self-executing and the plaintiffs' disclosure obligation is mandatory, the defendants have had to expend significant effort and resources in their continuing attempt to obtain complete information from the plaintiffs. The plaintiffs first sued the

defendants on November 4, 2019, but failed to make Rule 26(a) Initial Disclosures to the defendants for more than 15 months. On April 13, 2021, the defendants asked the plaintiffs to make their Initial Disclosures no later than April 21, 2021. The plaintiffs did not respond, and they did not serve Initial Disclosures.

The defendants moved to compel on May 7, 2021 [DE 96]. On May 8, 2021, the Court ordered the plaintiffs to serve their Rule 26(a) Initial Disclosures no later than May 14, 2021 [DE 97]. The plaintiffs served "Plaintiffs' Initial Disclosures" on May 14, 2021. The plaintiffs' counsel signed those Initial Disclosures, certifying that to the best of his knowledge, information and belief, formed after a reasonable inquiry, that the plaintiffs' Initial Disclosures were complete and correct when made. Fed. R. Civ. P. 26(g)(1)(A).

The plaintiffs' Initial Disclosures, however, were evasive, incomplete and otherwise failed to comply with Rule 26(a)(1)(A). For example, the plaintiffs' witness disclosure listed 50 names *without* contact information. For each person named, the plaintiffs alluded to generic concepts and issues, rather than describe the subject(s) of discoverable information each person purportedly has.

The plaintiffs provided no documents to the defendants pursuant to Rule 26(a)(1)(A)(ii). The plaintiffs' descriptions of many broad and vague categories of documents made the universe of documents possibly encompassed staggeringly large and did nothing to aid the defendants in directing their discovery efforts. Further, the plaintiffs declined to report where any documents were purportedly located or how the defendants may inspect and copy them. Finally, the plaintiffs provided no computations for any damages category and no data from which any damages could be calculated.

On May 16, 2021, the defendants' counsel wrote to the plaintiffs' counsel identifying all

of the material deficiencies in the plaintiffs' Initial Disclosures and to requesting the undisclosed information. On May 18, 2021, the defendants' counsel spoke to the plaintiffs' counsel via telephone, again identifying all of the material deficiencies in the plaintiffs' Initial Disclosures and requesting the undisclosed information. The plaintiffs' counsel reported that the plaintiffs would provide the undisclosed information no later than May 21, 2021. On May 21, 2021, the plaintiffs' counsel asked for additional time – through May 24, 2021 – to provide the undisclosed information. The defendants' consented to the brief enlargement of time.

The plaintiffs served their Updated Disclosures on May 24, 2021. The plaintiffs' counsel signed those Initial Disclosures, certifying that to the best of his knowledge, information and belief, formed after a reasonable inquiry, that the plaintiffs' Initial Disclosures were complete and correct when made. Fed. R. Civ. P. 26(g)(1)(A). The Updated Disclosures, however, are evasive, incomplete and otherwise fail to comply with Rule 26(a)(1)(A), as they suffer from virtually all of the same material defects as in the plaintiffs' Initial Disclosures. On May 25, 2021, the defendants' counsel wrote to the plaintiffs' counsel to identify all of the material deficiencies in the plaintiffs' Updated Disclosures and to again request the undisclosed information, including the documents described in the Updated Disclosures, damages computations and financial and other data supporting those computations.

On May 27, 2021, the plaintiffs' counsel reported that the plaintiffs would provide copies of the documents identified in their Updated Disclosures by June 1, 2021. The plaintiffs' counsel further reported: "We respectfully disagree with your contention the amended disclosures are not adequate and submit they comply with the applicable rules."

The plaintiffs made available 1697 pages of documents to the defendants on June 4, 2021. There were no "Franchise Agreements between Happy Tax and its other current or former

franchisees"; "Promissory Notes and/or Personal Guaranty between Happy Tax and any Defendants"; "Franchisee accounting reconciliations prepared from April 2019 through the present"; damages computation(s); or financial records or other data from which any damages may be calculated, among them.

On June 8, 2021, the defendants' counsel wrote to the plaintiffs' counsel to ask the plaintiffs to identify, by Bates number, the "Franchisee accounting reconciliations prepared from April 2019 through the present"; damages computation(s); and supporting data from among the 1697 pages produced. On June 11, 2021, the plaintiffs' counsel reported that he "now realize[s] we [*i.e.*, the plaintiffs] do not have access [to Franchisee accounting reconciliations]". The plaintiffs' counsel did not respond to defense counsel's request for the plaintiffs to identify the damages computations and supporting data among the 1697 pages produced.

E. SANCTIONS

Despite the defendants' efforts, they still have not received competent or complete mandatory Rule 26(a) Initial Disclosures from the plaintiffs. Rule 37 which provides in pertinent part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless…In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard…may order payment of the reasonable expenses, including attorney's fees, caused by the failure…and…may impose other appropriate sanctions…"

Fed. R. Civ. P. 37(c)(1); *Rigby v. Philip Morris USA Inc.*, 717 F.App'x 834, 835 (11th Cir. 2017) (affirming order striking affidavit where party failed to describe the subject of the witness's discoverable information under Fed. R. Civ. P. 26(a)(1)(A)(i)); *Mee Industries v. Dow Chemical Co.*, 608 F.3d 1202, 1221–22 (11th Cir. 2010) (holding where a party fails to properly identify a

category of damages or provide calculations underlying it, a district court has discretion to exclude evidence relating to those damages); and *Professional LED Lighting, Ltd. v. Aadyn Tech. LLC*, No. 14-CIV-61376, 2015 WL 11578511, at *2 (S.D. Fla. July 24, 2015) (The "failure to provide a sufficient computation of damages may lead to the exclusion of evidence.").

The plaintiffs have failed to make competent and Rule 26(a)(1)(A)-compliant Initial Disclosures to the defendants. The plaintiffs have caused the defendants to needlessly expend their scarce resources to seek information that the plaintiffs are required to disclose. As such, the Court should preclude the plaintiffs from using any information or witness not timely, competently and completely disclosed to supply evidence on a motion, at a hearing or at a trial, and award the defendants their reasonable expenses incurred in making this motion, including attorney's fees.

### F.  CONCLUSION

Based on the foregoing, the defendants respectfully request that the Court grant their motion to compel and enter the relief requested in it.

### S.D. Fla. Local Rule 7.1(a)(3) Certification

Before filing this motion, I, as counsel for the defendants, conferred with (now former) counsel for the plaintiffs, Jeffrey A. Berman, Esq., in a good faith effort to resolve the issues raised in the motion but have been unable to do so.

>*/s/ Lonnie L. Simpson*
>Lonnie L. Simpson, Esq., FBN 821871
>lsimpson@shutts.com
>**SHUTTS & BOWEN LLP**
>4301 W. Boy Scout Blvd., Suite 300
>Tampa, Florida 33607
>Telephone: (813) 229-8900
>*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on June 26, 2021, I electronically filed the forgoing Defendants' Motion to Compel Competent Initial Disclosures and Memorandum in Support with the Clerk of the Court via CM/ECF which will send an electronic notice to counsel of record; and to *pro se* plaintiffs Mario Costanz and Happy Tax Franchising, LLC, via e-mail to mario@happytax.com, 350 Lincoln Road, Miami Beach, FL 33139.

>                             */s/ Lonnie L. Simpson*
>                             ATTORNEY