UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:19-cv-24539-FAM

HAPPY TAX FRANCHISING, LLC *et al.*,

    Plaintiffs,

v.

JAMEY HILL, *et al.*,

    Defendants.

### DEFENDANTS' MOTION FOR SANCTIONS FOR PLAINTIFFS' CONTINUED FAILURE TO MAKE RULE 26(a)-COMPLIANT DISCLOSURES AND MEMORANDUM IN SUPPORT

Defendants Jamey Hill, The JL Hill Group LLC, Tricia Drago and Banyan Accounting, LLC, by counsel and pursuant to Rule 37, Federal Rules of Civil Procedure, move the Court to sanction the plaintiffs for failing to comply with the Court's disclosure order and for failing to provide information or identify witnesses as Rule 26(a)(1)(A)(i)–(iii) requires. In support, the defendants state:

1. The Court heard and granted the defendants' second motion to compel the plaintiffs to make Rule 26(a)-compliant Initial Disclosures [DE 107, DE 121, DE 126] on September 8, 2021. During that hearing, the Court found that the May 24, 2021 "Plaintiffs' Updated Initial Disclosures" ("Updated Disclosures") failed to competently identify potential witnesses; failed to disclose documents or electronically stored information ("ESI"); and, failed to provide any computation of any category of damages or supporting data. The Court directed each plaintiff to serve Rule 26(a)-compliant disclosures on the defendants within fourteen days (or no later than September 22, 2021) and to pay to the defendants $2082.50 toward their attorneys' fees.

1

2. The plaintiffs each served near-identical "Supplemental Initial Disclosures" ("Supplemental Disclosures") on September 23, 2021, copies of which are attached as Exhibits 1 and 2, respectively, to this motion. The only minor differences between the plaintiffs' Updated Disclosures and their Supplemental Disclosures are the few words and self-serving phrases which are highlighted yellow in Exhibits 1 and 2. These few additional words and phrases do nothing to competently disclose any potential witness, any document or ESI, any damages computation or any data from which damages may be computed.

### Still No Discernable Person-Specific Description of Information

3. Like the plaintiffs' deficient Initial Disclosures and Updated Disclosures, the plaintiffs' Supplemental Disclosures list the same 50 people and repeat exactly the same general concepts or issues for each person identified, including:

    a. "knowledge regarding the business operation of Happy Tax" (persons 1-11);

    b. "the franchise relationship between Happy Tax and [several different franchisees]" (persons 1-19);

    c. "terms and provisions of the various agreements between Happy Tax and [several different franchisees]" (persons 1-3, 5-12);

    d. "breaches by Defendants of the various agreements between Happy Tax and these Defendants" (persons 1-3, 5-19);

    e. "defamatory statements published about Plaintiffs that are the subject of this action" or "the defamatory and disparaging communications disseminated by these Defendants" (persons 1-19);

    f. "certain defamatory statements made by [Tricia Drago or Jamey Hill] about Plaintiffs in and around [May – June 2019, September 2019, December 2019, January 2020, or no date provided]" (persons 20-50); and

    g. "the extensive damages Plaintiffs suffered…" (persons 1, 7-19).

4. To "supplement" those general concepts or issues, the plaintiffs added superfluous words and self-serving phrases, such as:

    a. "…a former defendant, signed the letter to regulators, reporting Happy Tax Franchising" (persons 4-6);

    b. "…an executive employee who participated in company conference calls.." or "participated on the calls" (persons 7-10, 12-19);

    c. "a franchisee", "franchisee engaged in the parent company activity", or "an engaged franchisee" (persons 20-39, 42-44, 47-48); and

    d. "an independent contractor", "[Ms.] Drago's sister" and "invested $1 million in the company" (persons 41, 45-46, 49-50).

Even with these additional words and phrases, however, the plaintiffs still fail to competently disclose the subject of any discoverable information that any particular person purportedly has, as Rule 26(a)(1)(A)(i) requires.

