UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:19-cv-24539-FAM

| | |
|---|---|
| HAPPY TAX FRANCHISING, LLC and MARIO COSTANZ, <br><br>         Plaintiffs, <br><br> v. <br><br> JAMEY HILL, THE JL HILL GROUP, LLC, TRICIA DRAGO, BANYAN ACCOUNTING, LLC, <br><br>         Defendants. | |
| JAMEY HILL, THE JL HILL GROUP LLC, TRICIA DRAGO and BANYAN ACCOUNTING, LLC, <br><br>         Counterclaim and Third-Party Plaintiffs, <br><br> v. <br><br> MARIO COSTANZ, HAPPY TAX HOLDING CORP., HAPPY TAX FRANCHISING, LLC, TED MUFTIC, MICHAEL HADZIPANAJOTIS and MONICA POIRIER, <br><br>         Counterclaim and Third-Party Defendants. | |

**THIRD-PARTY PLAINTIFFS' MOTION TO STRIKE
MICHAEL HADZIPANAJOTIS'S AFFIRMATIVE DEFENSES
AND MEMORANDUM IN SUPPORT**

Third-party plaintiffs Jamey Hill ("Mr. Hill"), The JL Hill Group LLC ("JLHG"), Tricia Drago ("Ms. Drago") and Banyan Accounting, LLC ("Banyan") (collectively "Third-Party Plaintiffs"), by counsel and pursuant to Rule 12(f), Federal Rules of Civil Procedure, move to strike third-party defendant Michael Hadzipanajotis's affirmative defenses. In support, the Third-Party Plaintiffs state:

1.   Mr. Hill, JLHG, Ms. Drago and Banyan filed their Answer, Defenses, Counterclaim and Third-Party Complaint [ECF No. 125] on September 17, 2021. In it, they

1

asserted for different federal securities fraud claims against Michael Hadzipanajotis ("Mr. Hadzipanajotis") [ECF No. 125 at 60-64, 65-68].

2. Mr. Hadzipanajotis served his answer and affirmative defenses to the third-party complaint [ECF No. 155] on October 21, 2021. In his answer, Mr. Hadzipanajotis specifically denies each and every allegation made in the third-party complaint, and includes the following fourteen purported affirmative defenses:

- [First] The Third-party Plaintiff[sic] fails to state a claim upon which relief may be granted.

- [Second] The Third-party Plaintiff's[sic] claims are barred in whole or in part by the doctrine of unclean hands.

- [Third] The Third-party Plaintiff's[sic] claims are barred in whole or in part by the doctrine of estoppel.

- [Fourth] The Third-party Plaintiff's[sic] claims are barred in whole or in part by the doctrine of waiver and/or laches.

- [Fifth] The Third-party Plaintiff's[sic] claims are barred in whole or in part by the statute of frauds.

- [Sixth] The Third-party Plaintiff's[sic] claims are barred in whole or in part by their own breaches of contract as plead in Defendants' Counterclaims.

- [Seventh] The Third-party Plaintiff's[sic] claims are barred in whole or in part by their own breaches of the implied covenant of good faith and fair dealing as plead in Defendants' Counterclaims.

- [Eighth] The Third-party Plaintiff's[sic] claims are barred in whole or in part by the doctrine of unjust enrichment.

- [Ninth] The Third-party Plaintiff's[sic] claims are barred in whole or in part by their own intentional and/or negligent misrepresentation as plead in Defendants' Counterclaims.

- [Tenth] The Third-party Plaintiff's[sic] claims are barred in whole or in part because they prevented Defendants' performance of the contract as Plead in Defendants' Counterclaims.

- [Eleventh] The Third-party Plaintiff's[sic] claims are barred in whole or in part by their violations of M.G.L. c. 244 as plead in Defendants' Counterclaims.

➢ [Twelfth] The party Plaintiff's[sic] claims are barred in whole or in part because of impossibility of performance as plead in Defendants' counterclaims.

➢ [Thirteenth] The Third-party Plaintiff's[sic] claims are barred in whole or in part because the contract entered into violates public policy as plead in Defendants' counterclaims.

➢ [Fourteenth] The Third-party Plaintiff's[sic] are barred in whole or in part and are offset by any damages recovered through Defendants' Counterclaims.

3. Each of Mr. Hadzipanajotis's fourteen defenses is legally insufficient as pleaded and should be stricken. Nine of those defenses ("Fifth" through "Fourteenth Affirmative Defense[s]") are insufficient as a matter of law and should be stricken with prejudice.

As Mr. Hadzipanajotis fails to establish any legally-sufficient affirmative defense to any of the claims asserted against him, the Third-Party Plaintiffs respectfully request that the Court enter an Order striking each of Mr. Hadzipanajotis's fourteen affirmative defenses, and granting other such relief as the Court deems appropriate.

