**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| HAPPY TAX FRANCHISING, LLC, etc., et al., <br><br> *Plaintiffs*, <br><br> v. <br><br><br> JAMEY HILL, et al. <br><br> *Defendants/Counterclaim and Third-Party Plaintiffs,* <br><br> v. <br><br> MARIO COSTANZ, et al., <br><br> *Counterclaim and Third-Party Defendants.* | **CASE NO. 19-24539-CIV-MORENO/Louis** |

## MONICA POIRIER'S MOTION TO DISMISS
### (Fed. R. Civ. P. 12(b)(6))

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Third-Party Defendant Monica Poirier moves to dismiss the third-party claim against her at Count 9 of Defendant's Counterclaim/Third-Party Complaint, for alleged breach of fiduciary duty.[1]

Defendants have failed to adequately allege that Poirier owed Defendants a fiduciary duty. They have failed even to describe any breach of any duty whatsoever on Poirier's part. Rather, Defendants allege that Poirier was brought into Happy Tax in the summer of 2019 to reevaluate and accurately restate the companies' financials, and that she did so.

---

[1] Simultaneously with this Motion, Poirier has also filed a Motion to Strike under Rule 14(a).

1

In the absence of any valid claims, the Court must grant Poirier's Motion and dismiss her from this suit.

I. **Rule 12(b)(6) Standard**

Judge Moreno has articulated the standard applicable to Rule 12(b)(6) Motions to Dismiss as follows:

> When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948. 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In short, the complaint must not merely allege misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal*, 129 S.Ct. at 1950.

*Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290, 1292 (S.D. Fla. 2014) (Moreno, J.).

II. **Analysis**

Defendants fail to plausibly state a claim against Third Party Defendant Poirier. Defendants' only claim against Poirier appears at Count 9 of the Third-Party Complaint, for an alleged breach of fiduciary duty. "To state a claim for breach of fiduciary duty, the plaintiff must sufficiently plead: '(1) that a fiduciary duty exists; (2) that the defendant breached this duty, and (3) that the breach of this duty was the proximate cause of the plaintiff's damages." *Aileron Investment Management, LLC v. Live Oak Banking Co.*, Case No. 21-cv-108, 2021 WL 1238401, at *4 (citing *Gracey v. Eaker*, 837 So. 2d 348, 353 (Fla. 2002)).

Here, Defendants claim against Poirier fails because Defendants allege no fiduciary relationship between Poirier and themselves. Further, Defendants have failed to allege any misconduct or breach of duty at all on Poirier's part.

### A. Defendants' have failed to allege a fiduciary relationship with Poirier

Not every relationship is a fiduciary one. Importantly, it is "well-settled that no fiduciary relationship exists between franchisors and franchisees." *Barnes v. Burger King Corp.*, 932 F. Supp. 1420, 1430 (S.D. Fla. 1996) ("It is well-settled, as conceded by [Plaintiff], that a franchisor is not in a fiduciary relationship with a franchisee."). A "plethora of decisions from numerous jurisdictions . . . refuse to find a fiduciary relationship arising out of business contracts, including franchise agreements." *Capital Ford Trust Sales, Inc. v. Ford Motor Co.*, 819 F. Supp. 1555, 1579 (N.D. Ga. 1992) (citing *O'Neal v. Burger Chef Systems, Inc.*, 860 F.2d 1341, 1349 n.4 (6th Cir. 1988)); *Rajala v. Allied Corp.*, 919 F.2d 610, 623 (10th Cir. 1990); and *Domed Stadium Hotel, Inc. v. Holiday Inn, Inc.*, 732 F.2d 480, 485 (5th Cir. 1954)).

Additionally, arms' length contracts do not give rise to fiduciary duties. This includes contracts such as convertible debt instruments, options, and agreements for future equity.  See *Simons v. Cogan*, 542 A.2d 785, 791 (Del. Ct. Ch. 1987) ("the holder of a convertible bond is and only is a corporate creditor to whom contractual but not fiduciary duties are owed unless he acts to end his entitlement to the legal protections his contract affords him and to assume the risks of stockholder status through exercise of the power of conversion."); *Cf. Powers v. British Vita, P.L.C.*, 969 F. Supp. 4, 5 (S.D.N.Y. 1997) (holding that a corporate executive owes no fiduciary duty to holder of an option to buy stock).

Here, Defendants' third-party claim against Poirier must be dismissed because Defendants have not plausibly alleged any fiduciary relationship between Defendants and Poirier. Defendants allege only that Poirier was a corporate officer of Happy Tax. [DE 125 at ¶102.] As such, Poirier

3

likely owed fiduciary duties to Happy Tax itself and to Happy Tax's shareholders. But Defendants were not Happy Tax shareholders. They were Happy Tax franchisors. [*Id.* at ¶¶32, 54, 68, 70, 92 (describing franchise agreements between Defendants and Happy Tax).] Such a relationship is one of arm's-length contract and does not give rise to a fiduciary duty. *See e.g.*, *Barnes*, 932 F. Supp. at 1430 ("It is well-settled, as conceded by [Plaintiff], that a franchisor is not in a fiduciary relationship with a franchisee.")

