UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:19-cv-24539-FAM

HAPPY TAX FRANCHISING, LLC *et. al*,

    Plaintiffs,

v.

JAMEY HILL *et al.*,

    Defendants.

JAMEY HILL *et al.*,

    Counterclaim and Third-Party Plaintiffs,

v.

MARIO COSTANZ *et al.*

    Counterclaim and Third-Party Defendants.

### THIRD-PARTY PLAINTIFFS' MOTION TO ENLARGE TIME TO SERVE PROCESS ON AND TO PERMIT ALTERNATIVE METHODS TO SERVE PROCESS ON THIRD-PARTY DEFENDANT TED MUFTIC AND MEMORANDUM IN SUPPORT

Third-party plaintiffs Jamey Hill, The JL Hill Group LLC, Tricia Drago and Banyan Accounting, LLC ("Third-Party Plaintiffs"), by counsel and pursuant to Rule 4(m), Federal Rules of Civil Procedure, move the Court to enlarge (by 45 days) the time to serve third-party defendant Ted Muftic ("Mr. Muftic") and to permit alternative methods to complete service on him. The Third-Party Plaintiffs rely on and incorporate the declarations of Lonnie L. Simpson and Melanie B. Senosiain and the following memorandum in support.

### MEMORANDUM

The Third-Party Plaintiffs filed their Answer, Defenses, Counterclaim and Third-Party Complaint [Dkt. No. 125] on September 17, 2021. During the ensuing months, the Third-Party

Plaintiffs have expended significant time, substantial effort and other resources to locate and to attempt personal service on Mr. Muftic. Despite the Third-Party Plaintiffs' diligence and good faith efforts – including four failed attempts to personally serve Mr. Muftic – they have not yet identified Mr. Muftic's physical location nor have they served him. As such, the Third-Party Plaintiffs need and seek 45 days more to do so.

Further, at this point, a fifth or sixth attempt to personally serve Mr. Muftic is unlikely to succeed. Mr. Muftic has no apparent home or business address or telephone number in the United States and ostensibly travels often outside this country. The Third-Party Plaintiffs have exhausted the information resources available to them and the potential leads they had developed during their three-month investigation. As traditional personal service on Mr. Muftic appears unfeasible, the Third-Party Plaintiffs move the Court to permit alternative methods to serve Mr. Muftic.

I. **RELEVANT FACTS**

    A. **Expansive and Detailed Investigation**

Since September 17, 2021 the Third-Party Plaintiffs, their counsel and investigators and other agents, have conducted an expansive investigation to collect information to physically locate Mr. Muftic for personal service of original process (Declaration of Lonnie L. Simpson ["Simpson Decl."] ¶ 3, attached as Exhibit 1 to this memorandum). For example, the Third-Party Plaintiffs commissioned detailed public record searches from recognized providers including LexisNexis® Risk Solutions and a "skip trace" as to Mr. Muftic to capture any mail or packing forwarding orders (Simpson Decl. ¶¶ 4-5; Ex. A). Also, counsel identified, compiled and analyzed domestic and foreign government corporate and business entity records; real property ownership and leasehold records, motor vehicle registration records; voter registration

and election participation records; and judgment and lien records, among other data as about Mr. Muftic (Simpson Decl. ¶¶ 5-6, Tables 1-4; Ex A).

From the data compiled and analyzed, the Third-Party Plaintiffs identified more than eleven business, residential and mailing addresses associated with Mr. Muftic over the past two decades (Simpson Decl. ¶ 6, Tables 1 - 3; Ex. A at 1-11, 13, 17-18, 21, 24, 31, 33, 37). Records indicate that the two most recent physical addresses for Mr. Muftic are 28 County Road 835, Fraser, Colorado 80442 ("Fraser Address") and 150 Southfield Ave., Apt. 2430, Stamford, Connecticut ("Stamford Address") (*Id.*). Mr. Muftic has reported the Fraser Address as his physical address Colorado voter registration records from September 10, 2010 forward (Simpson Decl. ¶ 6, Table 2; Ex. A at 30-31). Through that registration, Mr. Muftic has cast votes in Colorado elections from September 10, 2020 through at least November 3, 2020 (*Id.*, Table 3; Ex. A at 2-6, 30-32). Notably, the plaintiffs listed the Stamford Address to identify Mr. Muftic as a potential witness in the most-recent iteration of their Rule 26(a) Initial Disclosures (Dkt. No. 157-2 at 6).

