UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:19-cv-24539-FAM

HAPPY TAX FRANCHISING, LLC and MARIO
COSTANZ,
        Plaintiffs,
v.

JAMEY HILL, THE JL HILL GROUP, LLC,
TRICIA DRAGO and BANYAN ACCOUNTING, LLC,
        Defendants,
_____/

JAMEY HILL, THE JL HILL GROUP ,LLC,
TRICIA DRAGO and BANYAN ACCOUINITNG, LLC

        Counterclaim and Third-Party Plaintiffs,
v.

MARIO COSTANZ, HAPPY TAX WITHOLDINGS
CORP., HAPPY TAX FRANCHSIING, LLC, TED
MUFTIC, MICHAEL HADZIPANAJOTIS and
MONICA POIRIER

        Counterclaim and Third-Party Defendants.
_____/

**THIRD-PARTY DEFENDANT, MICHAEL HADZIPANAJOTIS'S MOTION FOR LEAVE TO FILE AMENDED AFFIRMATIVE DEFENSES TO THE THIRD-PARTY COMPLAINT**

**COMES NOW**, the Third-Party Defendant, MICHAEL HADZIPANAJOTIS ("Mr. Hadzipanajotis"), by and through the undersigned counsel, and respectfully files this Motion for Leave to File Amended Affirmative Defenses to the Third-Party Complaint, in accordance with Rule 15(a) of the Federal Rules of Civil Procedure, and in support thereof, states as follows:

    1.    On November 1, 2019, the Plaintiffs, HAPPY TAX FRANCHISING, LLC and MARIO COSTANZ ("Plaintiffs") commenced this action against JAMEY HILL, THE JL HILL GROUP LLC, TRICIA DRAGO, and BANYAN ACCOUNTING, LLC (the "Defendants").

1

2. On September 17, 2021, the Defendants filed a counterclaim and third-party complaint against, *inter alia*, Mr. Hadzipanajotis. The third-party complaint against Mr. Hadzipanajotis ("Third-Party Complaint") asserts claims for violations of different provisions of the Securities Act of 1933 and the Securities Act of 1934 and various rules and regulations promulgated thereunder.

3. On September 21, 2021, Mr. Hadzipanajotis filed his Answer and Defenses to the Third-Party Complaint ("Answer").

4. On January 12, 2022, this Honorable Court struck the affirmative defenses portion of the Answer filed by Mr. Hadzipanatjotis, without prejudice.

5. Mr. Hadzipanajotis now seeks to file his amended affirmative defenses with the requisite specificity. A copy of the proposed Amended Affirmative Defenses is attached hereto as **Exhibit A**.

6. Rule 15 of the Federal Rules of Civil Procedure provides that "leave [to amend] shall be freely given when justice so requires." Accordingly, motions to amend pleadings are viewed with great liberality. *See Spartan Grain & Mill Co. v. Ayers*, 517 F.2d 214, 220 (5th Cir. 1975).

7. This is Mr. Hadzipanajotis's first motion to amend his affirmative defenses, and it is made in good faith and is not interposed for the purpose of delay. Moreover, no party to this lawsuit will be prejudiced if this motion is granted.

8. A copy of a proposed order granting the instant motion is attached hereto as **Exhibit B**.

**WHEREFORE,** the Third-Party Defendant, MICHAEL HADZIPANAJOTIS respectfully requests entry of an order granting him leave to file Amended Affirmative Defenses to the Third-Party Complaint.

### CERTIFICATE OF GOOD FAITH CONFERENCE UNDER RULE 7.1(3)

The undersigned certifies that the office of the undersigned has contacted counsel for the Third-Party Plaintiffs regarding the relief requested in this Motion via email on the afternoon of February 11, 2022 and on the morning of February 14, 2022. Counsel for the Third-Party Plaintiffs has indicated she does not object to the instant motion and the Third-Party Plaintiffs reserve the right to contest the legal sufficiency of the amended defenses once filed.

**SOUTH FLORIDA LAW, PLLC**
1920 E. Hallandale Beach Blvd., Ste. 702
Hallandale Beach, FL 33009
Direct: (917) 442-4085
Office: (954) 900-8885
Fax: (954) 900-8886

*/s/ Frank DelloRusso*
FRANK DELLORUSSO
Florida Bar No. 111949
*fdellorusso@southfloridalawpllc.com*
YANINA ZILBERMAN
Florida Bar No. 105665
*yanina@southfloridalawpllc.com*
**ATTORNEY FOR**
**MICHAEL HADZIPANAJOTIS**

### CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on February 11, 2022, I filed the foregoing document with the Southern District of Florida's CM/ECF system, which has caused email service to be made upon all counsel of record.

# **EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:19-cv-24539-FAM

HAPPY TAX FRANCHISING, LLC and MARIO
COSTANZ,
   Plaintiffs,
v.

