UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:19-cv-24539-FAM

HAPPY TAX FRANCHISING, LLC *et. al*,

    Plaintiffs,

v.

JAMEY HILL *et al*.,

    Defendants.

**OPPOSITION TO THIRD-PARTY DEFENDANT TED MUFTIC'S MOTION TO QUASH SERVICE AND TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS; ALTERNATIVE RENEWED MOTION TO ENLARGE TIME TO SERVE PROCESS TO <u>PERMIT OTHER SERVICE METHODS</u>**

Third-party plaintiffs Jamey Hill, The JL Hill Group LLC, Tricia Drago and Banyan Accounting, LLC ("Third-Party Plaintiffs") oppose third-party defendant Ted Muftic's ("Mr. Muftic") and dismiss for insufficient service of process [Dkt. No. 182]. The Court should deny Mr. Muftic's motion as service of process on him was valid and Mr. Muftic fails to prove otherwise. In the alternative, the Third-Party Plaintiffs move the Court to further extend the service period and permit them to serve process on Mr. Muftic through other service methods.

**I.    PERTINENT FACTS**

In late December, 2021, Grand County, Colorado Sheriff's Deputy Rick Sharrow ("Deputy Sharrow") received the summons directed to Mr. Muftic [Dkt. 146] and the third-party complaint [Dkt. No. 125] for service on Mr. Muftic [Dkt. No. 171-1; February 28, 2022 Declaration of Rick Sharrow ("R. Sharrow Decl.") (a copy of which is attached to this opposition as Exhibit A) ¶ 3].

Deputy Sharrow traveled to the address listed on the summons, 28 County Road 835, Fraser, CO 80442 ("Fraser Address"), and knocked on the front door [R. Sharrow Decl. ¶¶ 3, 5]. A woman responded to Deputy Sharrow's knock on the front door. That woman identified herself as Felicia Muftic, Ted Muftic's mother [R. Sharrow Decl. ¶ 5]. Felicia Muftic told Deputy Sharrow

1

that she and her son, Mr. Muftic, lived at the Fraser Address but added Mr. Muftic was not home at that time [R. Sharrow Decl. ¶ 5].

Deputy Sharrow returned to the Fraser Address on January 12, 2022, at approximately 8:20 a.m., to attempt service on Mr. Muftic [R. Sharrow Decl. ¶ 7]. As before, Felicia Muftic answered Deputy Sharrow's knock [*Id.*]. Deputy Sharrow explained that he had a summons and other documents for Mr. Muftic, and Deputy Sharrow physically handed the summons directed to Mr. Muftic [Dkt. 146] and the third-party complaint [Dkt. 125] to Felicia Muftic [*Id.*]. Felicia Muftic accepted the summons and third-party complaint from Deputy Sharrow [*Id.*]. Felicia Muftic did not tell Deputy Sharrow that she refused to accept service of process for Mr. Muftic [*Id.*]. Deputy Sharrow did not force any papers into Felicia Muftic's hand [R. Sharrow Decl. ¶ 8]. Deputy Sharrow did not threaten to "show up at [Felicia Muftic's] residence each day if she did not accept the papers" [*Id.*].

On January 12, 2022, Deputy Sharrow completed and signed a certificate showing that he had executed substituted service of process on Mr. Muftic [R. Sharrow Decl. ¶ 9]. A copy of that certificate is attached to Deputy Sharrow's declaration as Exhibit 1 [*Id.*]. That certificate accurately states the date, time and place of service, the person served, Felicia Muftic, and described her relationship to Mr. Muftic [*Id.*].

## II.     SERVICE OF PROCESS ON MR. MUFTIC IS VALID

Rule 4, Federal Rules of Civil Procedure, permits service of process on a person by "leaving a copy of [the summons and the complaint] at the individual's dwelling or usual place or abode with someone of suitable age and discretion who resides there". Fed.R.Civ.P. 4(e)(2)(B). Rule 4 also allows for service of process by "following state law for serving a summons in an action brought in the courts…in the state where the district court is located or where service is

made." Fed.R.Civ.P. 4(e)(1); *Friedman v. Schiano*, 777 Fed. App'x 324, 330 (11th Cir. 2019); *TRW, Inc. v. Derbyshire*, 157 F.R.D. 59, 60 (D. Col. 1994).

