**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 19-24539-CIV-MORENO/LOUIS

HAPPY TAX FRANCHISING, LLC, *et al.*,

    Plaintiffs,

v.

JAMEY HILL, *et al.*,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

**THIS CAUSE** comes before the Court upon several related Motions. Third-Party Defendant Monica Poirier ("Ms. Poirier") has filed a Motion to Strike Third-Party Claims (ECF No. 160) and moved to dismiss the counterclaim as it pertains to her, specifically, Count IX of the Counterclaim (ECF No. 161). Counterclaim Defendants Mario Costanz ("Mr. Costanz"), Happy Tax Holdings Corp., and Happy Tax Franchising, LLC (collectively "Happy Tax") have similarly filed a Joint Motion to Dismiss Count IX of Counterclaim (ECF No. 162). The Counterclaim Plaintiffs, Jamey Hill, the JL Hill Group LLC ("Hill Group"), Tricia Drago, and Banyan Accounting, LLC ("Banyan") (collectively "Counterclaim Plaintiffs") filed an Omnibus Response to all three Motions (ECF No. 163). Ms. Poirier replied in support of her Motions (ECF Nos. 164, 165); the Happy Tax Counterclaim Defendants did not file a reply to their Joint Motion. This matter has been referred to me, pursuant to 28 U.S.C. § 636(b)(1)(A), by the Honorable Federico A. Moreno, United States District Judge, to take all necessary and proper action as required by law, with respect of any and all pretrial matters (ECF No. 15). Having carefully considered the Motions, Responses, Ms. Poirier's Replies, the record, and being otherwise duly advised on the

1

matter, the undersigned recommends that the Motions all be **GRANTED**.

## I. INTRODUCTION

Happy Tax has operated a nationwide network that provides tax preparation services to consumers through franchisees and certified public accountants. Between 2015 and 2018, Happy Tax entered into franchise agreements with Counterclaim Plaintiffs Hill Group and Banyan. Happy Tax alleges that Counterclaim Plaintiffs employed an unsuccessful scheme to take over and assume control of Happy Tax. Happy Tax filed this lawsuit alleging that Counterclaim Plaintiffs disseminated false and defamatory statements, breached the Parties' franchise documents in multiple respects, misappropriated Happy Tax's proprietary business information, and unlawfully competed with Happy Tax.

Counterclaim Plaintiffs filed a nine-count Counterclaim and Third-Party Complaint ("Counterclaim") against Happy Tax and added Third-Party Defendants Ted Muftic, Michael Hadzipanajotis, and Ms. Poirier. Counterclaim Plaintiffs seek relief against Happy Tax and Third-Party Defendants to rescind all contracts as between any of them and Counterclaim Plaintiffs and to award damages, prejudgment interest, attorneys' fees and costs, and all other relief to which they may be entitled, jointly and severally.

In Count IX, Counterclaim Plaintiffs bring a claim for breach of fiduciary duty directed against Happy Tax and Ms. Poirier (*id*. at ¶¶ 177-181).[1] Counterclaim Plaintiffs allege that Happy Tax owed a fiduciary duty to them because Happy Tax and Ms. Poirier were the individuals "responsible for intercepting, collecting and accounting for all amounts paid by [Hill Group] and Banyan customers for income tax return preparation services, for accurately calculating and withholding royalties and for timely and accurately reporting and paying all amounts due to [Hill

---

[1] The Court does not address the other eight counts of the Counterclaim in this Report.

2

Group] and Banyan" (*id*. at ¶ 179).[2] Counterclaim Plaintiffs allege that Ms. Poirier, "[a]t all times material," held herself out as the Chief Executive Officer ("CEO") and Chief Financial Officer ("CFO") of Happy Tax (ECF No. 125 at ¶ 11). Counterclaim Plaintiffs argue that Happy Tax and Ms. Poirier breached their fiduciary duties by intercepting and collecting, but failing to account for all amounts paid by Counterclaim Plaintiffs Hill Group and Banyan's customers for income tax services; failing to accurately calculate and withhold only royalties actually due; refusing to timely or accurately report to Counterclaim Plaintiffs Hill Group and Banyan; and refusing to pay Counterclaim Plaintiffs Hill Group and Banyan all amounts due to them. Counterclaim Plaintiffs claim they suffered actual damages as a result of Happy Tax and Ms. Poirier's breaches of their fiduciary duties.

