UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HAPPY TAX FRANCHISING, LLC, etc., et al.,

    *Plaintiffs*,

v.

JAMEY HILL, et al.

    *Defendants/Counterclaim and Third-Party Plaintiffs,*

v.

MARIO COSTANZ, et al.,

    *Counterclaim and Third-Party Defendants.*

**CASE NO. 19-24539-CIV-MORENO/Louis**

## PLAINTIFFS' ANSWER TO COUNTERCLAIM

Plaintiffs, HAPPY TAX HOLDING CORP., HAPPY TAX FRANCHISING, LLC, HAPPY TAX HOLDINGS CORP., and MARIO COSTANZ (collectively, "**Counter Defendants**"), through undersigned counsel, file this Answer to Defendants' Counterclaim, stating as follows:

Jurisdiction and Venue

1. As to Paragraph 1 of the Counterclaim, Counterclaim Defendants admit the allegations contained in this Paragraph for jurisdictional purposes only, however, does not admit Counterclaim Plaintiffs are entitled to the relief sought therein.

2. As to Paragraphs 2 through 6 of the Counterclaim, Counterclaim Defendants admit the allegations contained in these Paragraphs to the best of their collective knowledge.

3. Counterclaim Defendants deny the allegations of Paragraphs 7 and 8 in that initially, M. Costanz was the sole member of HT Franchising and in time, HT Holding Corp. became the sole member.

4. Denied as to Paragraph 9 to the extent that T. Muftic acted as a consultant for a portion of time before entering a contract for work with Happy Tax Franchising.

5. Admitted as to Paragraph 10.

6. Admitted as to Paragraph 11.

7. Admitted in part, as it refers to jurisdiction over M. Costanz, denied in part, as it refers to jurisdiction over other parties to which the Counterclaim Defendants supplying this Answer do not have direct knowledge.

8. Denied as to Paragraph 13.

9. Admitted as to Paragraph 14.

10. Admitted as to Paragraph 15.

11. Counterclaim Defendants are without direct knowledge and therefore, denies the allegations contained in Paragraph 16.

12. Denied as to Paragraph 17.

13. Paragraph 18 is admitted in part regarding the reports M. Costanz hired M. Hadziapanajotis to complete and denied in part regarding allegations of noncompliance with GAAS, or generally accepted auditing standards.

14. Paragraph 19 is admitted in that it restates M. Hadziapanajotis' 2016 and 2017 reports.

15. Paragraph 20 is admitted in that it restates M. Hadziapanajotis' 2018 report.

16. Paragraph 21 is admitted in that it restates M. Hadziapanajotis' 2019 report.

17. Paragraph 22 is admitted.

18. Paragraph 23 and its subparts are denied.

19. Paragraph 24 is admitted in part, to the extent that M. Costanz caused HT Franchising to be formed. Denied as to the other allegations of the paragraph.

20. Paragraph 25 is denied.

21. Paragraph 26 is denied.

22. Paragraph 27 is denied.

23. Paragraph 28 is denied as to the allegations that M. Costanz dictated and controlled various statements and content.

24. Counterclaim defendants do not have direct knowledge of the allegations made in Paragraph 29, thus, it is denied.

25. Admitted as to subparts a through j of Paragraph 30.

26. Admitted to the extent that the allegation of Paragraph 31 is M. Costanz certified and swore to the best of his knowledge and ability at that time.

27. Denied in that Paragraph 32 goes to Mr. Hill's state of mind in purchasing a franchise to which the Counterclaim Defendants have no direct knowledge.

28. Paragraph 33 is denied.

29. Paragraph 34 is admitted.

30. Paragraph 35 is admitted in part and denied in part to the extent that it is alleged HT



    Franchising was exposed to a consent judgment.

31. Paragraph 36 is denied.

32. Paragraph 37 is denied.

33. Paragraph 38 is admitted.

34. Paragraph 39 is admitted.

35. Paragraph 40 is admitted.

36. Paragraph 41 is admitted in part and denied in part as it relates to subpart b.

37. Paragraph 42 is admitted.

38. Paragraph 43 is admitted to the extent that it contains quotes from submitted Forms C.

39. Paragraph 44 is admitted to the extent that it contains quotes from submitted Forms C.

40. Paragraph 45 is admitted to the extent that it contains quotes from the prepared financial statements.

41. Paragraph 46 is denied to the extent that it alleges an agreement was made for "a small part of Nevada" and admitted in part.

42. Paragraph 47 is denied.

43. Paragraph 48 is admitted.

44. Paragraph 49 is admitted.

45. Paragraph 50 is admitted.

46. Paragraph 51 is admitted.

47. Paragraph 52 is denied to the extent that it alleges M. Hadziapanaojotis' express consent to which the Counterclaim Defendants lack direct knowledge.

