UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:19-cv-24539-FAM

HAPPY TAX FRANCHISING, LLC and MARIO
COSTANZ,
        Plaintiffs,
v.

JAMEY HILL, THE JL HILL GROUP, LLC,
TRICIA DRAGO and BANYAN ACCOUNTING, LLC,
        Defendants,
_____/
JAMEY HILL, THE JL HILL GROUP ,LLC,
TRICIA DRAGO and BANYAN ACCOUINITNG, LLC

        Counterclaim and Third-Party Plaintiffs,
v.

MARIO COSTANZ, HAPPY TAX WITHOLDINGS
CORP., HAPPY TAX FRANCHSIING, LLC, TED
MUFTIC, MICHAEL HADZIPANAJOTIS and
MONICA POIRIER

        Counterclaim and Third-Party Defendants.
_____/

**THIRD-PARTY DEFENDANT, MICHAEL HADZIPANAJOTIS'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO THE THIRD-PARTY COMPLAINT**

The Third-Party Defendant, MICHAEL HADZIPANAJOTIS ("Mr. Hadzipanajotis"), by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(c), file this Motion for Judgment on the Pleadings as to the Third-Party Complaint ("Third-Party Complaint") filed against him in this matter by the Third-Party Plaintiffs, JAMEY HILL, THE JL HILL GROUP, LLC, TRICIA DRAGO AND BAYAN ACCOUNTING, LLC ("Third-Party Plaintiffs"). [D.E. 125] Mr. Hadzipanajotis seeks entry of an order dismissing the Third-Party Complaint, in whole or in part, and hereby submits a memorandum of law in support of the relief requested.

I.       **Legal standard for judgment on the pleadings.**

Fed. R. Civ. P. 12 provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings. This type of motion "is governed by the same standard as a motion to dismiss for failure to state a claim upon which relief may be granted." *Garden Meadow, Inc. v. Smart Solar, Inc.*, 24 F. Supp. 3d 1201, 1206 (M.D. Fla. 2014) (citing *Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999)). "Judgment on the pleadings is appropriate when 'there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts.'" *Garden Meadow*, 24 F. 3d Supp at 1206 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

"'The purpose of a motion for judgment on the pleadings is to test the legal sufficiency of a cause of action or defense where there is no dispute as to the facts.' " *US Fire Ins. Co. v. ADT Sec. Servs.*, 134 So. 3d 477, 479 (Fla. 2d DCA 2013), (quoting *Barentine v. Clements*, 328 So.2d 878, 879 (Fla. 2d DCA 1976)). In evaluating a motion for judgment on the pleadings, a court will accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the nonmoving party. *See Cunningham v. Dist. Attorney's Office for Escambia County*, 592 F.3d 1237, 1255 (11th Cir. 2010). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Id*. The sole inquiry is whether the complaint states a cause of action. *Hammond*, 522 So.2d at 522 (citing *Appel v. Scott*, 479 So. 2d 800 (Fla. 2d DCA 1985)).

A claimant need not plead detailed factual allegations to withstand a motion to dismiss, but must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

(2009) (quoting *Twombly*, 127 S. Ct. at 1955). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 127 S. Ct. at 1965 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## II. ARGUMENT

### A. The instant motion is timely.

The pleadings are closed in this matter, but it is early enough that Third Party Plaintiffs will not delay the trial by this Motion for Judgment on the Pleadings. Fed. R. Civ. P. 12(c). To the contrary, the relief sought herein will streamline the trial of this matter because it will eliminate claims that do not need to be tried.

### B. The Third-Party Complaint does not assert claims predicated upon derivative liability, and therefore is not properly pleaded under Rule 14 of the Federal Rules of Civil Procedure.

