**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:19-cv-24539-FAM

HAPPY TAX FRANCHISING LLC, *et al.*,

    Plaintiffs,

v.

JAMEY HILL, *et al.*,

    Defendants.

_____ /

**REPORT AND RECOMMENDATION**

    **THIS CAUSE** is before the Court upon Third-Party Defendant Theodore Muftic's Motion to Dismiss the Third-Party Complaint Against Him for Lack of Personal Jurisdiction and for Failure to State a Claim Upon Which Relief Can Be Granted (ECF No. 226). Third-Party Plaintiffs filed a response in opposition (ECF No. 229), to which Mr. Muftic filed a Reply (ECF No. 232). The matter was referred to the undersigned by the Honorable Federico A. Moreno, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law with respect to any and all pretrial matters (ECF No. 15). Upon consideration of the Motion, Response, Reply, the record as a whole, and being otherwise duly advised in the premises, the undersigned **RECOMMENDS** that the Motion be **DENIED**.

**I.    BACKGROUND**

    This is an action for breach of a promissory note, breach of guaranty, breach of a franchise agreement, defamation, and tortious interference with advantageous business contracts and relationships, brought by an income tax preparation service franchisor against former and current

1

franchisees. Plaintiffs—the franchisors—initiated this action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida on October 4, 2019. Defendants removed the action to this Court on November 1, 2019, invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. After motion practice and a series of amendments, Plaintiffs filed the operative Third Amended Complaint (ECF No. 81) on December 15, 2020.

On September 17, 2021, Defendants answered the Third Amended Complaint (ECF No. 125). Concurrently, they also filed their nine-count Counterclaims and Third-Party Complaint (*id.* at 16), identifying Mr. Muftic as a Third-Party Defendant. The Court assumes familiarity with the allegations set forth in the Counterclaims and Third-Party Complaint, which do not bear summarizing here.

On February 19, 2022, Mr. Muftic filed his Motion to Quash Service and Dismiss for Insufficient Service of Process (ECF No. 182), pursuant to Federal Rule of Civil Procedure 12(b)(5). There, through counsel entering a special appearance, Mr. Muftic argued that the Third-Party Plaintiffs failed to properly serve him with process because the person at a Fraser, Colorado address with whom the summons and complaint were left was not authorized to accept service on his behalf. The Court denied the motion on July 22, 2022 (ECF No. 216), finding that service of process on Mr. Muftic was proper under Federal Rule of Civil Procedure 4(e)(2)(B).

Now, Mr. Muftic moves to dismiss the Third-Party Complaint for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2).[1]

---

[1] Mr. Muftic's Motion references Rule 12(b)(6), which governs motions to dismiss for failure to state a claim upon which relief can be granted, in addition to Rule 8(a). The Motion also references Rule 12(b)(1), which governs motions to dismiss for lack of subject matter jurisdiction. However, the instant Motion advances no arguments in favor of dismissal on any of those grounds—the Motion advances arguments in favor of dismissal of the Third-Party Complaint as to Mr. Muftic *only* for lack of personal jurisdiction. As such, the Court treats the instant Motion as made only under Rule 12(b)(2).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) provides that a court may dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). In assessing whether a nonresident is subject to the exercise of personal jurisdiction, federal courts must determine "whether the exercise of jurisdiction (1) comports with the long-arm statute of the forum . . . ; and (2) does not violate the Due Process Clause of the Fourteenth Amendment." *Virgin Health Corp. v. Virgin Enters. Ltd.*, 393 F. App'x 623, 626 (11th Cir. 2010).

Federal courts engage in a three-part burden-shifting analysis when a defendant asserts lack of personal jurisdiction. *See Diulus v. Am. Express Travel Related Servs. Co., Inc.*, 823 F. App'x 843, 848 (11th Cir. 2020). "First, the plaintiff 'bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'" *Id.* (quoting *Mazer*, 556 F.3d at 1274); *see also Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (observing that, at this first stage, courts accept the allegations in a complaint as true). "Second, if the complaint alleged sufficient facts, and 'the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting its jurisdiction.'" *Diulus*, 823 F. App'x at 848 (quoting *Mazer*, 556 F.3d at 1274). "Third, 'where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff.'" *Id.* (quoting *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010)). The Court must assess its personal jurisdiction over each defendant separately. *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006).

**III.   DISCUSSION**

Third-Party Defendant Muftic argues that the Third-Party Complaint fails to invoke this Court's personal jurisdiction over him (ECF No. 226).  He first appears to argue that the Third-Party Complaint lacks factual allegations establishing this Court's general personal jurisdiction over him, pursuant to Florida's long-arm statute and the Due Process Clause of the Fourteenth Amendment.  Second, Mr. Muftic argues that this Court cannot exercise specific personal jurisdiction over him.  To that end, Mr. Muftic asserts that the Third-Party Complaint fails to invoke Florida's long-arm statute, as Third-Party Plaintiffs do not allege that Mr. Muftic conducts business in Florida, has committed a tort in Florida, or has caused injury to persons or property in Florida.  Third, Mr. Muftic argues that the exercise of personal jurisdiction over him would not comport with the protections of the Due Process Clause of the Fourteenth Amendment, because the Third-Party Complaint lacks allegations establishing his minimum contacts with Florida.  He also asserts that the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice.

