UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:19-cv-24539-FAM

HAPPY TAX FRANCHISING, LLC, *et al.*

    Plaintiffs,

v.

JAMEY HILL, *et al.*,

    Defendants.

### DEFENDANTS' OBJECTIONS TO PLAINTIFFS' TRIAL WITNESSES

Defendants Jamey Hill ("Mr. Hill") and Tricia Drago ("Ms. Drago") object to the plaintiffs' defamation claims trial witnesses [D.E. 329] as follows:

| WITNESS | TESTIMONY | OBJECTIONS |
|---|---|---|
| **Mario Costanz** | Mr. Costanz is expected to provide testimony regarding Happy Tax, the relationship between Happy Tax and Defendants, the existence of defamatory and disparaging communications made and/or published by Tricia Drago and Jamey Hill regarding Mr. Costanz and Happy Tax, as well as the falsity thereof. Testimony as to damages. | Mr. Costanz lacks direct personal knowledge of "the existence of defamatory and disparaging communications made and/or published by Tricia Drago and Jamey Hill regarding Mr. Costanz and Happy Tax, as well as the falsity thereof" such that any testimony would be inadmissible hearsay; the plaintiffs may not use Mr. Costanz to supply evidence "as to damages" at trial, as they failed to disclose, identify in any interrogatory answer, produce any documents and produce a competent witness for deposition to testify "as to damages"; Any testimony as to any "defamatory and disparaging communications" other than the six "anonymous" e-mail messages and the two verbal statements allegedly made on May 27 or 29, 2019 is irrelevant and unfairly prejudicial to the defendants. |
|  | Testimony as to defamatory statements made by Jamey Hill that Mario Costanz was "embezzling" and "stealing" from Happy Tax and that Happy Tax's "books | Mr. Wimberly lacks direct personal knowledge of each of the topics of his proposed testimony, such that his testimony would be inadmissible |

| WITNESS | TESTIMONY | OBJECTIONS |
|---|---|---|
| **Lorris "Knox" Wimberly** | were not clean."; Testimony as to defamatory statements made by Tricia Drago implicating that the company and Mr. Costanz have engaged in fraudulent behavior and that franchisees were "sold a bag of goods."; Testimony as to the effect of the defamatory statements on Happy Tax employees and franchisees about the legitimacy of the company and Costanz. Testimony as to other Happy Tax employees, including Robert Haun, Melissa Salyer and Naomi Black, reporting that they received the same defamatory statements from both Mr. Hill and Ms. Drago; Testimony as to receipt of anonymous emails containing defamatory statements concerning Happy Tax and Mr. Costanz; Testimony as to a communication titled "partner list of questions" that was circulating around Happy Tax employees, board members, franchisees and area representatives; Testimony that he did not witness any fraudulent activity or criminal acts, and he is not aware of any fraudulent or fictitious statements, or anything to suggest that the company was not operating in compliance with the law; Testimony regarding his investigation into the defamatory statements and the falsity of the defamatory statements. | hearsay; Any testimony as to any "defamatory and disparaging communications" other than the six "anonymous" e-mail messages and the two verbal statements allegedly made on May 27 or 29, 2019 is irrelevant and unfairly prejudicial to the defendants; the plaintiffs did not disclose each of the topics of Mr. Wimberly's proposed testimony to the defendants at any time during the history of this case or within the original and re-opened discovery periods, such that the plaintiffs may not use Mr. Wimberly to supply evidence at trial. |
| **Christopher Trempe** | Testimony as to false statements made by Tricia Drago that Mario Costanz is a "criminal," "a fraud," and "dishonest" and also statements implying same. Testimony regarding internal communications among Happy Tax employees and communications with Happy Tax franchisees concerning defamatory statements made by Ms. Drago and the effect that it had on Happy Tax. | Mr. Trempe lacks direct personal knowledge of each of the topics of his proposed testimony, such that his testimony would be inadmissible hearsay; Any testimony as to any "defamatory and disparaging communications" other than the six "anonymous" e-mail messages and the two verbal statements allegedly made on May 27 or 29, 2019 is irrelevant and unfairly prejudicial to the defendants; the plaintiffs did not disclose each of the topics of Mr. Trempe's proposed testimony to the defendants during the discovery periods (or any other time) at any time during the history of this case |

| WITNESS | TESTIMONY | OBJECTIONS |
|---|---|---|
| | | or, such that the plaintiffs may not use Mr. Trempe to supply evidence at trial. |
| **Monica Poirier** | Testimony as to false statements made by Tricia Drago that Mario Costanz was a "criminal" and the Happy Tax franchise disclosure document was a "fraudulent" and statements implying criminal or illegal behavior on the part of Mr. Costanz and Happy Tax. Testimony as to false statements made by Tricia Drago that Happy Tax was not processing tax returns in 2019. Testimony as to statements made by Ms. Drago that imply "fraud" and "criminal" behavior to her directly as well as on conference calls with other franchisees. Testimony regarding Ms. Drago's motives for making false statements.; Testimony as to false statements made by Jamey Hill that Happy Tax's "financials were fraudulent" and the Franchise Disclosure Document was "fraudulent." Was also told by Mr. Hill that there are $2.8 million dollars unaccounted for and implying embezzlement and misappropriation of Happy Tax assets on the part of Mario Costanz.; While acting as CEO of Happy Tax, was told by the employee in charge of selling franchises that she was not going to continue selling franchises and resigned because Tricia Drago told her that Mario Costanz was a "criminal" and the Happy Tax franchise disclosure document was fraudulent. Testimony regarding anonymous emails containing defamatory statements including "criminal" and "fraud" accusations directed to Mr. Costanz and Happy Tax. Testimony regarding internal communications among Happy Tax employees and communications with Happy Tax franchisees concerning defamatory statements made by Ms. Drago that "Mario was a criminal and the Franchise Disclosure Document was fraudulent" and the effect that it had on Happy Tax.; | Ms. Poirier lacks direct personal knowledge of each of the topics of her proposed testimony, such that her testimony would be inadmissible hearsay; Any testimony as to any "defamatory and disparaging communications" other than the six "anonymous" e-mail messages and the two verbal statements allegedly made on May 27 or 29, 2019 is irrelevant and unfairly prejudicial to the defendants; the plaintiffs did not disclose each of the topics of Ms. Poirier's proposed testimony to the defendants at any time during the discovery periods (or any other time), such that the plaintiffs may not use Ms. Poirier to supply evidence at trial. |