### Still No Records Disclosed By Copy, Description, Category or Location

5. The plaintiffs did not produce a single document or ESI record to the defendants with their Supplemental Disclosures. Similarly, the plaintiffs did not identify any document or ESI *via* description, category or location in their Supplemental Disclosures, as Rule 26(a)(1)(A)(ii) compels.

### Still No Damages Computation or Supporting Materials

6. The plaintiffs did not disclose any damages computation in or with their Supplemental Disclosures. The plaintiffs similarly did not disclose any document or other evidentiary material from which damages may be computed. Instead, the plaintiffs merely repeated the same meandering narrative from their Updated Disclosures and mused about "Financial statements for 2015 through 2019", "franchisee reconciliations", a "franchise fee revenue chart", a "Reconciliation Master Log", "emails" and an "affidavit from Lorris Knox".

The plaintiffs' narratives and musings do not, however, provide a single computation of any damages category nor disclose any supporting evidentiary material. Again, the plaintiffs failed entirely to comply with Rule 26(a)(1)(A)(iii).

7. On September 24, 2021, the Court entered a written order granting the defendants' second motion to compel [DE 126]. That order again instructed each plaintiff to amend and supplement his or its deficient disclosures no later than October 8, 2021.

8. The defendants' counsel conferred with the plaintiffs' counsel and *pro se* plaintiff Mario Costanz to obtain Rule 26(a)-compliant Initial Disclosures from the plaintiffs, including competent witness identification, documents, ESI, damages computations and supporting evidentiary materials. On September 29, 2021, for example, defense counsel wrote to the plaintiffs' counsel and Mario Costanz, identified the material deficiencies in the plaintiffs' respective Supplemental Disclosures and renewed the defendants' request for Rule 26(a)-compliant disclosures.

9. On October 1, 2021, defense counsel wrote to the plaintiffs' counsel and Mario Costanz to confirm that (i) no documents were provided to the defendants with the plaintiffs' Supplemental Disclosures; (ii) the plaintiffs failed to competently disclose any subject of discoverable information that any person identified likely has; (iii) the plaintiffs disclosed no documents or ESI in or in connection with their Supplemental Disclosures, and to ask whether the plaintiffs intended to provide Rule 26(a)-compliant disclosures on or before October 8, 2021.

10. On October 5, 2021, the plaintiffs' counsel wrote that the plaintiffs had purportedly "submitted" some unspecified documents "with the supplemental disclosure document". That afternoon, defense counsel wrote to the plaintiffs' counsel to again confirm that the defendants had not received any documents from the plaintiffs – with her September 23,

2021 3:37 a.m. e-mail message that transmitted their Supplemental Disclosures – or otherwise.

11.     The plaintiffs have failed to pay to the defendants the $2082.50 that the Court directed them to pay on September 8, 2021.

12.     The plaintiffs' continuing failure to make Rule 26(a)-compliant Initial Disclosures or to comply with the Court's Orders is neither substantially justified nor harmless.

13.     The defendants certify that, pursuant to Rule 37, they, through counsel, have in good faith conferred with counsel for the plaintiffs and the *pro se* plaintiff in an effort to secure Rule 26(a)-compliant disclosures from the plaintiffs without court action, but have not succeeded in their efforts.

 Accordingly, the defendants Jamey Hill, The JL Hill Group LLC, Tricia Drago and Banyan Accounting, LLC respectfully request that the Court enter an Order as follows:

A.     Prohibiting the plaintiffs from supporting any of the remaining claims directed against the defendants in the plaintiffs' third amended complaint and from opposing any of the defendants' defenses to those claims at trial or otherwise;

B.     Precluding the plaintiffs from using any document, ESI, other information or witness to supply evidence at trial, on a motion or at any hearing;

C.     Directing the plaintiffs to immediately pay to the defendants' counsel $2082.50 pursuant to the Court's September 8, 2021 attorneys' fees award;