## MEMORANDUM IN SUPPORT

Rule 8(b)(1)(A) requires a party to "state in short and plain terms its defenses to each claim asserted against it". Fed. R. Civ. P. 8(b)(1)(A); *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F.Supp.2d 1314, 1318 (S.D. Fla. 2005) ("[A] court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint."). "An affirmative defense is one that admits to the complaint, but avoids liability…by a new allegation of excuse, justification or other negating matter." *MSPA Claims 1, LLC v. Covington Spec. Ins. Co.*, 2021 WL 1390371, at *1, No. 19-21538-civ (S.D. Fla. Apr. 13, 2021) (citations omitted) ("A defendant must admit the essential facts and bring forth other facts in justification or avoidance to establish an affirmative defense."); *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681,

3

684 (M.D. Fla. 2002) (holding that where a defendant "failed to allege any facts whatsoever in support", its affirmative defense fell "woefully short" of Rule 8's liberal pleading requirements).

A court may strike from a pleading any insufficient defense. Fed. R. Civ. P. 12(f). Although striking an affirmative defense is a "drastic remedy", an affirmative defense "must be stricken when the defense is comprised of no more than 'bare-bones, conclusory allegations' or is 'insufficient as a matter of law.'" *Dionisio v. Ultimate Images & Designs, Inc.*, 391 F.Supp.3d 1187, 1192 (S.D. Fla. 2019) (citations omitted); *MSPA Claims 1, LLC*, 2021 WL 1390371, at *1, No. 19-21538-civ (S.D. Fla. Apr. 13, 2021) ("An affirmative defense may also be stricken as insufficient if: '(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'").

An affirmative defense should be stricken "with prejudice when it is insufficient as a matter of law." *MSPA Claims 1, LLC*, 2021 WL 1390371, at *2 (citations omitted); *Katz v. Chevaldina*, 2013 WL 2147156, at *3, No. 12022211-civ (May 15, 2013) (striking, with prejudice, three affirmative defenses to a claim for statutory damages under the Copyright Act where plaintiff did not seek statutory damages but actual damages and injunctive relief). "Otherwise, district courts may strike the technically deficient affirmative defense without prejudice" with leave to amend. *Id.*; *Katz*, 2013 WL 2013 WL 2147156, at *3 (striking, with leave to amend, nine affirmative defenses that amounted "to nothing more than 'bare bones, conclusory allegations,' devoid of any factual support.").

I.    **INSUFFICIENT AS PLEADED**

None of Mr. Hadzipanajotis's fourteen defenses indicates which (if any) applies to any one of the four claims asserted against him in the third-party complaint. Each of those defenses is nothing more than a "bare bones, conclusory allegation, devoid of factual support." As Mr.

Hadzipanajotis does not confess liability nor allege any facts on which he may conceivably avoid liability in any of his defenses, he has not established any affirmative defense. For these reasons alone, the Court should strike each of Mr. Hadzipanajotis's fourteen affirmative defenses.

Further, for his "First" through "Fourth Affirmative Defense[s]", Mr. Hadzipanajotis summarily alleges "The Third-party Plaintiff[sic] fails to state a claim upon which relief may be granted" and "The Third-party Plaintiff's[sic] claims are barred in whole or part by" the following doctrines: "unclean hands"; "estoppel"; "unjust enrichment". These defenses are devoid of any facts that suggest any one of the doctrines is in any way applicable to any one of the Third-Party Plaintiffs' four federal securities fraud claims directed against Mr. Hadzipanajotis. As such, these defenses do not provide the Third-Party Plaintiffs adequate notice to permit them to properly litigate these issues, so the court should strike Mr. Hadzipanajotis's "First" through "Fourth Affirmative Defenses". *Harapeti v. CBS Telev. Stations, Inc.*, 2021 WL 1854141, at \*3-\*4, No. 20-cv-20961 (May 10, 2021); *Katz*, 2013 WL 2013 WL 2147156, at \*3 (noting "[m]any of the affirmative defenses fail to even identify the elements of such a defense, let alone provide factual support thereof. Significantly, none satisfy Rule 8 pleading standards.").

## II.    INSUFFICIENT AS A MATTER OF LAW

It is clear that Mr. Hadzipanajotis cannot succeed under any set of facts as to any of his "Fifth" through "Fourteen Affirmative Defenses", so they should be stricken with prejudice. *Mendez v. Jarden Corp.*, No. 10-80966-civ, 2011 WL 13227824, at \*1 (S.D. Fla. June 29, 2011); *Morrison,* 434 F.Supp.2d at 1319 ("As plaintiff has not alleged any retaliation claim, the Fourth Affirmative Defense is legally insufficient and must be stricken with prejudice."); *Harapeti v. CBS Telev. Stations, Inc.*, 2021 WL 1854141, at \*5 (striking, without leave to amend, a defense

as to claims involving harassment because the plaintiff's complaint asserted no harassment claim).  To begin, Mr. Hadzipanajotis's "Fifth Affirmative Defense" reads:  "The Third-party Plaintiff's[sic] claims are barred in whole or part by the statute of frauds."  State statutes of frauds, however, do not foreclose a plaintiff's federal securities fraud claims.  See *Fogarty v. Sec. Trust Co.*, 532 F.2d 1029, 1034 (5th Cir. 1976) ("Of course, state statutes of frauds do not bar recovery under 10b-5.") citing *Wolf v. Frank*, 477 F.2d 467 (5th Cir. 1972) *cert. denied*, 414 U.S. 975 (1973); *Hooper v. Mountain States Secs. Corp.*, 282 F.2d 195 (5th Cir. 1960), *cert. denied*, 365 U.S. 814 (1961).  As it is legally insufficient, the court should strike Mr. Hadzipanajotis's "Fifth Affirmative Defense", without leave to amend.