Defendants also allege that Banyan Accounting, LLC and The JL Hill Group, LLC entered into Simple Agreements for Future Equity ("SAFE Agreements") with Happy Tax in December 2017, before Poirier joined the company. [DE 125 at ¶72.] In general, a corporate officer does owe fiduciary duties to a corporation's shareholders. But a SAFE Agreement is not the same as an ownership interest in the company. SAFE Agreements are a relatively new device, emerging at the Y Combinator startup accelerator in 2013 to fill the role in startup finance previously occupied by convertible debentures. Such an arrangement holds out the prospect of *future* equity ownership in a company. But this is not enough to give rise to *present* fiduciary duties between the parties to the agreement. *See Simons*, 542 A.2d at 791. Rather, fiduciary duties arise only when a contract holder has given up those contractual rights in exchange for the risks inherent in equity. *See Powers*, 969 F. Supp. at 5.

Because Defendants have failed to plausibly allege the existence of any fiduciary duty between Defendants and Poirier, their Count 9 claim for Breach of Fiduciary duty fails, and Poirier must be dismissed from this suit.

### B. Defendants have failed to allege any wrongful conduct by Poirier at all.

Even if a fiduciary relationship could exist between Poirier and Defendants, Defendants have not alleged that Poirier has engaged in any wrongful conduct that could be construed to breach such a duty.

Defendants allege that Poirier was brought in as Happy Tax's newly appointed CEO and CFO in the summer of 2019. [DE 125 at ¶102.] Defendants then allege that Poirier committed certain wrongs. First, she "refused" to provide them with Happy Tax's financial information "or any insight into HT Franchising'[s] true financial condition" during this period. [DE 125 at ¶102.] Defendants further allege that, at the same time, Costanz and Poirier "continued to intercept and keep payments from franchisee-sourced customers." [*Id.*] Second, Defendants allege that Poirier "refused to report to [Defendants] or to pay any money to them." [*Id.*] And, third, Defendants allege that Poirier "adversely"—but accurately—"'restated virtually every significant metric for HT Franchising's 2017 and 2018 fiscal years" with "state franchise regulatory agencies." [*Id..* at ¶105.] Defendants bolster these allegations by stating that, "left with no explanation from M. Costanz or M. Poirier for their significant restatement of HT Franchising's 2017 and 2018 financial statements, [Defendants] made a September 27, 2019 formal inquiry with the [Massachusetts] Board expressing their concerns." [*Id.* at ¶108.] In response, the Board informed Defendants that a prior Happy Tax officer, Third-Party Defendant Michael Hadzipanajotis, "had violated Massachusetts law and regulations, was subject to discipline and surrendered his CPA license to avoid that discipline." [*Id.*] Hadzinpanajotis's violation concerned the very financials that Poirier was brought in to accurately restate.

There is little to Defendant's allegations but invective. Defendants allege that Happy Tax hired Poirier in 2019 to review, correct, and restate inaccurate financial statements that had been prepared and filed by Happy Tax's prior financial officers. Defendants further allege that Poirier did just that. In the absence of any fiduciary relationship, Defendants have alleged no basis for any breach of duty between Defendants and Poirier. Defendants have alleged no contractual duty between Poirier and Defendants. And Defendants do not allege that Poirier was negligent in any

way. Accordingly, Defendants allegations do not present any breach of any duty whatsoever that would entitle Defendants to their claimed "compensatory damages, prejudgment interest, punitive damages, attorneys' fees and costs." [*Id.* at 70.] Rather, Defendants allege simply that Poirier was hired to so a job, and did it.

## III. Conclusion

For the foregoing reasons, Poirier asks this Court to grant her Motion and dismiss her from this matter. This case is in a late stage. The time to add new parties and claims to the pleadings expired two years ago, and Defendants have suggested no good cause for extending this deadline. Further, Defendants have suggested no way in which they could amend their claims to fix the issues discussed in this Motion. Accordingly, Poirier requests that dismissal be with prejudice.

Dated: November 15, 2021            Respectfully submitted,

*/s/ Derick Vollrath*
**Derick Vollrath**
dvollrath@mnrlawfirm.com
Fla. Bar. No. 126740
MARCUS NEIMAN RASHBAUM
& PINEIRO LLP
100 SE Third Ave. Suite 805
Fort Lauderdale, Florida 33394
Telephone (954) 462-1200
Facsimile: (866) 780-8355
*Counsel for Third-Party Defendant Monica Poirier*

## CERTIFICATE OF SERVICE

I certify that on November 15, 2021, I filed the foregoing document with the Southern District of Florida's CM/ECF system, which has caused email service to be made upon all counsel of record.

*/s/ Derick Vollrath*