For his motor vehicle registration, Mr. Muftic listed only P.O. Box 185, Winter Park, CO 80482 as an address (Simpson Decl. ¶ 6, Table 3; Ex. A at 2, 26, 30-32). Mr. Muftic lists that address on his company, Eiger Capital LLC's website and identifies only that address in that company's Nevada Secretary of State corporate filings (available at https://opencorporates.com/companies/us_nv/E0292172014-1 and https://eigercap.io/team, both last accessed Dec. 15, 2021). In March 2021, Mr. Muftic applied for and received a $20,704.00 Payroll Protect Program ("PPP") loan from the federal government. U.S. Small Business Administration Records for Mr. Muftic's loan reports: "Theodore Muftic is a sole proprietorship

3

located in Winder Park, Colorado..." (available at https://www.federalpay.org/paycheck-protection-program/theodore-muftic-winter-park-co, last accessed Dec. 15, 2021).

Eiger Capital LLC's website promotes Mr. Muftic's telephone number ((203) 979-3729) and e-mail address (ted@eigercap.io) as primary ways to communicate with Mr. Muftic (available at https://eigercap.io/team, last accessed Dec. 15, 2021). Other records showed (203) 609-4820, (303) 570-1056 and (512) 560-6733 as telephone numbers associated with Mr. Muftic (Simpson Decl. ¶ 6, Table 4; Ex. A at 18, 23) and tedmuftic@aol.com, mmuftic@gmail.com, tmuftic@dig-life.com as additional e-mail addresses Mr. Muftic uses (*Id.*, Ex. A at 19),

B. **Service Attempts and Interviews**

Armed with the information about Mr. Muftic they gleaned from their investigation, the Third-Party Plaintiffs attempted to personally serve Mr. Muftic at the Fraser Address and the Stamford. On October 25, 2021, Third-Party Plaintiffs' process server traveled to the Fraser Address to serve Mr. Muftic (Declaration of Theron M. Daniel ("Daniel Decl.") ¶ 4, attached as Exhibit 2 to this memorandum). On arrival, the process server knocked on the house's front door (*Id.*) A senior woman answered the door and identified herself as Mr. Muftic's mother (*Id.*; Simpson Decl. ¶ 6, Table 2, Ex. A at 37). The process server asked for Mr. Muftic and told the woman that he had legal papers for Mr. Muftic (*Id.*). The woman told the process server that she owns the Fraser Address house and lives there, that Mr. Muftic did not live there (*Id.*). The woman also said that Mr. Muftic often "stops by" the Fraser Address house when he is in the country (*Id.*). The woman reported that she thought Mr. Muftic was "out of the country" at that time (*Id.*). The process server asked the woman for a telephone number or physical address for Mr. Muftic, and the date she next expected Mr. Muftic to stop by (*Id.*). The woman declined to give that information to the process server (*Id.*).

4

On November 5, 2021, the Third-Party Plaintiffs' Connecticut process server traveled to the Stamford Address to attempt service on Mr. Muftic there (Eric Rubin Affidavit of Non-Service ["Rubin Aff."], attached to as Exhibit 3 to this memorandum). The process server found the entry gates to the apartment complex locked (*Id.*). The process server looked for Mr. Muftic's name and apartment information on the complex's resident "call box", but Mr. Muftic's name was not listed (*Id.*).

On November 8, 2021, the Connecticut process server spoke to the Stamford Address property leasing agent (*Id.*). The leasing agent reported that Mr. Muftic was no longer a resident in the complex and that the apartment that Mr. Muftic formerly occupied was already leased to a new tenant (*Id.*). The process server asked for forwarding information, but the leasing agent provided none (*Id.*).

Colorado government motor vehicle records show that Mr. Muftic leases a grey 2021 Jeep Grand Cherokee SUV with Colorado license plate number BBVA80 (Simpson Decl. ¶ 6, Table 3, Ex. A at 26-27; Daniel Decl. ¶ 5). The Third-Party Plaintiffs' Colorado process server returned to the Fraser Address on November 20, 2021 to make a third attempt to serve Mr. Muftic and to look for Mr. Muftic's 2021 Jeep Grand Cherokee at or near that address (*Id.*). The process server did not Mr. Muftic's 2021 Jeep Grand Cherokee at the Fraser Address house that day, but only a maroon Subaru car (*Id.*). That day, the process server did not see anything that led him to believe that Mr. Muftic was in the Fraser Address house (*Id.*).