JAMEY HILL, THE JL HILL GROUP, LLC,
TRICIA DRAGO and BANYAN ACCOUNTING, LLC,
   Defendants,
_____/

JAMEY HILL, THE JL HILL GROUP ,LLC,
TRICIA DRAGO and BANYAN ACCOUINITNG, LLC

   Counterclaim and Third-Party Plaintiffs,
v.

MARIO COSTANZ, HAPPY TAX WITHOLDINGS
CORP., HAPPY TAX FRANCHSIING, LLC, TED
MUFTIC, MICHAEL HADZIPANAJOTIS and
MONICA POIRIER

   Counterclaim and Third-Party Defendants.
_____/

### AMENDED AFFIRMATIVE DEFENSES TO DEFENDANTS' THIRD-PARTY COMPLAINT

**COMES NOW**, the Third-Party Defendant, MICHAEL HADZIPANAJOTIS ("Mr. Hadzipanajotis"), states as follows for its affirmative defenses to the Third-Party Complaint filed against him by the Defendants/Third-Party Plaintiffs, JAMEY HILL, THE JL HILL GROUP LLC, TRICIA DRAGO, and BANYAN ACCOUNTING, LLC.

### FIRST AFFIRMATIVE DEFENSE

Mr. Hadzipanajotis is not an "issuer" as that term is defined in 15 U.S.C. § 77d-1(c)(3) and did not offer or sell any security to the Third-Party Defendants.

5

**SECOND AFFIRMATIVE DEFENSE**

All statements and reports audited, prepared, and issued by Mr. Hadzipanajotis regarding HT Franchising were correct and performed according to generally accepted accounting principles and generally accepted auditing principles. All reports prepared and issued by Mr. Hadzipanajotis were based upon financial statements provided by the Third-Party Defendants.

**THIRD AFFIRMATIVE DEFENSES**

Any errors made in the auditing, preparation, or issuance of reports by Mr. Hadzipanajotis were immaterial and without any material impact on the financial statements of HT Financing and the financial condition of HT Financing.

**THIRD AFFIRMATIVE DEFENSES**

Although the Massachusetts Board of Registration of Public Accountancy issued a "Non Reporting License" to Mr. Hadzipanajotis, Mr. Hadzipanajotis has been, at all times material, a licensed and certified public accountant. The Massachusetts Board no longer issues non-reporting versus reporting licenses. When the Massachusetts Board did issue the two types of licenses, the primary difference between the two was that a reporting license required two years of experience working in a CPA firm. Otherwise, the same requirements, exams, and privileges applied. Although Mr. Hadzipanajotis held a non-reporting license, Mr. Hadzipanajotis satisfied all the criteria of a reporting licensee, including two years of experience working in a CPA firm. However, he simply did not upgrade the license to that of a reporting licensee.

**FOURTH AFFIRMATIVE DEFENSES**

As a non-reporting licensee recognized by the Massachusetts Board, Mr. Hadzipanajotis mistakenly believed the auditing and reporting for HT Franchising was permitted under his non-

reporting license because he believed the difference between non-reporting and reporting licenses was rooted in whether a company was or was not publicly traded—which HT Franchising was not.

### FIFTH AFFIRMATIVE DEFENSE

The information reported by Mr. Hadzipanajotis based upon the financial statements of HT Franchising would not have been any different if the information was reported by an accountant having a reporting license, as opposed to a non-reporting license, as it was based upon the financial statements provided to him by the Third-Party Plaintiffs.

### SIXTH AFFIRMATIVE DEFENSE

Count III of the Third-Party Complaint fails to state a claim upon which relief may be granted as it is predicated upon purported fraud but fails to plead fraud with the requisite degree of particularity, contrary to the requirement in Rule 9 of the Florida Rules of Civil Procedure, that "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud or mistake."

### SEVENTH AFFIRMATIVE DEFENSE

Counts II and III of the Third-Party Complaint fail to state a claim upon which relief may be granted. These claims for violations of Section 10(b) of the Securities Act of 1934 and of Rule 10b-5 must satisfy not only federal notice pleading requirements and the more specific fraud pleading requirements of Fed. R. Civ. P. (9)(b), but also the pleading requirements of the Private Securities Litigation Reform Act (PSLRA). Pursuant to the PSLRA, if the Third-Party Plaintiffs are claiming Mr. Hadzipanajotis made an untrue statement of a material fact or that he omitted to state a material fact necessary to make the statement made not misleading, they are required to specify each statement alleged to be misleading, and the reason why it is misleading. Moreover, such a complaint, with respect to each act or omission alleged to be a violation, must state with

particularity facts giving rise to a strong inference that the defendant acted with the requisite state of mind. Contrary to this pleading requirement, Plaintiff cites to statements made by Mr. Hadzipanajotis in reports but never provides the reason why the statements are misleading. Moreover, the Defendants never state with particularity how each of the statements upon which they base Mr. Hadzipanajotis's liability gives rise to an inference of the state of mind applicable to such claims: scienter.