Mr. Muftic was served in Colorado. Colorado law permits service of original process on "a natural person whose age is eighteen or older…by leaving a copy thereof at the person's usual place of abode, with any person who is eighteen years or older and who is a member of the person's family." Colo.R.Civ.P. 4(e)(1); *Bayview Loan Servicing, LLC v. Boland*, No. 08-cv-00566, 2009 WL 2514154, *1-*2 (D. Colo. Aug. 14, 2009). Further, this Court is located in Florida. Florida law provides for service of original process on a person by "leaving copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031(1)(a); *Friedman*, 777 Fed. App'x at 330; *Robles-Martinez v. Dias, Reus & Targ, LLP*, 88 So.3d 177, 179-82 (Fla. 3d DCA 2011).

Deputy Sharrow's January 18, 2022 certification of service, alone, is *prima facie* evidence that service as to Mr. Muftic is valid. *O'Brien v. R.J. O'Brien & Assoc., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993) (nothing that under Rule 4, Federal Rules of Civil Procedure, "[a] signed return of service constitutes prima facie evidence of valid service…" of process.); *In re Thacker*, 701 P.2d 871, 872 (Colo. App. 1985) ("A return of service constitutes *prima facie* evidence of the facts cited therein.") (citation omitted; italics in original); *Friedman*, 777 Fed. App'x at 331 (holding that "a return of service that is regular on its face is presumed to be valid… '[r]egular on its face' means the return of service attests to all of the information required by the service statute." (internal citations omitted).

Further, Deputy Sharrow's declaration confirms that the Third-Party Plaintiffs' service of process on Mr. Muftic satisfied each of the procedural requirements of Federal Rule of Civil Procedure 4(e), Colorado Rule of Civil Procedure 4(e)(1) and Florida Statutes section

3

48.031(1)(a).  More specifically, his declaration makes clear:

➢   Mr. Muftic lives at the Fraser Address – his dwelling or usual place of abode [R. Sharrow Decl. ¶¶ 5, 9; Ex. 1];

➢   Felicia Muftic, Mr. Muftic's mother, lives at the Fraser Address [*Id.*].

➢   Deputy Sharrow left copies of the summons and the complaint with Felicia Muftic at the Fraser Address [R. Sharrow Decl. ¶ 7; Ex. 1];

➢   Deputy Sharrow told Felicia Muftic the summons and complaint were for Mr. Muftic, and Felicia Muftic acknowledged that she knew the contents of the papers she accepted [Id. ¶¶ 7, 8; Ex. 1].

**III.   MR. MUFTIC'S DEFICIENT MOTION TO QUASH AND DISMISS**

To challenge sufficiency of service, Mr. Muftic must "describe with specificity how service of process failed to meet the procedural requirements" Federal Rule of Civil Procedure 4(e), Colorado Rule of Civil Procedure 4(e)(1) and Florida Statutes section 48.031(1)(a).  See *Atlantis Marine Towing Salvage & Services, Inc. v. M/Y O'Machine*, 19-20783-CIV, 2019 WL 5209153, at *2 (S.D. Fla. Aug. 21, 2019) (citing *O'Brien v. R.J. O'Brien & Assoc., Inc.,* 998 F.2d 1394, 1400 (7th Cir. 1993); *Fru Veg Mktg., Inc. v. Vegfruitworld Corp.*, 896 F.Supp.2d 1175, 1182 (S.D. Fla. 2012) (finding defendant has initial burden of challenging the sufficiency of service and 'must describe with specificity how the service of process failed to meet the procedural requirements of Fed.R.Civ.P 4'", before the burden shifts to plaintiff to establish *prima facie* case for valid service).

Mr. Muftic's motion does not identify even one procedural requirement in Federal Rule 4(e), Colorado Rule 4(e)(1) or Florida Statutes section 48.031(1)(a) which the Third-Party Plaintiffs' service of process on him failed to satisfy.  Instead, Mr. Muftic offers only:

> Third Party Plaintiffs have yet to complete sufficient service on Mr. Muftic.  They did not properly serve him at his place of abode or by delivering the complaint and summons to an appointed or legal agent.