Ms. Poirier moves to dismiss the third-party claim against her in Count IX of the Counterclaim for alleged breach of fiduciary duty (ECF No. 161). Ms. Poirier asserts that Counterclaim Plaintiffs' claims against her are substantively meritless. She argues that Counterclaim Plaintiffs failed to adequately allege that she owed Counterclaim Plaintiffs a fiduciary duty and that they failed to demonstrate that Ms. Poirier breached any duty. Like Ms. Poirier, Happy Tax also moves to dismiss Count IX of the Counterclaim (ECF No. 162). Happy Tax argues that Counterclaim Plaintiffs have failed to state a claim upon which relief can be granted. In a separate motion, Ms. Poirier moves to strike the third-party claim (ECF No. 160). Ms. Poirier argues that Counterclaim Plaintiffs' claims against her are procedurally barred.

The undersigned first addresses Happy Tax and Ms. Poirier's Motions to Dismiss and recommends dismissal as to Ms. Poirier and dismissal without prejudice as to Happy Tax.

---

[2] In the Counterclaim, Counterclaim Plaintiffs referred to Happy Tax and Ms. Poirier as their "partners" (ECF No. 125 at ¶ 179). There are no facts alleged that would support the existence of a partnership and Counter Plaintiffs' Omnibus Response advances no argument that they were in fact partners. Accordingly, this basis for considering a fiduciary duty is not considered herein.

Although I further recommend granting Ms. Poirier's Motion to Strike, I will nonetheless fully consider her Motion to Dismiss as it applies individually to her in this Report.

## II. DISCUSSION

### a. Motions to Dismiss

In their Motions, Happy Tax and Ms. Poirier assert that Count IX of the Counterclaim for breach of fiduciary duty fails because they owed Counterclaim Plaintiffs no such fiduciary duty. A party may move to dismiss a claim pursuant to Rule 12(b)(6) if the opposing party has failed to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). "To survive a Rule 12(b)(6) Motion to Dismiss . . . a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [defending party] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

A plaintiff bringing a breach of fiduciary duty cause of action must prove: (1) the existence of a fiduciary duty; (2) the breach of that duty; and (3) damage proximately caused by that breach. *Treco Int'l S.A. v. Kromka*, 706 F. Supp. 2d 1283, 1288 (S.D. Fla. 2010).

Counterclaim Plaintiffs are franchisors with a contractual relationship with franchisee Happy Tax. *See* (ECF No. 125 ¶¶ 32, 54, 68, 70, 92). Notably, "[i]t is well-settled that a franchisor is not in a fiduciary relationship with a franchisee. Furthermore, there is no other special or confidential relationship between franchisor and franchisee from which such a duty would arise." *Barnes v. Burger King Corp.*, 932 F. Supp. 1420, 1430 (S.D. Fla. 1996) (internal citations omitted).

Neither side meaningfully disputes that the franchisor-franchisee relationship does not give

4

rise to a fiduciary duty. Counterclaim Plaintiffs rest their allegations of a fiduciary relationship on extra services Happy Tax and Ms. Poirier allegedly undertook, the alleged greater economic benefit Happy Tax and Ms. Poirier received beyond that of a typical franchise transaction, and Happy Tax and Ms. Poirier's alleged exercise of extensive control over customer payment collections and making payments of amounts due to franchisees. Because this fiduciary duty is not based on any express contract, Counterclaim Plaintiffs effectively allege that there was an implied fiduciary relationship.