48. Paragraph 53 is denied as it contains allegations regarding Mr. Hill's state of mind.

49. Paragraph 54 is admitted.

50. Paragraph 55 is denied since Counter Defendants have no direct knowledge of this allegation.

51. Paragraph 56 is admitted in part and denied in part:

    a. Admitted.

    b. Admitted.

    c. Admitted.

    d. Admitted.

    e. Admitted.

    f. Admitted.

    g. Admitted.

    h. Admitted.

    i. Admitted.

    j. Admitted.

52. Paragraph 57 is admitted.

53. Paragraph 58 is denied in that Counterclaim defendants do not have direct knowledge of M. Hadziapanajotis' express consent.

54. Paragraph 59 is denied. No direct knowledge of T. Drago's state of mind.

55. Paragraph 60 is denied. No direct knowledge of T. Drago's state of mind.

56. Paragraph 61 is denied. No direct knowledge of T. Drago's review of T. Mutfic's

calculations.

57. Paragraph 62 is admitted in part and denied in part as it relates to the alleged statement made by M. Costanz to T. Drago regarding equity.

58. Paragraph 63 is denied.

59. Paragraph 64 is denied.

60. Paragraph 65 is admitted in part and denied in part in regards to the first two statements..

61. Paragraph 66 is admitted in part and denied in part as it relates to T. Drago's impression of T. Muftic's presentation.

62. Paragraph 67 is denied.

63. Paragraph 68 is denied since Counter Defendants have no direct knowledge of the alleged discussions and decisions regarding equity.

64. Paragraph 69 is denied.

65. Paragraph 70 is denied.

66. Paragraph 71 is denied.

67. Paragraph 72 is denied. No direct knowledge.

68. Paragraph 73 is denied. No direct knowledge.

69. Paragraph 74 is admitted.

70. Paragraph 75 is denied.

71. Paragraph 76 is denied.

72. Paragraph 77 is denied.

73. Paragraph 78 is denied.

74. Paragraph 79 is denied.

75. Paragraph 80 is denied.

76. Paragraph 81 is denied.

77. Paragraph 82 is denied.

78. Paragraph 83 is denied.

79. Paragraph 84 is denied.

80. Paragraph 85 is denied.

81. Paragraph 86 is denied.

    a. Admitted.

    b. Admitted.

    c. Admitted.

    d. Admitted.

    e. Admitted.

    f. Admitted.

    g. Admitted.

    h. Admitted.

    i. Admitted.

    j. Admitted.

82. Paragraph 87 is denied.

83. Paragraph 88 is denied. No direct knowledge of Mr. Hill's considerations.

84. Paragraph 89 is denied.

85. Paragraph 90 is admitted in part in that it contains a quote from M. Hadziapanajotis but denied in part as it relates to the allegation of M. Hadziapanajotis' express consent.

86. Paragraph 91 is denied in that it contains an allegation of what J. Hill noted regarding HT financials.

87. Paragraph 92 is denied. No direct knowledge of the allegation related to Mr. Hill's state of mind.

88. Paragraph 93 is denied.

89. Paragraph 94 is denied.

90. Paragraph 95 is denied.

91. Paragraph 96 is denied.

92. Paragraph 97 is denied.

93. Paragraph 98 is denied.

94. Paragraph 99 is denied.

95. Paragraph 100 is denied.

96. Paragraph 101 is denied.

97. Paragraph 102 is denied.

98. Paragraph 103 is denied.

99. Paragraph 104 is denied.

100. Paragraph 105 is denied.

101. Paragraph 106 is denied.

102. Paragraph 107 is denied.

103. Paragraph 108 is denied.

104. Paragraph 108 is denied.

105. Paragraph 109 is denied.

106. Paragraph 110 is denied.

107. Paragraph 111 is denied.

108. Paragraph 112 is denied.

109. Paragraph 113 is denied.

110. Paragraph 114 is denied.

111. Paragraph 115 is denied.

112. Paragraph 116 is denied.

113. Paragraph 117 is denied.

114. Paragraph 118 is denied.

115. Paragraph 119 is denied.

116. Paragraphs 120 through 127 that comprise Count I are denied.

117. Paragraphs 128 through 135 that comprise Count II are denied.

118. Paragraphs 136 through 143 that comprise Count III are denied.

119. Paragraphs 144 through 147 that comprise Count IV are denied.

120. Paragraphs 148 through 152 that comprise Count V are denied.

121. Paragraphs 153 through 164 that comprise Count VI are denied.

122. Paragraphs 165 through 172 that comprise Count VII are denied.

123. Paragraphs 173 through 176 that comprise Count VIII are denied.

124. Paragraphs 177 through 181 that comprise Count IX are denied.

125. The Counter Defendants respectfully request that the Court deny all of the Counter Plaintiff's requested relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Facts Insufficient to State Any Cause of Action)**

The Counterclaim as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute any cause of action against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Counterclaim fails to plead fraud with the requisite particularity.