In considering a motion for judgement on the pleadings, the inquiry is whether the facts pled by plaintiff, which are taken as true for purposes of the motion, state a right to relief. *American Fruit Growers, Inc. v. S. T. Runzo & Co.* 95 F. Supp. 842 (W.D. Penn. 1951). Essentially, the primary question is whether a cause of action would be established upon proof of plaintiffs allegations. *Robert L. Turchin, Inc. v. Gelfand Roofing. Inc.,* 450 So.2d 554 (Fla. 3rd DCA 1984). Here, taking into consideration the facts pled here, there is no legal basis upon which the Third-Party Complaint may be sustained under Rule 14 third-party practice.

Rule 14 governs the procedure of when a defending party may bring in a third party. It provides as follows:

> **(a) When a Defending Party May Bring in a Third Party.**
> **(1)** *Timing of the Summons and Complaint.* A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Fed. R. Civ. P. 14. In effect, a third-party complaint is derivative in nature and is only appropriate where the third-party defendant would be secondarily liable to original defendant in the event the defendant is held liable to plaintiff. See Southeast Mortgage Company v. Mullins, 514 F.2d 747 (5th Cir. 1975). Under Rule 14, an entirely separate and independent claim cannot be maintained against a third party even if it arises out of the same general facts as plaintiffs claim. *Id.* The third-party complaint is not sufficient where it merely sets forth that third-party defendant is directly liable to original plaintiff, a third-party complaint must assert secondary or derivative liability. *In re One Meridian Plaza Fire Litigation,* 820 F.Supp. 1492 (E.D. Pa. 1993); *Toberman v. Menendez* 800 F.Supp. 1239 (M.D. Pa. 1992).

Thus, the third-party complaint must set forth a claim of secondary or derivative liability such that, if third-party plaintiff is found liable on the original claim, third-party defendant will be liable to third-party plaintiff under theory of indemnification, contribution or some other theory of derivative liability recognized by relevant substantive law. *Toberman,* id.; *Ronson v. Talesnick,* 33 F.Supp. 347 (D. N.J. 1999). If the third-party complaint is premised that third-party defendant was solely responsible for plaintiffs injury and that third-party plaintiff has no liability to plaintiff, even vicariously, it does not state a claim for third-party relief. *Toberman,* supra., *Ronson,* supra., *Donaldson v. United States Steel Corp.,* 53 F.R.D. 228 (W.D. Pa. 1971). A third-party complaint that does not make a facial showing of secondary liability fails to state a cause of action. *Ronson,* supra.

In this case, The Third-Party Complaint does not comply with the aforementioned principles; it fails to state a cause of action upon which relief may be granted because it is not a permissible claim under Rule 14. The Third-Party Complaint asserts Mr. Hadzipanajotis's purported liability to the Third-Party Plaintiffs, not derivative or secondary liability based

predicated on liability flowing from Third-Party Plaintiffs to the original plaintiffs in this matter. The actions upon which the Third-Party Complaint is based are his purported wrong-doings to the Third-Party Plaintiffs and are not derivative of the original plaintiff's claim against the Third Party Plaintiffs. Rule 14 does not contemplate such claims. As such, the Third-Party Complaint cannot be sustained against Mr. Hadzipanajotis. Ultimately, none of the actions pled by the Third-Party Plaintiffs state a cause of action for either indemnity or contribution. As such, the Complaint fails.

The claims against the Third-Party Plaintiff are predicated upon alleged direct liability that have nothing to do with shifting damages that are otherwise recoverable from the Third-Party Plaintiffs. Moreover, the Third Party Plaintiffs are not seeking damages from Mr. Hadzipanajotis that are derivative of the original claim of the Plaintiffs. As such, the claims against Mr. Hadzipanajotis are not properly before this Court and he is entitled to judgment on the pleadings as a matter of law.