Third-Party Plaintiffs respond that, under long-standing precedent, Mr. Muftic has waived any challenge to personal jurisdiction in his instant, second Rule 12(b) motion because he failed to raise that challenge in his first Rule 12(b) motion to quash service of process, filed in February 2022 (ECF No. 229).[2]  Third-Party Plaintiffs also argue that the instant Motion is silent as to Rules 12(h) and 12(g), and does not assert that a lack-of-personal jurisdiction defense was unavailable to Mr. Muftic in February 2022 when he filed his Rule 12(b)(5) motion.  Further, Third-Party Plaintiffs contend that they have been prejudiced by Mr. Muftic's failure to timely file a responsive pleading to the Third-Party Complaint, as they have no notice of any claims or defenses Mr. Muftic

---

[2] Third-Party Plaintiffs also note that the Motion contains no arguments related to Rules 12(b)(1) and 12(b)(6), or the sufficiency of the allegations under Rule 8(a).

4

will raise at trial, the reopened discovery period has now closed, and Mr. Muftic has made no Rule 26 initial disclosures or responded to discovery requests.

In his Reply, Mr. Muftic asserts that he has acted in this litigation to preserve his objection to personal jurisdiction, having made a special appearance through special and limited counsel to contest service of process (ECF No. 232). He contends that he has, likewise, entered a special appearance through special and limited counsel to now contest personal jurisdiction in the instant Motion. Mr. Muftic replies that he entered a special appearance to move to quash service of process under the "belief that[,] were service of process found insufficient, he would still not have subjected himself to the jurisdiction of the Court and his defense of lack of personal jurisdiction would be intact." (*Id.* at 3). He claims that this is a technical waiver of personal jurisdiction that can be excused. He further appears to argue that his Rule 12(b)(5) motion to dismiss for insufficiency of service of process amounted to an objection to personal jurisdiction. Last, Mr. Muftic replies that Third-Party Plaintiffs have not been prejudiced.

Rule 12(g)(2) provides that a party "that makes a motion under [Rule 12] must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Further, Rule 12(h)(1)(A) states that a party "waives any defense listed in Rule 12(b)(2)–(5) by: (A) omitting it from a motion in the circumstances described in Rule 12(g)(2)[.]" Fed. R. Civ. P. 12(h)(1)(A). Together, these Rules require that a party objecting to the exercise of personal jurisdiction via a Rule 12(b) motion do so in the first Rule 12(b) motion they file if they have filed more than one. *See* Fed. R. Civ. P. 12(g)(2), (h)(1)(A). Further, it is well-established that "[a] party that fails to raise a defense of lack of personal jurisdiction at the appropriate time is deemed to have conferred personal jurisdiction on the court by consent." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990); *see also In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003)

5

("[O]bjections to personal jurisdiction (unlike subject matter jurisdiction) are generally waivable[.]"); *see also id.* ("[W]e have found that a party's right to dispute personal jurisdiction on insufficient service of process grounds is waived if the party fails to assert that objection in his first Rule 12 motion, other initial pleading or general appearance.").

Here, Third-Party Defendant Ted Muftic filed a Motion to Quash Service and Dismiss for Insufficient Service of Process (ECF No. 182) on February 19, 2022. The motion was made pursuant to Rule 12(b)(5), expressly to "challenge[] the validity of the out of state substitute service in this matter." (*Id.* at 3). Mr. Muftic argued only that he was not properly served with process; he did not raise any objection to the exercise of personal jurisdiction. The Court denied that motion. (ECF No. 216).

Accordingly, Mr. Muftic cannot now object to the exercise of personal jurisdiction via a successive, second Rule 12(b) motion. *See Harris Corp. v. Nat'l Iranian Radio & Television*, 691 F.2d 1344, 1353 n.18 (11th Cir. 1982) (observing that an "objection to service of process does not preserve the issue of personal jurisdiction" and that "challenges to service remain, as always, distinct from challenges to jurisdiction over the person"); *Balachander v. NCL (Bahamas) Ltd.*, 800 F. Supp. 2d 1196, 1199–200 (S.D. Fla. 2011), *abrogated on other grounds by Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225 (11th Cir. 2014) (finding that a defendant "waived the defense of personal jurisdiction by failing to raise it when he raised insufficiency of service of process as a defense"); *Frye v. Ulrich GmbH & Co. KG*, No. 3:08-CV-158-MEF, 2010 WL 1294138, at *1 (M.D. Ala. Mar. 30, 2010) ("Ulrich GmbH made a pre-answer motion under Rule 12(b)(5) challenging the sufficiency of service of process and failed to object to personal jurisdiction in that motion. Therefore, Ulrich GmbH has waived its Rule 12(b)(2) personal-jurisdiction defense.").

That Mr. Muftic has entered a special appearance through special and limited counsel is of

no moment—special appearances have long been abolished in the federal courts. *See Pouyeh v. Pub. Health Tr. of Jackson Health Sys.*, 718 F. App'x 786, 791 (11th Cir. 2017) (observing that "the Federal Rules of Civil Procedure abolished the technical distinction between general and special appearances") (citing *Hous. Auth. of City of Atlanta v. Millwood*, 472 F.2d 268, 272 (5th Cir. 1973); *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871, 874 (3d Cir. 1944)).

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Third-Party Defendant Theodore Muftic's Motion to Dismiss the Third-Party Complaint Against Him for Lack of Personal Jurisdiction and for Failure to State a Claim Upon Which Relief Can Be Granted (ECF No. 226) be **DENIED**.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Federico A. Moreno, Senior United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 9th day of September, 2022.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Federico A. Moreno
     Counsel of record