3

| WITNESS | TESTIMONY | OBJECTIONS |
|---|---|---|
|  | Testimony regarding her investigation into the defamatory statements and the falsity of the defamatory statements. Testimony regarding the valuation of Happy Tax in 2019. |  |
| **Marcus B. Hodge** | Mr. Hodge is a certified fraud examiner and CPA that will provide expert testimony to establish falsity of statements regarding financial fraud. | Mr. Hodge's proposed testimony is not relevant to the plaintiffs' defamation claims or the defendants' defenses to those claims; the plaintiffs failed to timely identify and competently disclose Mr. Hodge as an expert witness. Further, the plaintiffs failed to disclose, identify in any interrogatory answer, produce in response to a request for production or produce competent witness to testify as the facts, documents and information Mr. Hodge considered and relied on in forming and expressing his opinions; Mr. Hodge is not qualified to give a legal opinion, his opinions are not helpful to any trier of fact, his opinions are not based on sufficient data, his opinions are not the product of reliable principles and methods, and no such principles and methods were applied to the actual facts. |
| **Markley S. Roderick** | Mr. Roderick is a securities law attorney that will provide expert testimony to establish falsity of statements regarding securities fraud. | Mr. Roderick's proposed testimony is not relevant to the plaintiffs' defamation claims or the defendants' defenses to those claims; the plaintiffs failed to timely identify and competently disclose Mr. Roderick as an expert witness. Further, the plaintiffs failed to disclose, identify in any interrogatory answer, produce in response to a request for production or produce competent witness to testify as the facts, documents and information Mr. Roderick considered and relied on in forming and expressing his opinions; Mr. Roderick is not qualified to give a legal opinion, his opinions are not helpful to any trier of fact, his opinions are not based on sufficient data, his opinions are not the product of reliable principles and methods, and no such principles and methods were applied to the actual facts. |

| WITNESS | TESTIMONY | OBJECTIONS |
|---|---|---|
| **Michael Garner** | Mr. Garner is a franchise law attorney that will provide expert testimony to establish falsity of statements regarding franchise disclosure fraud. | Mr. Garner's proposed testimony is not relevant to the plaintiffs' defamation claims or the defendants' defenses to those claims; the plaintiffs failed to timely identify and competently disclose Mr. Garner as an expert witness. Further, the plaintiffs failed to disclose, identify in any interrogatory answer, produce in response to a request for production or produce competent witness to testify as the facts, documents and information Mr. Garner considered and relied on in forming and expressing his opinions; Mr. Garner is not qualified to give a legal opinion, his opinions are not helpful to any trier of fact, his opinions are not based on sufficient data, his opinions are not the product of reliable principles and methods, and no such principles and methods were applied to the actual facts. |
| **Amanda Crosby** | Ms. Crosby is a forensic linguist that will provide expert testimony as to linguistic analysis performed of anonymous emails to determine that Tricia Drago was likely author. | The plaintiffs failed to timely identify and competently disclose Ms. Crosby as an expert witness. Further, the plaintiffs failed to disclose, identify in any interrogatory answer, produce in response to a request for production or produce competent witness to testify as the facts, documents and information Ms. Crosby considered and relied on in forming and expressing her opinions. Ms. Crosby is not is not qualified to give an expert opinion, her opinions are not helpful to any trier of fact, her opinions are not based on sufficient data, her opinions are not the product of reliable principles and methods, and no such principles and methods were applied to the actual facts. |
| **Joshua Acosta** | Mr. Acosta is a computation linguist that will provide expert testimony as to stylometric analysis performed of anonymous emails to determine that Tricia Drago was likely author. | The plaintiffs failed to timely identify and competently disclose Mr. Acosta as an expert witness. Further, the plaintiffs failed to disclose, identify in any interrogatory answer, produce in response to a request for production or produce competent witness to testify as |

| WITNESS | TESTIMONY | OBJECTIONS |
|---|---|---|
| | | the facts, documents and information Mr. Acosta considered and relied on in forming and expressing his opinions. Mr. Acosta is not qualified to give a legal opinion, his opinions are not helpful to any trier of fact, his opinions are not based on sufficient data, his opinions are not the product of reliable principles and methods, and no such principles and methods were applied to the actual facts. |

/s/ Lonnie L. Simpson
Lonnie L. Simpson, Esq., FBN 821871
lsimpson@shutts.com
**SHUTTS & BOWEN LLP**
4301 W. Boy Scout Blvd., Suite 300
Tampa, Florida 33607
Telephone: (813) 229-8900
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on December 27, 2022, I electronically filed the foregoing Defendants' Objections to Plaintiffs' Trial Witness with the Clerk of the Court via CM/ECF which will send an electronic notice to counsel of record.

/s/ Lonnie L. Simpson
ATTORNEY