D.     Directing the plaintiffs to pay all of the defendants' reasonable expenses, including attorneys' fees, incurred because of the plaintiffs' continuing failure to make Rule 26(a)-compliant disclosures from April 1, 2021 forward; and,

E.     Granting such other and further relief as the Court deems appropriate under the circumstances.

**MEMORANDUM IN SUPPORT**

For more than 23 months, the plaintiffs have continually failed to comply with their mandatory Rule 26(a)(1)(A) disclosure obligations. In doing so, the plaintiffs violated the Court's May 8, September 8 and September 24, 2021 discovery Orders [DE 97, DE 121, DE 126]. In particular, the plaintiffs did not competently describe the subjects of discoverable information that any person identified in their Supplemental Disclosures likely has. The plaintiffs did not competently disclose any documents or ESI that they may use to support their claims or defenses. The plaintiffs provided no computation for any damages category and materials from which damages may be computed. The Court has allowed the plaintiffs had many opportunities and time enlargements to make Rule 26(a)(1)(A) compliant Initial Disclosures during the past seven months.

Trial is set for the two-week period beginning November 8, 2021 [DE 100]. Several pretrial activities – including detailed disclosure of trial witnesses and exhibits and submission of a pretrial stipulation – must be completed between October 18, 2021 and October 26, 2021 [*Id*.]. The plaintiffs' persistent failure to make Rule 26(a) compliant witness, document and damages disclosures have made the defendants' compliance with the Court's pretrial order virtually impossible and place the defendants in an extremely unfair position at trial. As such, the Court should prohibit the plaintiffs from asserting any of their remaining claims against the defendants, from opposing the defendants' defenses to those claims and from using any person, document, ESI record, calculation or other material at trial, or in any other context.

A. **THE PLAINTIFFS' STILL-DEFICIENT "SUPPLEMENTAL" WITNESS DISCLOSURE**

Rule 26(a)(1)(A)(i) requires the plaintiffs to identify people likely to have discoverable information "along with the subjects of that information". For competent and

complete initial witness disclosure, "it is not sufficient for a party to merely state that a person may have discoverable information with regard to issue 'X' (*e.g.*, age discrimination). [A party] must provide a *general description of the information each individual could provide.*" *Hawthorne v. Baptist Hosp., Inc.*, 3:08CV154/MCR/MD, 2008 WL 4826112, at *2 (N.D. Fla. Nov. 4, 2008) (emphasis in original).

In *Hawthorne*, a plaintiff listed several witnesses saying each "may have discoverable information on the age discrimination and retaliation issues." *Id*. at *1. As the plaintiff's generic description of subjects of discoverable information – repeated for every potential witness identified – did not specifically describe the discoverable information each witness likely had, the *Hawthorne* Court found the plaintiffs failed to "make complete disclosure under Rule 26(a)(1)(A)". *Id*. at *2. As such, the court ordered the plaintiffs to "make full initial disclosures under Rule 26(a)(1)(A)…or risk having this action dismissed." *Id*.

Similarly, in *Regions Bank v. Kaplan*, 8:12-CV-1837-T-17MAP, 2013 WL 12341085 at *1 (M.D. Fla. May 7, 2013), a district court applied the *Hawthorne* Court's reasoning and made a similar ruling as to a defendant's initial witness disclosure. In *Kaplan*, a defendant disclosed several witnesses saying each had "[i]nformation related to the issues raised in this case". Citing *Hawthorne*, the *Kaplan* Court reasoned and held:

> When making these types of disclosures, it is not enough to say that a witness has information regarding an issue raised in the case…Defendants' witness disclosure fails to meet this obligation because it fails to describe, in any discernable manner, the information possessed by each individual.

*Id*.