The same result applies as to Mr. Hadzipanajotis's "Eleventh Affirmative Defense" which reads:  "The Third-party Plaintiff's[sic] claims are barred in whole or in part by their violations of M.G.L. c. 244 as plead[sic] in Defendants' Counterclaims".  Massachusetts General Laws Chapter 244, titled "Foreclosure and Redemption of Mortgages", governs the process by which a mortgage secured by real property located in Massachusetts is enforced and foreclosed.  Mr. Hill, JLHG, Ms. Drago and Banyan did not plead any "violation of M.G.L. c. 244" as "counterclaims" (as against the plaintiffs) or as claims in the third-party complaint.  As such, Mr. Hadzipanajotis's "Eleventh Affirmative Defense" is legally insufficient, such that it should be stricken without leave to amend.

For Mr. Hadzipanajotis's remaining defenses (*i.e.*, "Sixth" through "Tenth", "Twelfth" and "Fourteenth"), he incorrectly presumes that unspecified contract-related allegations "as plead[sic] in Defendants' Counterclaims" supposedly "bar[s]" the Third-Party Plaintiffs' four federal securities fraud claims directed against Mr. Hadzipanajotis, as follows:

➢   [Sixth] The Third-party Plaintiff's[sic] claims are barred in whole or in part by their own breaches of contract as plead in Defendants' Counterclaims.

- ➢ [Seventh] The Third-party Plaintiff's[sic] claims are barred in whole or in part by their own breaches of the implied covenant of good faith and fair dealing as plead in Defendants' Counterclaims.

- ➢ [Eighth] The Third-party Plaintiff's[sic] claims are barred in whole or in part by the doctrine of unjust enrichment.

- ➢ [Ninth] The Third-party Plaintiff's[sic] claims are barred in whole or in part by their own intentional and/or negligent misrepresentation as plead in Defendants' Counterclaims.

- ➢ [Tenth] The Third-party Plaintiff's[sic] claims are barred in whole or in part because they prevented Defendants' performance of the contract as Plead in Defendants' Counterclaims.

- ➢ [Twelfth] The party Plaintiff's[sic] claims are barred in whole or in part because of impossibility of performance as plead in Defendants' counterclaims.

- ➢ [Thirteenth] The Third-party Plaintiff's[sic] claims are barred in whole or in part because the contract entered into violates public policy as plead in Defendants' counterclaims.

- ➢ [Fourteenth] The Third-party Plaintiff's[sic] are barred in whole or in part and are offset by any damages recovered through Defendants' Counterclaims.

Notably, however, the Third-Party Plaintiffs have not, however, sued to enforce any contracts, but instead to rescind several of them and to collect damages. Each of Mr. Hadzipanajotis's remaining defenses, then, are "irrelevant to the relief that [the Third-Party Plaintiffs] seek, and accordingly, [should be] stricken with prejudice." *Katz*, 2013 WL 2013 WL 2147156, at *3; see also *Morrison,* 434 F.Supp.2d at 1319; and *Harapeti,* 2021 WL 1854141, at *5.

### III.    CONCLUSION

Based on the foregoing, the Third-Party Plaintiffs respectfully request that the Court grant their motion for sanctions and enter the relief requested in it.

### S.D. Fla. Local Rule 7.1(a)(3) Certification

Before filing this motion, I, as counsel for the Third-Party Plaintiffs, wrote to counsel for third-party defendant Michael Hadzipanajotis in a good faith effort to resolve the issues raised in

the motion, and invited counsel to discuss the issues raised in the motion, but have been unable to resolve the issues.

> */s/ Lonnie L. Simpson*
> Lonnie L. Simpson, Esq., FBN 821871
> lsimpson@shutts.com
> **SHUTTS & BOWEN LLP**
> 4301 W. Boy Scout Blvd., Suite 300
> Tampa, Florida 33607
> Telephone: (813) 229-8900
> *Counsel for Third-Party Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on November 10, 2021, I electronically filed the foregoing Third-party Plaintiffs' Motion to Strike Michael Hadzipanajotis's Affirmative Defenses and Memorandum in Support with the Clerk of the Court via CM/ECF which will send an electronic notice to counsel of record.

> */s/ Lonnie L. Simpson*
> ATTORNEY