The Colorado process server returned again to the Fraser Address house on December 9, 2021 (Daniel Decl. ¶ 6). When he arrived, the process server saw a grey 2021 Jeep Grand Cherokee, Colorado license plate number BBVA80, parked in the drive way next to the maroon Subaru that he had seen before (*Id.*) The process server photographed the 2021 Jeep Grand

Cherokee and the maroon Subaru, both parked in the front of the Fraser Address house (*Id.*, Ex. TMD1).

After the process server photographed the 2021 Jeep Grand Cherokee, he knocked on the door to see whether Mr. Muftic was inside the house (Daniel Decl. ¶ 7). A man answered the door and identified himself as Mr. Muftic's brother-in-law (*Id.*). The process server asked for Mr. Muftic and told the man that he had legal papers for Mr. Muftic (*Id.*). The man told the process server that Mr. Muftic was not inside the Fraser Address house, but he often "comes and goes" to the and from the house (*Id.*). He added that at present, Mr. Muftic was out of the country (*Id.*).

On December 13, 2021 and December 15, 2021, the Third-Party Plaintiffs' counsel placed calls to each of telephone numbers identified during counsel's investigation (Declaration of Melanie B. Senosiain ["Senosiain Decl."] ¶¶ 3-4, attached as Exhibit 4 to this memorandum). Counsel intended to speak to Mr. Muftic or to anyone who may provide further information that may help the Third-Party Plaintiffs to locate him (*Id.*). The unfortunate results of counsel's calls are as follows:

| Number | Results |
|---|---|
| (203) 609-4820 | Counsel heard the line ring several times, but no one answered. Eventually, the recorded message "your call cannot be completed at this time" played. |
| (203) 979-3729 | Counsel heard the line ring twice, then the recorded message "please leave your message for (203) 979-3729" played. After that recorded message, counsel left a message asking Mr. Muftic (or any other person who listened to the message) to return counsel's call. Counsel has not received a call from Mr. Muftic or anyone else in response to her message. |
| (303) 570-1056 | Counsel heard the line ring once, then the recorded message "please leave your message for Miso" played. After that recorded message, counsel left a message saying she was attempting to reach Mr. Muftic or anyone else who could put her into contact with Mr. Muftic. Counsel has not received a call from Mr. Muftic or anyone else in response to her message. |

| Number | Results |
|---|---|
| (512) 560-6733 | I heard the line ring several times, then the recorded message "please leave your message for Julia Golden" played. After that recorded message, counsel left a message saying she was attempting to reach Mr. Muftic or anyone else who could put her into contact with Mr. Muftic. Counsel has not received a call from Mr. Muftic or anyone else in response to her message. |

Despite the Third-Party Plaintiffs' diligent efforts to personally serve Mr. Muftic, they have not succeeded in doing so. Leaving no stone unturned, the Third-Party Plaintiffs, through counsel, requested that Mr. Muftic waive service of a summons. Counsel directed that request to Mr. Muftic's P.O. Box 185, Winter Park, Colorado 80482 (*via* U.S.P.S. expedited mail) address as Mr. Muftic apparently conducts his and his company's usual business activities through that post office box (Simpson Decl. ¶¶ 6-7, Table 3; Ex. A at 26-27). Making that request, however, will not result in service of process on Mr. Muftic within the 90-day service period.

## II.   GOOD CAUSE TO ENLARGE THE SERVICE PERIOD

Rule 4(m) requires service of process on a defendant no later than 90 days from the date a complaint is filed. Fed. R. Civ. P. 4(m). Where, however, a plaintiff "shows good cause for the failure" to obtain service within that period, "the court must extend the time for service for an appropriate period" (*Id.*). In this context, "[g]ood cause exists "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone–Dempsey v. Carrol Cnty. Com'rs*, 476 F.3d 1277, 1280–82 (11th Cir. 2007) (affirming district court's dismissal for insufficient service of process where plaintiffs "fail[ed] to attempt to effect personal service upon" defendants and mistakenly thought defendants would waive formal service). Further, even without a showing of good cause, a district court may extend the time for service of process where "factors…justify the grant of an extension". *Lepone-Dempsey*, 476 F.3d at 1282; Fed. R. Civ. P 4(m), Adv. Comm. Note, 1993 Amendments ("[r]elief may be

7

justified…if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.").