## EIGHTH AFFIRMATIVE DEFENSE

Counts II and III of the Third-Party Complaint are barred due to the failure of the Third-Party Plaintiffs to allege facts leading to an inference of scienter with regard to each Defendant as to each alleged misstatement. Counts II and II of The Third-Party Complaint does not, with respect to each act or omission alleged, state with particularity facts giving rise to an inference that defendant acted with the required statement of mind—scienter. Defendants fail to explain how each of the statements give rise to the inference of scienter. Short of uttering the word scienter, Third-Party Plaintiffs do not explain how any conduct attributed to Mr. Hadzipanajotis involved "scienter." Scienter is not alleged with respect to each alleged violation of the statute. Here, the Third-Party Plaintiffs state that scienter existed, without assertion of particularity facts giving inference to that state of mind.  For a complaint to survive, a reasonable person would need the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged. Here, a reasonable person would not deem the inference of scienter cogent, effective or persuasive, which is why the claims should be dismissed.  *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 323, 127 S. Ct. 2499, 2509–10, 168 L. Ed. 2d 179 (2007).

**NINTH AFFIRMATIVE DEFENSE**

Count IV of the Third-Party Complaint is barred and fails to state a claim upon which relief may be granted. A claim under section 20(a) of the Securities Act of 1934 provides for derivative liability for those who control others to be found primarily liable under the Act. A claim of such derivative liability must allege a predicate, primary violation of section 10(b) of the Act. However, the Third-Party Plaintiffs have not done so here, where they have insufficiently alleged the element of scienter and thus have not alleged a primary violation of section 10(b).

**TENTH AFFIRMATIVE DEFENSE**

The Third-Party Complaint as it relates to Mr. Hadzipanajotis fails to state a claim upon which relief may be granted because it is not a permissible claim under Rule 14 of the Federal Rules of Civil Procedure. Rule 14 provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." The claims against Mr. Hadzipanajotis are not dependent on the outcome of the main claim filed by the Plaintiffs; they are not based upon derivative lability nor in indemnity, subrogation, contribution; instead, the claims against Mr. Hadzipanajotis are separate from the claims brought in the main action and attempt to hold Mr. Hadzipanajotis liable because of an issue with his licensing and not on account of or relative to any claims asserted against the Third-Party Plaintiffs by the Plaintiffs.

**WHEREFORE**, the Third-Party Defendant, MICHAEL HADZIPANAJOTIS requests this Court find Judgment for the Third-Party Defendant on all counts, grant Third-Party Defendant's reasonable attorney's fees and costs, and deny all Third-Party Plaintiff's prayers for relief.

**JURY TRIAL DEMAND**

THIRD-PARTY DEFENDANT DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

**SOUTH FLORIDA LAW, PLLC**
1920 E. Hallandale Beach Blvd., Ste. 702
Hallandale Beach, FL 33009
Direct: (917) 442-4085
Office: (954) 900-8885
Fax: (954) 900-8886

*/s/ Frank DelloRusso*
FRANK DELLORUSSO
Florida Bar No. 111949
*fdellorusso@southfloridalawpllc.com*
YANINA ZILBERMAN
Florida Bar No. 105665
*yanina@southfloridalawpllc.com*
**ATTORNEY FOR**
**MICHAEL HADZIPANAJOTIS**

**CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that on February 14, 2022, I filed the foregoing document with the Southern District of Florida's CM/ECF system, which has caused email service to be made upon all counsel of record.

# **EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:19-cv-24539-FAM

HAPPY TAX FRANCHISING, LLC and MARIO COSTANZ,
        Plaintiffs,
v.

JAMEY HILL, THE JL HILL GROUP, LLC,
TRICIA DRAGO and BANYAN ACCOUNTING, LLC,
        Defendants,

JAMEY HILL, THE JL HILL GROUP ,LLC,
TRICIA DRAGO and BANYAN ACCOUINITNG, LLC
        Counterclaim and Third-Party Plaintiffs,
v.

MARIO COSTANZ, HAPPY TAX WITHOLDINGS CORP., HAPPY TAX FRANCHSIING, LLC, TED MUFTIC, MICHAEL HADZIPANAJOTIS and MONICA POIRIER
        Counterclaim and Third-Party Defendants

## ORDER

THIS CAUSE is before the Court on the *Motion for Leave to File Amended Affirmative Defenses to the Third-Party Complaint* ("Motion") filed by the Third-Party Defendant, MICHAEL HADZIPANAJOTIS ("Mr. Hadzipanajotis") [ECF No. 178]. It is:

ORDERED AND ADJUDGED that the Motion is **GRANTED**. The Amended Affirmative Defenses attached to the Motion are deemed filed as of the date of this Order.

DONE AND ORDERED in Fort Lauderdale, Florida, this ___ day of February, 2022.

                                        LAUREN FLEISCHER LOUIS
                                        UNITED STATES MAGISTRATE JUDGE