[Dkt. No. 182 at 4].   The Court should deny Mr. Muftic's motion to quash for that reason, alone.

4

*Atlantis Marine,* 2019 WL 5209153, at *2 (holding a defendant's "failure to develop its arguments and support them with relevant legal principles is a sufficient reason, by itself, to deny [its] motion".).

Just as Mr. Muftic fails entirely to articulate a single purported deficiency in the Third-Party Plaintiffs' service of process, he also fails completely to offer any evidence of (much less clear and convincing proof of) any such deficiency. *Kammona v. Onteco Corp.*, 587 Fed. Appx. 575, 579 (11th Cir. 2014) (vacating order quashing service of process as defendant's bare assertion that he did not live at a particular address was not clear and convincing proof sufficient to overcome the *prima facie* validity of plaintiff's service). The Court should deny Mr. Muftic's motion to quash for this additional reason.

Even so, on facts less compelling than the Third-Party Plaintiffs have proven here, courts have denied motions to quash for insufficient service of process under Federal Rule of Civil Procedure 4(e) and Colorado Rule of Civil Procedure 4(e)(1). For example, in *TRW, Inc. v. Derbyshire*, 157 F.R.D. 59 (D. Col. 1994), an employee, Derbyshire, resigned his position with TRW. In an exit interview, Derbyshire reported "709 Garfield, Fort Collins, Colorado" as his current forwarding address to TRW representatives. *Id*. at 60. Later, TRW sued Derbyshire for trade secret misappropriation and attempt to serve Derbyshire at the 709 Garfield address. Derbyshire's mother, Elizabeth Derbyshire, answered the door and accepted the summons and complaint from the process server when he handed them to her. *Id*.

Derbyshire moved to quash, arguing that service of process was insufficient because he did not live with his mother at the 709 Garfield address. In denying Derbyshire's motion, the *TRW* Court observed:

> Defendant expressly represented that he could be notified of important matters at the [709 Garfield] address…Defendant has refused to provide the address of his

> current abode, and has refused to give his counsel authority to accept service on his behalf…Thus, I find and conclude that the defendant has received actual notice of this action and that he is purposely attempting to evade service of process.

*TRW*, 157 F.R.D. at 60 (citation omitted).

Similarly, in *Bayview Loan Servicing, LLC v. Boland, et al.*, No. 08-cv-00566, 2009 WL 2514154, *1-*2 (D. Colo. Aug. 14, 2009), a defendant, Wyco, asserted cross-claims against another defendant, Pankoski. Wyco's process server attempted to serve Pankoski at an address the process server believed to be Pankoski's usual place of abode – 2521 E. 123rd Drive, Thorton, Colorado. Pankoski's mother, Janis Mitchell, who lived at 2521 E. 123rd Drive, answered the door and denied that Pankoski lived at that address. Rather than accept the summons and pleadings from the process server, Janice Mitchell closed the door. The process server attached the summons and pleadings to the door, and shouted to Janice Mitchell that he served the summons and pleadings "by her refusal to accept them". *Id*. at *1.

Pankoski moved to quash, arguing that he did not live at 2521 E. 123rd Drive with his mother, but instead lived in Wyoming at the time the process server attempted service. Pankoski had, however, listed 2521 E. 123rd Drive as his address in civil court records, motor vehicle registration records and in his fishing and big game licensing applications. *Id*. at *2. As Pankoski appeared to be evading service, the *Boland* Court denied Pankoski's motion to quash, noting:

> Here, one of Pankoski's family members was served with the summons and counterclaims and cross-claims pleadings at an address where Pankoski indicated to a state court and state governmental agencies that he lived…Pankoski now has a copy of the documents served on his mother. Pankoski has offered no evidence of any prejudice he incurred as a result of the method of service employed here, and I find none.

*Boland*, 2009 WL 2514154 at *3.