"An implied fiduciary relationship may be found based on special circumstances surrounding the transaction and the relationship of the parties . . . and may be found when confidence is reposed by one party and a trust accepted by the other." *Bruhl v. Price WaterhouseCoopers Intern.*, 2008 WL 899250, at *2 (S.D. Fla. 2008) (Marra, J.) (citations omitted); *see Maxwell v. First United Bank*, 782 So. 2d 931, 933–34 (Fla. 4th DCA 2001); *see also Lanz v. Resol. Tr. Corp.*, 764 F. Supp. 176, 179 (S.D. Fla. 1991); *see also Sallah v. BGT Consulting, LLC*, No. 16-81483-CIV, 2017 WL 2833455, at *8 (S.D. Fla. June 30, 2017).

Counterclaim Plaintiffs essentially seek to transform a non-fiduciary arms-length relationship into a relationship with implied fiduciary responsibilities. This may be done, if there are sufficient factual allegations to explain how Happy Tax and Ms. Poirier fostered the Counterclaim Plaintiffs' confidence and how the Counterclaim Plaintiffs placed trust and reliance on Happy Tax and Ms. Poirier. *See, e.g., Barnett Bank of W. Fla. v. Hooper*, 498 So. 2d 923, 925 (Fla. 1986); *Cap. Bank v. MVB, Inc.*, 644 So. 2d 515, 518-19 (Fla. 3d DCA 1994).

In their Omnibus Response, Counterclaim Plaintiffs argue at length that Happy Tax and Ms. Poirier exercised exclusive and complete control over all collected customer payments, forcing the Counterclaim Plaintiffs to completely rely upon Happy Tax and Ms. Poirier to account

5

for, pay, and report all amounts to the Counterclaim Plaintiffs.  They further state that these extra duties are neither contained in any franchise agreement nor are they part of an ordinary franchisor-franchisee contractual relationship.  As such, Counterclaim Plaintiffs allege that the relationship is a fiduciary one.

Nevertheless, the relationship between Counterclaim Plaintiffs and Happy Tax was at all times defined by contract.[3]  "It is the law of Florida that 'a cause of action of breach of fiduciary duty will not lie where the claim of breach is dependent upon the existence of a contractual relationship between the parties.'"  *White Const. Co., Inv. v. Martin Marietta Materials, Inc.*, 633 F. Supp. 2d 1302, 1325 (M.D. Fla. 2009) (quoting *Excess Risk Underwriters, Inc. v. Lafayette Life Ins. Co.*, 208 F. Supp. 2d 1310, 1316 (S.D. Fla. 2002)).  "This is true because the duty is owed only as the result of the existence of the contract."  *Id.*  Counterclaim Plaintiffs' characterization of the duties as extra is not enough to allege a basis for a special relationship giving rise to a fiduciary duty.

Counterclaim Plaintiffs also fail to meaningfully address Ms. Poirier's challenge to their allegations as it relates to *her*.  Counterclaim Plaintiffs argue that Happy Tax *and* Ms. Poirier breached their duties based on acts that occurred "from mid-January, 2018 forward [Dkt. No. 125 ¶¶ 7, 80]" (ECF No. 163 at 4-5).  Yet the facts on which Plaintiffs rely for this argument occurred before Ms. Poirier became involved at Happy Tax, as alleged in the Counterclaim itself (ECF No. 125 ¶ 80).  Moreover, there are no facts to support Counterclaim Plaintiffs' allegation that Ms. Poirier was a "partner" (ECF No. 125 ¶ 179).  Rather, Counterclaim Plaintiffs allege that Ms. Poirier was an employee of Happy Tax, even if her position was that of an officer.  Thus, while Ms. Poirier owed a duty to Happy Tax and its shareholders, these facts do not demonstrate a basis

---

[3] Notably, Counterclaim Plaintiffs also sue Happy Tax for breach of contract in Count VIII of their Counterclaim (ECF No. 125 at ¶¶ 173-176).

to find that she owed any such duty to its franchisors.