### THIRD AFFIRMATIVE DEFENSE

Defendants' claims are barred because Plaintiff Costanz did not act at any time with the requisite scienter.

### FOURTH AFFIRMATIVE DEFENSE

Defendants' claims are barred because of Plaintiff Costanz reasonably relied upon the advice of legal counsel and other professionals with respect to the conduct that is the subject of the Defendants' Counterclaim.

### FIFTH AFFIRMATIVE DEFENSE

The Defendants' claims are barred, in whole or in part, because Plaintiff Costanz acted at all relevant times in good faith.

**SIXTH AFFIRMATIVE DEFENSE**

The Defendants' requested relief is not supported by the nature and scope of the alleged violations that, even if true, caused no investor harm.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Defendant is informed and believes and thereon alleges that Counter Plaintiffs, by their own conduct, are guilty of unclean hands, which completely bars or reduces recovery, if any, to which they may be entitled, all in accordance with proof at trial.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

By virtue of their conduct, Counter Plaintiffs must be estopped from asserting any of the causes of action in the Counterclaim against the Counter Defendants.

**NINTH AFFIRMATIVE DEFENSE**

**(Consent)**

The Counterclaim, and each purported cause of action alleged therein, is barred on the ground that at all times alleged in the Counterclaim, Plaintiff expressly or impliedly assented to, ratified, or concurred with the conduct alleged to be unlawful.

**TENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

All actions taken by Counter Defendants with respect to the Counter Plaintiffs, at all times relevant to this action, were taken in good faith for legitimate non-discriminatory reasons.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Offset)**

Counter Defendants allege that they have suffered damages by reason of the Counter Plaintiffs' conduct, and Counter Defendants have a right to offset its damages against the damages, if any, of Counter Plaintiffs.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Without admitting any facts pled by the Counter Plaintiffs, Counter Defendants allege that if the Counter Plaintiffs sustain any loss, injury, or damages either as alleged in the Counterclaim or at all, which the Counter Defendants expressly denies, the same were directly and proximately caused and/or exacerbated by the Counter Plaintiffs' own conduct, promises, and representations to the Counter Defendants, and failure to take actions to mitigate these losses, injuries, or damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Speculative Damages and/or Penalties)**

Plaintiff is precluded from recovering the damages alleged in the Counterclaim because those damages and/or penalties are too vague, ambiguous, excessive, unreasonable, uncertain, and speculative to permit recovery.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Essential Lawful Part of Business Operations)**

Counter Defendants allege the allegations of the Counterclaim, and each purported cause of action contained therein, is barred because the alleged conduct, if true, would be an essential lawful part of the Counter Defendants' business operations and/or consistent with industry practice.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Show Intent or Willfulness)**

Counter Plaintiffs' claims for penalties, are barred in whole or in part, because the Counter Plaintiffs have not alleged, and cannot allege, facts demonstrating, that the Counter Defendants' conduct was willful or

intentional. Without admitting any facts pled in the Counterclaim, the Counter Defendants allege that it engaged in lawful conduct that was with cause and justification, and the Counter Defendants are not liable for any purported injuries or claims which the Counter Plaintiffs now declare.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences Doctrine)**

The Counter Defendants allege the Counterclaim, and each and every cause of action alleged therein, is barred on the ground that, without admitting that it engaged in any of the acts or conduct attributed to it in the Counterclaim, that the Counter Plaintiffs' claims and damages are barred in whole or in part by the Counter Plaintiffs' failure to take reasonable and necessary steps to avoid the harm and/or consequences they allegedly suffered.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Third Parties)**

The Counter Defendants allege that the Counterclaimt, and each purported cause of action contained therein, is barred in whole or in part because any injuries or damages allegedly sustained by the Counter Plaintiffs were not the result of any acts, omissions or other conduct of the Counter Defendants. Further, any alleged injuries were caused in part or in whole by third parties or intervening occurrences.

**Reservation of Right to Supplement Defenses**

The facts having not been fully developed, Counter Defendants reserves the right to supplement his answer with any additional affirmative defenses that might later become known.

Respectfully Submitted,

_____
Amber Robinson, Esq.
Robinson Law Office PLLC
 Fla. Bar No. 0107215
360 Central Ave Ste. 800
St. Petersburg, FL 33701
arobinson@arobinsonlawfirm.com
(813) 613-2400 (phone)
(727) 362-1979 (fax)
*Counsel for Plaintiff Happy Tax Franchising, LLC and Happy Tax Holdings Corp.*


 /s/ Mario Costanz
_____
*Mario Costanz*
*Plaintiff, Pro Se*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 21, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF to those parties registered to receive electronic notices of filing in this case.


/s/ AMBER ROBINSON
_____
ATTORNEY