**C. Count IV of the Third-Party Complaint against Mr. Hadzipanajotis fails to state a cause of action against Mr. Hadzipanajotis for liability under section 20(a) of the <u>Securities Act of 1934.</u>**

A claim under section 20(a) of the Securities Act of 1934 provides for derivative liability for those who control others to be found primarily liable under the Act. A claim of such derivative liability must allege a predicate, primary violation of section 10(b) of the Act. However, the Third-Party Plaintiffs have not done so here, where they have insufficiently alleged a primary violation of section 10(b) and have also failed to sufficiently allege the element of scienter.

Notably, it is unclear on the face of Count IV what said count has to do with Mr. Hadzipanajotis; his name is referenced but no factual support is provided to establish any liability under Section 20 of the 1934 Securities Act.

To the extent that the Third-Party Plaintiffs wish to hold Mr. Hadzipanajotis liable under section 10(b) on a derivative basis, they are required to sufficiently allege a primarily violation. Assuming (because it is not clear on the face of Count IV) that the primary violation is predicated on Third-Party Plaintiffs' claims against the Plaintiffs for violations of the securities laws, the Third-Party Plaintiffs have failed to show any such primary violation. The failure to plead the primary violation is delineated in the *Plaintiff's Joint Motion for Judgment on the Pleadings and Memorandum of Law in Support Thereof* which has been filed by the Plaintiffs in this matter in their Joint Motion for Judgment on the Pleadings") [D.E. 134]. Plaintiffs' Joint Motion for Judgment on the Pleadings articulates the pleading deficiencies in the Third-Party Complaint and Counterclaim as to claims raised against the Plaintiffs. Those claims function as primary violations which, for the reasons the Plaintiffs explain, fail to state a cause of action and warrant dismissal. Because they warrant dismissal, so does the derivative securities claim against Mr. Hadzipanajotis. Mr. Hadzipanojotis joins in, adopts, and incorporates herein the arguments raised in the Plaintiffs' Joint Motion for Judgment on the Pleading, and asks that the Court grant the Plaintiffs' motion and in connection therewith enter judgment in favor of Mr. Hadzipanajotis with respect to the derivative violation that the Third-Party Plaintiffs have attempted (inadequately) to assert against him under section 20(a) of the Securities Act of 1934.

**D. Count I of the Third-Party Complaint against Mr. Hadzipanajotis fails to state a cause of action against him.**

In Count I of the Third-Party Complaint, the Third-Party Plaintiffs assert a claim against, *inter alia*, Mr. Hadzipanajotis pursuant to sections 4(a)(2) and 4(A)(c) of the Securities Act of 1933, 15 USC 77d(a)(2) and 77-d-1(c), and Regulation CF, 17 CF$ 227.100 et al.  The claim against Mr. Hadzipanajotis is predicated on him qualifying as an "issuer."  An issuer is "every

person who issues or proposes to issue any security." 15 USC 77b(4). Pursuant to 15 USC 77d-1(c),

**c) Liability for material misstatements and omissions**
**(1) Actions authorized**
**(A) In general**
Subject to paragraph (2), a person who purchases a security in a transaction exempted by the provisions of section 77d(6) of this title may bring an action against an issuer described in paragraph (2), either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if such person no longer owns the security.
**(B) Liability**
An action brought under this paragraph shall be subject to the provisions of section 77*l* (b) of this title and section 77m of this title, as if the liability were created under section 77*l* (a)(2) of this title.
**(2) Applicability**
An issuer shall be liable in an action under paragraph (1), if the issuer--
**(A)** by the use of any means or instruments of transportation or communication in interstate commerce or of the mails, by any means of any written or oral communication, in the offering or sale of a security in a transaction exempted by the provisions of section 77d(6) of this title, makes an untrue statement of a material fact or omits to state a material fact required to be stated or necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading, provided that the purchaser did not know of such untruth or omission; and
**(B)** does not sustain the burden of proof that such issuer did not know, and in the exercise of reasonable care could not have known, of such untruth or omission.
**(3) Definition**
As used in this subsection, the term "issuer" includes any person who is a director or partner of the issuer, and the principal executive officer or officers, principal financial officer, and controller or principal accounting officer of the issuer (and any person occupying a similar status or performing a similar function) that offers or sells a security in a transaction exempted by the provisions of section 77d(6) of this title, and any person who offers or sells the security in such offering.

Mr. Hadzipanajotis' liability under the foregoing statutory authority is predicated upon him being a purported issuer. However, the Third-Party Plaintiffs have not pled any sufficient facts to show that he qualifies as an issuer. The Third-Party Plaintiffs have not pled any factual support, nor actually asserted that Mr. Hadzipanajotis qualifies as an issuer. Moreover, no allegation has been made to show that he was involved in the offering or sale of any security. Nothing within the

reports upon which the Third-Party Plaintiffs rely give any indication that Mr. Hadzipanajotis' involvement in any activity related to the Plaintiff entities entailed any offer or sale or of security. Because Plaintiff has simply concluded that Mr. Hadzipanajotis is an "issuer" without providing the factual support thereof and has not otherwise demonstrates that he fits that title on the four corners of the Third-Party Complaint (and Mr. Hadzipanajotis has denied this status in his defenses), Mr. Hadzipanajotis is entitled to judgment as to Count I of the Third-Party Complaint.

    **E. Count III of the Third-Party Complaint against Mr. Hadzipanajotis fails to state a cause of action against Mr. Hadzipanajotis for liability until section 10(b) of the <u>Securities Act of 1934 and Rule 10b-5(a) and (c).</u>**

In Count III, the Third-Party Plaintiffs assert what is referred to as a schedule liability claim. "The main difference between a 10b-5(b) misrepresentation claim and a 10b-5(a) and (c) scheme liability claim is that, while 10b-5(b) involves "deceptive statements," 10b-5(a) and (c) scheme liability involves "deceptive conduct." *In re Tupperware Brands Corp. Sec. Litig.*, 6:20-CV-357-GAP-GJK, 2021 WL 6755476, at *4 (M.D. Fla. Aug. 9, 2021) (*IBEW Local 595 Pension & Money Purchase Pension Plans v. ADT Corp.*, 660 F. App'x 850, 856 (11th Cir. 2016) (quoting *In re DVI, Inc. Sec. Litig.*, 639 F.3d 623, 643 n.29 (3d Cir. 2011), *abrogated on other grounds by Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455 (2013)). "To plead scheme liability, a plaintiff must allege "intentional or willful conduct *designed to deceive or defraud investors* by controlling or artificially affecting the price of securities." In re Tupperware Brands Corp. Sec. Litig., 6:20-CV-357-GAP-GJK, 2021 WL 6755476, at *4 (M.D. Fla. Aug. 9, 2021) *(*citing to *Halbert v. Credit Suisse AG*, 402 F. Supp. 3d 1288, 1306 (N.D. Ala. 2019) (quoting *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1273 (11th Cir. 2016)) (emphasis added)).

In Count III, the Plaintiff relies on the theory of scheme liability but fails to allege intentional or willful conduct designed to deceive or defraud investors by controlling or artificially affecting the price of securities. *See In re Tupperware*, *supra*. Moreover, there is nothing on the face of the financial statements upon which the Third-Party Defendants reflect any intent on Mr. Hadzipanajotis' part to issue anything or to partake in any endeavor meant to in any way control or affect the price of securities or to influence any investor decisions.

Moreover, proving a Rule 10b-5 violation requires proof of (1) a material misrepresentation or materially misleading omission; (2) in connection with the purchase or sale of securities; (3) made with scienter. *SEC v. Merch. Capital, LLC,* 483 F.3d 747, 766 (11th Cir.2007) (citing *Aaron v. SEC,* 446 U.S. 680, 695, 100 S.Ct. 1945, 64 L.Ed.2d 611 (1980)). In this case, the Third-Party Claims have not shown, on the face of their pleading, that there is any connection between Mr. Hadzipanajotis and the purchase or sale of securities; nothing links Mr. Hadzipanajotis to engaging in any action that was related to purchase or sale of securities.

The Third-Party Plaintiffs further fail to state a cause of action with respect to their Rule 10b-5 claim against Mr. Hadzipanajotis because at no point in time do they assert factual support for their reference to the employment of "any device, scheme or artifice to defraud." The Third-Party Plaintiffs invoke the language of the authorities but never provide sufficient facts to show why this language has any application to Mr. Hadzipanajotis.

Accordingly, the Third-Party Plaintiffs have not satisfied their pleading burden as it relates to their Rule 10b-5(b) claim.

    **F. Counts II and III of the Third-Party Complaint are barred due to the failure of the Third- Party Plaintiffs to allege facts leading to an inference of scienter with regard to each Defendant as to each alleged misstatement.**

Counts II and II of The Third-Party Complaint does not, with respect to each act or omission alleged, state with particularity facts giving rise to an inference that defendant acted with the required statement of mind—scienter. Defendants fail to explain how each of the statements give rise to the inference of scienter. Short of uttering the word scienter, Third-Party Plaintiffs do not explain how any conduct attributed to Mr. Hadzipanajotis involved "scienter." Scienter is not alleged with respect to each alleged violation of the statute. Here, the hird-Party Plaintiffs state that scienter existed, without assertion of particularity facts giving inference to that state of mind. For a complaint to survive, a reasonable person would need the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged. Here, a reasonable person would not deem the inference of scienter cogent, effective or persuasive, which is why the claims should be dismissed. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 323, 127 S. Ct. 2499, 2509–10, 168 L. Ed. 2d 179 (2007).

Counts II and III feature claims for violations of Section 10(b) of the Securities Act of 1934 and of Rule 10b-5. Such claims must satisfy not only federal notice pleading requirements and the more specific fraud pleading requirements of Fed. R. Civ. P. (9)(b), but also the pleading requirements of the Private Securities Litigation Reform Act (PSLRA).

Pursuant to the PSLRA, if the Third-Party Plaintiffs are claiming Mr. Hadzipanajotis made an untrue statement of a material fact or that he omitted to state a material fact necessary to make the statement made not misleading, they are required to specify each statement alleged to be misleading, and the reason why it is misleading. Moreover, such a complaint, with respect to each act or omission alleged to be a violation, must state with particularity facts giving rise to a strong inference that the defendant acted with the requisite state of mind.

Contrary to this pleading requirement, Plaintiff cites to statements made by Mr. Hadzipanajotis in reports but never provides the reason why the statements are misleading. Moreover, the Defendants never state with particularity how each of the statements upon which they base Mr. Hadzipanajotis's liability gives rise to an inference of the state of mind applicable to such claims: scienter.

Ultimately, the claims of securities fraud alleged against Mr. Hadzipanajotis do not satisfy the heightened pleading requirements of Rule 9(b). The Third-Party Complaint does not plead fraud with particularity nor does it specify each statement alleged to be misleading and why it is misleading. As such, the claims against him fail to state a cause of action, as further argued by the Plaintiffs in their Motion, which arguments are joined in and incorporated herein.

**SOUTH FLORIDA LAW, PLLC**
1920 E. Hallandale Beach Blvd., Ste. 702
Hallandale Beach, FL 33009
Direct: (917) 442-4085
Office: (954) 900-8885
Fax: (954) 900-8886

*/s/ Frank DelloRusso*
FRANK DELLORUSSO
Florida Bar No. 111949
fdellorusso@southfloridalawpllc.com
YANINA ZILBERMAN
Florida Bar No. 105665
yanina@southfloridalawpllc.com
**ATTORNEY FOR MICHAEL HADZIPANAJOTIS**

## **CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that on May 13, 2022, I filed the foregoing document with the Southern District of Florida's CM/ECF system, which has caused email service to be made upon all counsel of record.

*/s/ Frank DelloRusso*