More recently, a district court applied the *Hawthorne* and *Kaplan* rationales to assess defendants' initial witness disclosure compliance with Rule 26(a)(1)(A)(i) in *Hearndon v. Hearndon*, 6:19-cv-141-Orl-37TBS, 2019 WL 2436450, at *2, (M.D. Fla. June 11, 2019). In

*Hearndon*, the defendants listed eighteen witnesses and described the discoverable information for each as follows:

> The following witnesses will testify regarding liability, sustained damages, economic losses, medical (physical and mental) condition of decedent…, and facts contained in Defendants, [] Answer to Complaint and Crossclaim, and other pleadings and will offer evidence in support of Defendants' claims for the entire insurance proceeds and death benefits, attorneys' fees, costs and prejudgment interest and facts in opposition to Plaintiff['s] claims for any monetary or other relief.

*Id*. Applying *Hawthorne* and *Kaplan*, the *Hearndon* Court found the defendants' witness disclosure deficient, ruling: "Plaintiff is entitled to know the subjects of the information these individuals have that Defendants might utilize". *Id*. As such, the court ordered the defendants to supplement their initial disclosures "to include more specific descriptions of the information each listed individual possessed" and awarded the plaintiff her "reasonable legal expenses for bringing the motion to compel". *Id*.

Like the deficient witness disclosures in *Hawthorne*, *Kaplan* and *Hearndon*, the plaintiffs' "supplemental" repetitive references to generic concepts and issues "fail[] to describe, in any discernable manner, the information possessed by each individual", *Kaplan*, 2013 WL 12341085, at *1, and hindered the defendants' ability to direct their discovery efforts. The defendants are "entitled to know the subjects of the information [each] individual[] ha[s] that the [plaintiffs] might utilize". *Hearndon*, 2019 WL 2436450, at *2 (alterations supplied).

The plaintiffs have failed to describe, in any discernable manner, the information that any person identified in their Supplemental Disclosures may have, as Rule 26(a)(1)(A)(i) mandates.

### B.     THE PLAINTIFFS DISCLOSED NO DOCUMENTS

Rule 26(a) requires the plaintiffs to disclose, by providing a copy or by specifically listing by particular category and location, all documents that they may use to support their

8

claims, defenses or to oppose the defendants' defenses.  Fed. R. Civ. P. 26(a)(11)(A)(ii); *Hawthorne v. Baptist Hosp., Inc*., 3:08CV154/MCR/MD, 2008 WL 4826112, at *2 (N.D. Fla. Nov. 4, 2008) ("[B]y this time, plaintiff should have an idea of the documents he might use to support his claims.  All of these documents must be disclosed.").  "Should a party elect to describe, rather than copy, its tangible information, the items' description must be specific enough to allow opposing parties the ability to direct their discovery efforts." *Regions Bank v. Kaplan*, 8:12-CV-1837-T-17MAP, 2013 WL 12341085 at *1 (M.D. Fla. May 7, 2013) (finding defendants' disclosure list of "checks, statements, promissory notes[,] and correspondence" to be "inadequate under Rule 26(a)(1)(A)(ii)").

The plaintiffs did not provide a copy of any document or a description by category and location of a single document in or in connection with their Supplemental Disclosures, as Rule 26(a)(1)(A)(ii) compels.

### C. THE PLAINTIFFS DISCLOSED NO DAMAGES COMPUTATIONS OR SUPPORTING EVIDENTIARY MATERIALS

Rule 26(a)(1)(A)(iii) requires the plaintiffs to provide a computation (and supporting evidentiary material) for each category of damages that either one of them claims. *De Varona v. Discount Auto Parts, LLC*, No. 12-20714-CIV, 2012 WL 2334703, at *1 (S.D. Fla. June 19, 2012) ("Plaintiff must compute in dollars how much she claims for each category of damages."). A competent damages disclosure should provide "sufficient detail so as to enable each defendant to understand the contours of its potential exposure and make informed decisions as to settlement and discovery." *Professional LED Lighting, Ltd. v. Aadyn Tech. LLC*, No. 14-CIV-61376, 2015 WL 11578511, at *2 (S.D. Fla. July 24, 2015); *Okereke v. Cmty. Hospice of Northeast FL, Inc*., No. 3:15-cv-235-J-32MCR, 2015 WL 5601960 (M.D. Fla. Sept. 22, 2015) ("However, it is unclear what is included in the category of actual damages, what the total amount is, and how it

9

is calculated. Plaintiff needs to be more specific and include a computation…"); *Pressman v. Publix Super Markets, Inc.*, No. 06-61350, 2007 WL 9700541, at *1 (S.D. Fla. May 3, 2007) (damages computation requires "some analysis of how Plaintiff derived the dollar amount she claims for each category of damages."); and *Regions Bank v. Kaplan*, 8:12-CV-1837-T-17MAP, 2013 WL 12341085 at *1 (M.D. Fla. May 7, 2013) ("It is not enough to simply provide a total damages figure; if possible, parties must supply calculations in order to illustrate how a final figure was reached."). "[T]o comply with Rule 26**,** [the plaintiffs] must point to the specific evidence of his damages that he intends to rely on at trial, not merely point to all of the discovery in the entire case and say 'it's in there.'" *Kuczynski v. Lyra Mgmt., Inc.*, No. 08-62067, 2010 WL 11504718 (S.D. Fla. Feb. 8, 2010) (alteration added). The defendants are "entitled to such information in order to prepare for any settlement discussions, mediation and trial of this cause." *Dunstan v. Wal-Mart Stores East, L.P.*, No. 3:07-cv-713-J-32TEM, 2008 WL 2025313, at *1 (M.D. Fla. May 9, 2008).

Despite Rule 26(a)(1)(A)(iii)'s clear mandate, the plaintiffs did not disclose any damages computation or supporting materials in or with their Supplemental Disclosures.

### D. THE DEFENDANTS' EFFORTS TO OBTAIN COMPLIANT MANDATORY DISCLOSURES

The plaintiffs' disclosure obligations are mandatory and Rule 26(a)(1)(A) is self-executing. Over the past seven months, however, the defendants have had to expend significant time, effort and other resources in their continuing attempt to obtain Rule 26(a)(1)(A)-compliant information from the plaintiffs. The plaintiffs first sued the defendants on November 4, 2019, but failed to make Rule 26(a) disclosures to the defendants for more than 15 months. On April 13, 2021, the defendants asked the plaintiffs to make their disclosures no later than April 21, 2021. The plaintiffs did not respond, and they did not serve initial disclosures.

The defendants moved to compel on May 7, 2021 [DE 96]. On May 8, 2021, the Court ordered the plaintiffs to serve their Rule 26(a) Initial Disclosures no later than May 14, 2021 [DE 97]. The plaintiffs served "Plaintiffs' Initial Disclosures" ("Initial Disclosures") on May 14, 2021. The plaintiffs' then-counsel signed those Initial Disclosures, certifying under Rule 26(g)(1)(A) that to the best of his knowledge, information and belief, formed after a reasonable inquiry, that the plaintiffs' Initial Disclosures were complete and correct when made.

The plaintiffs' Initial Disclosures, however, were evasive, incomplete and otherwise failed to comply with Rule 26(a)(1)(A). For example, the plaintiffs' purported witness disclosure listed 50 names without contact information. For each named, the plaintiffs alluded to generic concepts and issues, instead of describing the subjects of discoverable information each person purportedly has.

Similarly, the plaintiffs provided no documents with their Initial Disclosures nor competently described, by category and location, any documents to the defendants, as Rule 26(a)(1)(A)(ii) requires. The plaintiffs' descriptions of many broad and vague categories of documents made the universe of documents possibly encompassed staggeringly large and did nothing to aid the defendants in directing their discovery efforts. Finally, the plaintiffs provided no damages computation or supporting data to the defendants.

On May 16, 2021, defense counsel wrote to the plaintiffs' counsel identifying all of the material deficiencies in the plaintiffs' Initial Disclosures and to request Rule 26(a)-compliant disclosures from the plaintiffs. On May 18, 2021, defense counsel spoke to the plaintiffs' then counsel via telephone, again identifying all of the material deficiencies in the plaintiffs' Initial Disclosures and requesting the undisclosed information. The plaintiffs' counsel reported that the plaintiffs would provide the undisclosed information no later than May 21, 2021. On May 21,

2021, the plaintiffs' counsel asked for additional time – through May 24, 2021 – to provide the undisclosed information. The defendants consented to the brief enlargement of time.

The plaintiffs served their Updated Disclosures on May 24, 2021. The plaintiffs' counsel signed those Updated Disclosures, certifying under Rule 26(g)(1)(A) that to the best of his knowledge, information and belief, formed after a reasonable inquiry, that the plaintiffs' Updated Disclosures were complete and correct when made. The Updated Disclosures, however, were evasive, incomplete and otherwise failed to comply with Rule 26(a)(1)(A), as they suffer from virtually all of the same material defects as the plaintiffs' Initial Disclosures. On May 25, 2021, defense counsel wrote to the plaintiffs' counsel to identify all of the material deficiencies in the plaintiffs' Updated Disclosures and to again request the undisclosed information, including the documents described in the Updated Disclosures, damages computations and financial and other data that supports those computations.

On May 27, 2021, the plaintiffs' counsel reported that the plaintiffs would provide copies of the documents identified in their Updated Disclosures by June 1, 2021. The plaintiffs' counsel further reported: "We respectfully disagree with your contention the amended disclosures are not adequate and submit they comply with the applicable rules."

The plaintiffs made available 1697 pages of documents to the defendants on June 4, 2021. There were no "Franchise Agreements between Happy Tax and its other current or former franchisees"; "Promissory Notes and/or Personal Guaranty between Happy Tax and any Defendants"; "Franchisee accounting reconciliations prepared from April 2019 through the present"; damages computation(s); or financial records or other data from which any damages may be calculated, among those pages.

On June 8, 2021, defense counsel wrote to the plaintiffs' counsel to ask the plaintiffs to

identify, by Bates number, the "Franchisee accounting reconciliations prepared from April 2019 through the present"; damages computation(s); and supporting data from among the 1697 pages produced. On June 11, 2021, the plaintiffs' counsel reported that he "now realize[s] we [*i.e.*, the plaintiffs] do not have access [to Franchisee accounting reconciliations]". The plaintiffs' counsel did not respond to defense counsel's request for the plaintiffs to identify the damages computations and supporting data among the 1697 pages.

The defendants moved a second time to compel the plaintiffs to make Rule 26(a)(1)(A)-compliant disclosures on June 26, 2021 [DE 107]. At the *pro se* plaintiffs' request, the Court enlarged the time for the plaintiffs to respond to the defendants' second motion to compel through August 5, 2021 [DE 109]. Even after that additional time, the plaintiffs failed to make Rule 26(a)-compliant disclosures to the defendants or to explain why they had not. As such, during a September 8, 2021 hearing, the Court found the plaintiffs' Updated Disclosures deficient, directed each plaintiff to amend and supplement to make fully-compliant disclosures to the defendants within 14 days and awarded the defendants $2085.50 in sanctions.

The plaintiffs served their deficient Supplemental Disclosures on September 23, 2021. The plaintiffs' counsel and *pro se* plaintiff Mario Costanz each signed the respective Supplemental Disclosures certifying pursuant to Rule 26(g)(1)(A) that to the best of her and his knowledge, information and belief, formed after a reasonable inquiry, that the plaintiffs' Supplemental Disclosures were complete and correct when made. As is clear, the plaintiffs' counsel's and Mario Costanz's certifications are false.

Later, the Court enlarged the time for the plaintiffs to make Rule 26(a)(1)(A)-compliant Initial Disclosures to the defendants through October 8, 2021 [DE 121]. Despite that additional time, and defense counsel's three attempts to obtain compliant disclosures from the plaintiffs

from September 29, 2021 through October 5, 2021, the plaintiffs' Supplemental Disclosures are evasive, incomplete and fail entirely to comply with Rule 26(a)(1)(A).

    **E.    SANCTIONS**

Trial is currently scheduled for the two-week period beginning November 8, 2021 [DE 100]. Among other pretrial tasks, the plaintiffs are required to file their final trial witness and trial exhibits lists no later than 5:00 p.m., October 20, 2021, and the defendants must do the same two days later. Despite all of the defendants' efforts over the past seven months, the plaintiffs still have not made Rule 26(a)-compliant disclosures to the defendants, which has caused the defendants prejudice and undue hardship. To that end, Rule 37 provides in pertinent part:

> If a party…fails to obey an order to provide or permit discovery, including an order under Rule 37(a)…the court…(i) direct[] that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; [and] (ii) prohibit[] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence[.]
>
>                               ***
>
> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless…In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard…may order payment of the reasonable expenses, including attorney's fees, caused by the failure…and…may impose other appropriate sanctions[.]

Fed. R. Civ. P. 37(b)(2)(A)(i)-(ii); 37(c)(1)(A) & (C). *Rigby v. Philip Morris USA Inc.*, 717 F.App'x 834, 835 (11th Cir. 2017) (affirming order striking affidavit where party failed to describe the subject of the witness's discoverable information under Fed. R. Civ. P. 26(a)(1)(A)(i)); *Mee Industries v. Dow Chemical Co.,* 608 F.3d 1202, 1221–22 (11th Cir. 2010) (holding where a party fails to properly identify a category of damages or provide calculations underlying it, a district court has discretion to exclude evidence relating to those damages); and

*Professional LED Lighting, Ltd. v. Aadyn Tech. LLC*, No. 14-CIV-61376, 2015 WL 11578511, at *2 (S.D. Fla. July 24, 2015) (The "failure to provide a sufficient computation of damages may lead to the exclusion of evidence.").

Although the Court twice ordered the plaintiffs to make Rule 26(a)(1)(A)-compliant disclosures to the defendants, the plaintiffs have failed -- or refused – without justification, to do that. Through their failure, the plaintiffs have caused the defendants to needlessly expend their scarce resources to seek information that the plaintiffs are required to disclose, have made compliance with the Court's pretrial order near impossible and have put the defendants in a prejudicial and unfair evidentiary disadvantage at trial. As such, the Court should prohibit plaintiffs from using any document, ESI, other information or witness to adduce evidence at trial, or any hearing, and award the defendants all of the expenses incurred since April 1, 2021 because of the plaintiffs' persistent failure to comply.

F.  **CONCLUSION**

Based on the foregoing, the defendants respectfully request that the Court grant their motion for sanctions and enter the relief requested in it.

**S.D. Fla. Local Rule 7.1(a)(3) Certification**

Before filing this motion, I, as counsel for the defendants, conferred with counsel for the plaintiffs and the *pro se* plaintiff Mario Costanz in a good faith effort to resolve the issues raised in the motion but have been unable to do so.

/s/ Lonnie L. Simpson
Lonnie L. Simpson, Esq., FBN 821871
lsimpson@shutts.com
**SHUTTS & BOWEN LLP**
4301 W. Boy Scout Blvd., Suite 300
Tampa, Florida 33607
Telephone: (813) 229-8900
*Counsel for Defendants*

15

## CERTIFICATE OF SERVICE

I certify that on October 13, 2021, I electronically filed the forgoing Defendants' Motion for Sanctions for Plaintiffs' Continued Failure to Make Rule 26(a)-Compliant Disclosures and Memorandum in Support with the Clerk of the Court via CM/ECF which will send an electronic notice to counsel of record and to *pro se* plaintiff Mario Costanz.

*/s/ Lonnie L. Simpson*
ATTORNEY