The Third-Party Plaintiffs have attempted to serve Mr. Muftic four times – in two different States – during the last 90 days. Through no fault of their own, the Third-Party Plaintiffs have not served Mr. Muftic. Factors beyond the Third-Party Plaintiffs' control, such as Mr. Muftic's absence from the United States during the past three months, have prevented service. Mr. Muftic has no visible residence in the United States and his family members deny that Mr. Muftic lives at the Fraser Address. Whether inadvertently or intentionally, Mr. Muftic has evaded service of process. As the Third-Party Plaintiffs have shown good cause for failing to serve Mr. Muftic during the past 90 days, the Court should grant them additional time to complete service on him.

### III. SUBSTITUTED AND SUPPLEMENTED ALTERNATIVE SERVICE METHODS

Although his mother and brother-in-law may have said otherwise, Colorado government records indicate that the Fraser Address (28 County Road 835, Fraser, Colorado 80442) is Mr. Muftic's home address. For one example, Mr. Muftic claimed the Fraser Address as his residential address when registering to vote in Colorado on September 10, 2010 (Simpson Decl. ¶ 6, Table 2; Ex. A at 30-31). Mr. Muftic has maintained his Colorado voter registration and has used it to vote in Colorado elections from September 10, 2010 through at least November 3, 2020 (*Id.* at 30-32). And, according to Mr. Muftic's mother and his brother-in-law, Mr. Muftic frequents the Fraser Address when he is not otherwise "out of the country" (Daniel Decl. ¶¶ 4,6); Finding Mr. Muftic's 2021 Jeep Grand Cherokee parked in the Fraser Address drive on December 9, 2021, suggests that Mr. Muftic may have "stopped by" the Frasier Address house that day return (Daniel Decl. ¶ 6, Ex. TMD1).

Closely-related, Mr. Muftic used his Fraser-adjacent, Winter Park post office box address (P.O. Box 185, Winter Park, Colorado 80482) for his personal and company business for at least the past several years. He began to use that address to register his motor vehicles in Colorado in December 2013, and registered his most-recent motor vehicle in Colorado on March 5, 2021 (Simpson Decl. ¶ 6, Table 3; Ex. A at 26-27).

Mr. Muftic's mother (and perhaps also his brother-in-law) lives at the Frazier Address. Under the circumstances, authorizing substituted service on Mr. Muftic's mother at the Frazier Address would be most efficient and is reasonably calculated to give actual notice of the third-party complaint to Mr. Muftic. This is particularly true what substituted personal service on Mr. Muftic's mother is supplemented by other, alternative service methods, including service via mail to Mr. Muftic's Winter Park, Colorado post office box address and service via Mr. Muftic's four personal and business e-mail addresses.

Rules 4(e)(1), Federal Rules of Civil Procedure authorizes serve of process in a United States judicial district by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state… where service is made." Fed. R. Civ. P. 4(e)(1). Rule 4(f), Colorado Rules of Civil Procedure, provides for substitute service where a plaintiff is "unable to accomplish" personal service on a defendant and "service by publication or mail is not otherwise permitted". Col. R. Civ. P. 4(f); *Matthews v. Candie*, No. 20-cv-00139-PAB-NYW, 2020 WL 3487850, at * 2 (D. Col. June 26, 2020).

Colorado law allows service by publication and mail "only in actions affecting specific property or status or other proceedings *in rem*". Col. R. Civ. P. 4(g). The Third-Party Plaintiffs' claims directed against Mr. Muftic seek *in personam* relief; they do not affect or concern real property [Dkt. No. 125]. Service by publication or mail, then, is not "otherwise available" to the

Third-Party Plaintiffs. Further, the Third-Party Plaintiffs are unable to accomplish personal service on Mr. Muftic. These facts conditionally qualify Mr. Muftic for substituted service of the summons and third-party complaint pursuant to Rule 4(f), Colorado Rules of Civil Procedure.

Rule 4(f), Colorado Rules of Civil Procedure, directs the following process to obtain an order permitting substituted service:

> [A] party may file a motion, supported by an affidavit, for an order of substituted service. The motion shall state (1) the efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected. If the court is satisfied that due diligence has been used to attempt personal service under section (e), that further attempts to obtain service under section (e) would be to no avail, and that the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective.

Col. R. Civ. P. 4(f); *Matthews,* 2020 WL 3487850, at * 2.

The Third-Party Plaintiffs' motion, this memorandum, the three supporting declarations (Exs. 1–3 to this memorandum) and one affidavit of non-service (Ex. 4 to this memorandum) states their efforts to obtain personal service on Mr. Muftic and the reasons that personal service could not be obtained on him. Similarly, the Third-Party Plaintiffs' motion and this memorandum identify Mr. Muftic's mother, Felicia Muftic, as the person to whom they intend to deliver the summons and third-party complaint, at the Fraser Address (Daniel Decl. ¶ 4; Simpson Decl. ¶¶ 5-6, Table 2; Ex. A at 5-6, 30-32).

The Third-Party Plaintiffs diligently attempted service on Mr. Muftic four times and redoubled their efforts to physically locate Mr. Muftic during and following those failed attempts (Simpson Decl. ¶¶ 5-6; Daniel Decl. ¶¶ 4-8; Rubin Aff.). The Third-Party Plaintiffs, however, have not identified Mr. Muftic's actual home address (whether within or outside of the United

States) or predicted when Mr. Muftic may stop by the Fraser Address. Under these circumstances, further attempts to personally serve Mr. Muftic would most likely be futile.

Mr. Muftic frequently visits the Frasier Address and continues to conduct his personal and company business though his near-by Winter Park post office box (Simpson Decl. ¶¶ 6-7, Table 3; Ex. A at 26-27). Mr. Muftic promotes his Winter Park post office box address and his e-mail address, ted@eigercap.to, on the Eiger Capital LLC website as primary avenues to communicate with him (available at https://eigercap.io/team, last accessed Dec. 15, 2021). It stands to reason that Mr. Muftic would closely monitor deliveries to his Winter Park post office box and messages received in his ted@eigercap.to e-mail address.

On these facts, substituted service of the summons and third-party complaint on Felicia Muftic at the Frazier Address (28 County Road 835, Fraser, Colorado 80442), supplemented by service of those documents (via Certified U.S. Mail) to Mr. Muftic's Winter Park post office box (P.O. Box 185, Winter Park, Colorado 80482) and service via e-mail to ted@eigercap.to, tedmuftic@aol.com, mmuftic@gmail.com and tmuftic@dig-life.com, is most appropriate under the circumstances and reasonably calculated to give actual notice to Mr. Muftic. As such, the Court should permit the Third-Party Plaintiffs to serve original process on Mr. Muftic in this way.

### III. CONCLUSION

For the reasons stated above, the Third-Party Plaintiffs respectfully request that the Court enter an Order (i) enlarging the time to complete service of process on Mr. Muftic for 45 more days; (ii) authorizing the Third-Party Plaintiffs to substitute serve the summons and third-party complaint on Felicia Muftic, at 28 County Road 835, Fraser, Colorado 80442; and to alternatively serve those documents on Mr. Muftic via Certified U.S. Mail, addressed to P.O.

Box 185, Winter Park, Colorado 80482, and via e-mail to ted@eigercap.to, tedmuftic@aol.com, mmuftic@gmail.com and tmuftic@dig-life.com; and (iii) granting such other relief as the Court deems appropriate under the circumstances.

## LOCAL RULE 7.1 CERTIFICATE

No party or non-party is likely to be affected by the relief the Third-Party Plaintiffs seek in this motion. However, out of courtesy and in an attempt to build consensus, counsel for the Third-Party Plaintiffs wrote (via e-mail) to respective counsel for plaintiffs and third-party defendants, and *pro se* plaintiff Mario Costanz, on December 15, 2021, in a good faith effort to resolve by agreement the issues raised in this motion. As of 8:00 p.m., December 16, 2021, no party or counsel had responded to the Third-Party Plaintiffs' counsel's December 15, 2021 e-mail message.

/s/ Lonnie L. Simpson
Lonnie L. Simpson, Esq., FBN 821871
lsimpson@shutts.com
**SHUTTS & BOWEN LLP**
4301 W. Boy Scout Blvd., Suite 300
Tampa, Florida 33607
Telephone: (813) 229-8900
*Counsel for Third-Party Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on December 17, 2021, I electronically filed the foregoing Third-Party Plaintiffs' Motion to Enlarge Time to Serve Process on and to Permit Alternative Methods to Serve Process on Third-Party Defendant Ted Muftic with the Clerk of the Court via CM/ECF which will send an electronic notice to counsel of record.

/s/ Lonnie L. Simpson
ATTORNEY