Like the former-employee defendant in *TRW*, Mr. Muftic has refused to provide the address for his current usual place of abode and has refused to give his counsel authority to accept service

6

of process on his behalf [March 4, 2022 Declaration of Lonnie L. Simpson ("Simpson Decl.") (a copy of which is attached to this opposition as Exhibit B) ¶¶ 3-6]. Further, like the cross-claim defendant in *Boland*, Mr. Muftic reported the Fraser Address as his physical address in Colorado voter registration records [Dkt. No. 166-1 ¶ 6; Tables 2 & 3; Ex. A at 30-32]. Under these circumstances and as *TRW* and *Boland* support, the Court should "construe [Rule 4] liberally 'to effectuate service where actual notice of the suit has been received by the defendant'", *Hollander v. Wolf*, 09-80587-CIV, 2009 WL 3336012, at *2 (S.D. Fla. Oct. 14, 2009), and deny Mr. Muftic's motion to quash accordingly.

## IV. ALTERNATIVE MOTION TO ENLARGE SERVICE PERIOD AND PERMIT OTHER SERVICE METHODS

Alternatively, the Third-Party Plaintiffs renew their motion to enlarge the time to serve process on and to permit other methods to serve process on Mr. Muftic [Dkt. No. 166], for the reasons stated in that motion and incorporated memorandum.

## V. CONCLUSION

Based on the foregoing, the Third-Party Plaintiffs respectfully request that the Court deny Mr. Muftic's motion to quash service and dismiss for insufficient service of process.

SHUTTS & BOWEN LLP

By: /s/ *Lonnie L. Simpson*
Lonnie L. Simpson, FBN 0821871
4301 West Boy Scout Blvd., Suite 300
Tampa, Florida 33607
lsimpson@shutts.com
*Attorneys for Third-Party Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on March 5, 2022, the foregoing Third-Party-Plaintiffs' Opposition to Third-Party Defendant Ted Muftic's Motion to Quash Service and Dismiss for Insufficient Service of

Process via the CM/ECF system, which will serve electronic notice on all counsel of record and on *pro se* plaintiff Mario Costanz.

/s/ *Lonnie L. Simpson*
ATTORNEY

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:19-cv-24539-FAM

HAPPY TAX FRANCHISING, LLC *et. al*,

    Plaintiffs,

v.

JAMEY HILL *et al.*,

    Defendants.

---

JAMEY HILL *et al.*,

    Counterclaim and Third-Party Plaintiffs,

v.

MARIO COSTANZ *et al.*

    Counterclaim and Third-Party Defendants.

## **DECLARATION OF RICK SHARROW**

Rick Sharrow declares and states as follows:

1. I am over eighteen years old. I have personal knowledge of the facts stated in this declaration and I am authorized to make this declaration.

2. I am a Deputy with the Grand County, Colorado Sheriff's Office (Deputy No. S1414). I have served in that capacity for more than 10 years. During my service, I have served legal process for civil matters many times throughout Grand County, Colorado.

3. In late December 2021, I received a summons on third-party complaint; answer and defenses to third amended complaint, counterclaim and third-party complaint. I traveled to the address listed in the summons, 28 County Road 835, Fraser, Colorado a total of six times from December 23, 2021 through January 12, 2022, to serve process on Ted Muftic.

1

4. On December 23, 2021, I saw a grey 2021 Jeep Grand Cherokee SUV, Colorado license plate number BBVA80, which is registered to Ted Muftic, parked at the 28 County Road 835 address. Tracks from that vehicle's tires on the driveway were fresh, as were footprints leading from the vehicle's driver's door toward front door of the house. I knocked on the door, but no one answered.

5. I returned to the 28 County Road 835 address a few days later and knocked on the door. A woman who later identified herself as Felicia Muftic answered the door. I introduced myself and asked for Ted Muftic. Felicia Muftic said that she and Ted Muftic lived at the 28 County Road 835 address, but that Ted Muftic was not home at that time.

6. On a later trip to the 28 County Road 835 address, I spoke to a man in the driveway. That man, who identified himself as Ted Muftic's relative, said that Ted Muftic was not home at that time.

7. On January 12, 2022, at approximately 8:20 a.m., I knocked on the door at the 28 County Road 835 address and Felicia Muftic answered. She said Ted Muftic was not at home at that time. I explained to her that I had a summons and other documents for Ted Muftic. She accepted the documents when I handed them to her. She did not refuse to accept service of process on behalf of Ted Muftic.

8. Felicia Muftic told me that she was a retired clerk for the City of Denver, and that service of process was "not good because this is a civil not a criminal matter". I did not force any papers into Felicia Muftic's hand and I did not threaten to "show up at her residence each day if she did not accept the papers".

9. Shortly after I delivered the summons and other documents to Felicia Muftic, I filled out and signed a certification of service, a copy of which is attached as Exhibit 1 to this

2

declaration. That certificate accurately states the date, time and place of service, the person served and describes her relationship to Ted Muftic.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: 02/28/2022

_____
**DEPUTY RICK SHARROW**

# EXHIBIT 1



**Grand County Sheriff's Office**
Civil Case Number: 5172
Court Case: CV24539-FAM

STATE OF COLORADO :

I certify that I executed: SUMMONS ON THIRD PARTY COMPLAINT, ANSWER AND DEFENSES TO THIRD AMENDED COMPLAINT, COUNTERCLAIM AND THIRD-PARTY CLAIM

Upon: TED MUFTIC

On (date) JANUARY 12TH, 2022 at (time) 8:25 (am)/pm
At (address): 28 COUNTY ROAD 835, FRASER, CO.
Within Grand County, in the State of Colorado, by (check applicable)

☐ *Personal Service:* Served to person named above

☒ *Substitute Service - Personal:* Leaving a copy at the person's usual place of abode, with any person whose age is eighteen years or older and who is a member of the person's family or at the person's usual workplace with a person authorized to receive service of process.
 (Name of person with whom papers were served: FELICIA MUFTIC

 (Relationship or legal capacity): TEDS MOTHER

☐ *Business or Government entity:* Handing to and leaving with *(Name of person with whom papers were served):* _____ who is authorized to accept process on behalf of the business / government entity named above as; (relationship or legal capacity)
_____

☐ *Posting:* the described process as allowed by law at *(location of posting):*
_____

☐ *Refusal:* Offering to and leaving in a conspicuous place for the person named above the described process, but who refused to accept service.

☐ *NOT FOUND* _____

Brett D. Schroetlin, Sheriff
By: RICK SHARROW         _____         S1414
Deputy (Printed)          Deputy (Signed)          Deputy Number

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:19-cv-24539-FAM

| | |
|---|---|
| HAPPY TAX FRANCHISING, LLC *et. al*,<br><br>    Plaintiffs,<br><br>v.<br><br>JAMEY HILL *et al.*,<br><br>    Defendants. | |
| JAMEY HILL *et al.*,<br><br>    Counterclaim and Third-Party Plaintiffs,<br><br>v.<br><br>MARIO COSTANZ *et al.*<br><br>    Counterclaim and Third-Party Defendants. | |

## **DECLARATION OF LONNIE L. SIMPSON**

Lonnie L. Simpson declares and states as follows:

1.      I am over eighteen years old and I am otherwise competent and authorized to make this declaration.

2.      I am a partner in Shutts & Bowen LLP, counsel for third-party plaintiffs Jamey Hill, The JL Hill Group LLC, Tricia Drago and Banyan Accounting, LLC ("Third-Party Plaintiffs"). I have personal knowledge of the facts stated in this declaration. Further, as a Shutts & Bowen LLP partner, I have regular access to the firm's business records, which are compiled from contemporaneous entries made at or near the time by, or from information transmitted by, a person with knowledge. The firm keeps such records in the ordinary course of its regularly-conducted business activities, and it is the firm's regular practice to make and retain such records. I can competently testify as to the facts stated in this declaration if sworn as a

1

witness.

3. On February 7, 2022, I wrote the following in an e-mail message to Third-Party Defendant Ted Muftic's counsel: "Ms. Robinson – will you please provide a physical address/location for Mr. Ted Muftic (i) in the United States (when he is present in this country) and (ii) in any foreign country (when he is outside of the United States) for business? Thanks."

4. On February 8, 2022, I received the following e-mail response from Mr. Muftic's counsel: "Good evening. Mr. Muftic does not have a residence here in the states though he spends time at various locations when he is here and no address overseas when he travels for business".

5. On February 11, 2022, I wrote the following e-mail message to Mr. Muftic's counsel: "Ms. Robinson – will you accept service of process on behalf of Ted Muftic?"

6. I received the following e-mail response from Mr. Muftic's counsel later that same day: "I am not able to do so".

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 4, 2022

_____
LONNIE L. SIMPSON