Ms. Poirier additionally challenges Counterclaim Plaintiffs' allegations that she committed misconduct. Counterclaim Plaintiffs argue Ms. Poirier "refused" to provide them with Happy Tax's financial information "or any insight into HT Franchising'[s] true financial condition" during the summer of 2019 (ECF No. 125 at ¶ 102). Counterclaim Plaintiffs also allege that Happy Tax and Ms. Poirier continued to intercept and keep payments from franchisee-sourced customers, but refused to account for those payments, provide any commission reports, or pay any money that Happy Tax owed them. These allegations are conclusory and unsupported by facts specific to Ms. Poirier, as Ms. Poirier is "simply lumped in" with Happy Tax in the Counterclaim (ECF No. 165 at 4).

It is appropriate to dismiss a count in a complaint if no construction of the factual allegations support the cause of action. *Executive 100, Inc. v. Martin County,* 922 F.2d 1536 (11th Cir. 1991). In this case, there are no factual allegations that support the allegation that Happy Tax and Ms. Poirier owed a fiduciary duty to Counterclaim Plaintiffs. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely granted when justice so requires." FED. R. CIV. P. 15(a); *see also Sallah*, 2017 WL 2833455, at *10. Accordingly, the undersigned recommends that Happy Tax's Motion to Dismiss Count IX be granted without prejudice. However, because the undersigned recommends granting Ms. Poirier's Motion to Strike, leave to amend as to Ms. Poirier would be futile and thus, I recommend that her Motion to Dismiss be granted and the claim be dismissed with prejudice as to her.

### b. Motion to Strike

In addition to her challenge to the merits of the Counterclaim, Ms. Poirier challenged it procedurally by filing a Motion to Strike, pursuant to Fed. R. Civ. P. 14(a)(4) ("Rule 14"), on the

7

basis that Count IX is not a dependent claim properly brought in a third-party complaint (ECF No. 160). Rule 14(a)(4) states that "[a]ny party may move to strike the third-party claim, to sever it, or to try it separately." FED. R. CIV. P. 14(a)(4). Ms. Poirier argues that Counterclaim Plaintiffs' breach of fiduciary duty claim against her is not dependent upon or derivative of any of Happy Tax's claims against Counterclaim Plaintiffs, but rather is an independent claim, which Rule 14 does not permit. Additionally, Ms. Poirier contends that Counterclaim Plaintiffs request a damage award that far exceeds the scope of Counterclaim Plaintiffs' liability to Happy Tax, which is more than a third-party claim allows.

In their Omnibus Response, Counterclaim Plaintiffs offer the limited justification for their third-party claim against Ms. Poirier that because Happy Tax sued them for damages, indisputably resulting from alleged breaches of franchise agreements, promissory notes, and personal guarantees, their claim against Ms. Poirier would be used to offset any monies they might owe the Happy Tax Plaintiffs. Counterclaim Plaintiffs allege Ms. Poirier, as Happy Tax's corporate officer, is liable to Counterclaim Plaintiffs for her conduct.

As this Court explained in *Block,* to permit Counterclaim Plaintiffs' third-party claim, the Court would have to "implicitly rule that the officers and agents of a corporation that is suing for breach of contract could be or are liable for any damages that the corporation obtains against the party that is found to have breached the contract." *See U.S. Distributors, Inc. v. Block*, Case No. 09-21635-CIV, 2010 WL 337669, at *3 (S.D. Fla. Jan. 22, 2010).

This is a franchise dispute and Counterclaim Plaintiffs do not seek damages from Ms. Poirier for her alleged breach of fiduciary duty that are dependent upon any liability that they may have to Happy Tax. Counterclaim Plaintiffs' single breach of fiduciary duty claim against Ms. Poirier is not dependent upon or derivative of any of Happy Tax's claims against Counterclaim

Plaintiffs, and Counterclaim Plaintiffs have not meaningfully even argued that it is. Accordingly, the undersigned recommends that Ms. Poirier's Motion be granted and that Counterclaim Plaintiffs' third-party claim related to Ms. Poirier be stricken, pursuant to Rule 14(a)(4).

### III. CONCLUSION

For the forgoing reasons, I recommend that Motions (ECF Nos. 160, 161, 162) be **GRANTED**.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Federico A. Moreno, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers, in Miami, Florida this 3rd day of May, 2022.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE